# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PIPELINE PRODUCTIONS, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-4890-KHV-KGS** |
| **HORSEPOWER ENTERTAINMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On April 15, 2015, Horsepower Entertainment, LLC and The Madison Companies, LLC (collectively, "Horsepower") filed suit in Delaware Chancery Court against Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., Brett Mosiman and Nathan Prenger (collectively, "Pipeline"). Horsepower asserted breach of contract and sought a declaratory judgment under a Letter Of Intent regarding production of a musical festival in Arkansas. On May 14, 2015, Pipeline removed the case to the United States District Court for the District of Delaware. See Madison Cos. v. Backwood Enters., Case No. 15-cv-388-RGA (D. Del.).

One week later, on May 21, 2015, Pipeline sued Horsepower in this Court for breach of contract, breach of fiduciary duty and declaratory judgment. On December 4, 2015, the District of Delaware court granted Pipeline's motion to dismiss for lack of personal jurisdiction. The Court adopted Pipeline's argument that a forum selection clause in the Letter Of Intent did not apply to Horsepower's claims and that the Court had no jurisdiction over the parties or the case. On December 30, 2015, Horsepower filed a notice of appeal to the Third Circuit.

This matter comes before the Court on Defendants' Motion To Stay Current Proceedings Pending Appeal Of The First-Filed Delaware Action (Doc. #16) filed February 5, 2016. For reasons

set forth below, the Court finds that the motion should be overruled.

## **Legal Standards**

The power to stay proceedings is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The Court has discretion whether to grant a stay.  See Clinton v. Jones, 520 U.S. 681, 706-06 (1997) (district court has broad discretion to stay proceedings as incident to power to control docket); Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963).  In exercising its judgment, the Court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 255.  The party requesting a stay "must make out a clear case of hardship or inequity, in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."  Id.; see also Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) (right to proceed in court should not be denied except under "most extreme circumstances").

## **Analysis**

Horsepower asks this Court to stay proceedings pending the Third Circuit ruling, arguing that if this Court proceeds it will "effectively extinguish [Horsepower's] rights" and "result in duplicative or piecemeal litigation."  Memorandum In Support Of Defendants' Motion To Stay Current Proceeding Pending Appeal Of The First-Filed Delaware Action (Doc. #17) at 2.  The Court disagrees.

Horsepower has not shown that it will suffer irreparable harm without a stay.  The Court notes that the appeal does not affect the claims or defenses of the parties; it only raises the issue of

jurisdiction.[1] Thus, if the Third Circuit reverses the decision of the Delaware District Court, the litigation will proceed in that court and this Court can determine whether to dismiss, transfer or stay these proceedings. Further, if a stay is denied, discovery in this case can proceed and any discovery will simply go with the case if this Court transfers it to Delaware. Whether the case is resolved here or in Delaware, discovery must be completed and now is the time to do that. Horsepower gives no persuasive reasons for delay in that regard.

Pipeline, on the other hand, points to evidence that a delay will prejudice it. Specifically, Pipeline points to affidavit evidence that any delay caused by a stay will have a significant financial impact on it. For these reasons and for substantially the reasons set forth in the Objection And Response Of Plaintiffs To Defendants' Motion To Stay (Doc. #18) filed February 19, 2016, the Court finds that the motion to stay should be overruled.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Stay Current Proceedings Pending Appeal Of The First-Filed Delaware Action (Doc. #16) filed February 5, 2016 be and hereby is **OVERRULED**.

Dated this 13th day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] The appeal to the Third Circuit challenges the finding of the District Court of Delaware that a forum selection clause did not apply. As Pipeline notes, the judgment of the District Court of Delaware is a final decision and Horsepower has not filed a motion to stay that judgment pending review by the Third Circuit.