## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PIPELINE PRODUCTIONS, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 15-4890-KHV-KGS** |
| **HORSEPOWER ENTERTAINMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER TO SHOW CAUSE

On May 21, 2015, Pipeline Productions, Inc. and Backwood Enterprises, LLC (collectively, "Pipeline") filed this lawsuit against Horsepower Entertainment and The Madison Companies, LLC (collectively, "Horsepower").[1] Plaintiffs assert state law claims for breach of contract and breach of fiduciary duty regarding a joint venture to produce music festivals. Defendants contend that they did not enter a joint venture but merely loaned plaintiffs $270,000 to fund a music festival in Arkansas. This matter comes before the Court on Defendants' Motion To Dismiss Plaintiffs' Complaint Or Alternatively Transfer To The District Of Delaware (Doc. #6) filed June 27, 2015.

### Procedural History

On April 15, 2015, Horsepower filed suit against Pipeline, Brett Mosiman and Nathan Prenger in Delaware Chancery Court. Horsepower asserted breach of contract and sought a declaratory judgment under a Letter Of Intent regarding production of a proposed musical festival in Arkansas. On May 14, 2015, Pipeline removed the case to the United States District Court for the District of Delaware. See Madison Cos. v. Backwood Enters., Case No. 15-cv-388-RGA (D. Del.). One week later, on May 21, 2015, Pipeline sued Horsepower in this Court.

---

[1] Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332.

On December 4, 2015, the District of Delaware court granted Pipeline's motion to dismiss for lack of personal jurisdiction.  In doing so, it adopted Pipeline's argument that a forum selection clause in the Letter Of Intent did not apply to Horsepower's claims and that the court had no jurisdiction over the parties or the case.  See Transcript of Hearing (Doc. #25) filed February 8, 2016 in Case No. 15-cv-388-RGA (D. Del.).  On December 30, 2015, Horsepower filed a notice of appeal to the United States Court of Appeals for the Third Circuit.

On February 5, 2016, Horsepower filed a motion to stay this case pending the Third Circuit decision in the appeal of the Delaware case.  See Doc. #16.  On April 13, 2016, this Court overruled the motion to stay.  See Memorandum And Order (Doc. #20).  On April 20, 2016, based on the parties' agreement, the Third Circuit dismissed the appeal of the Delaware case.  See Madison Co. LLC v. Backwoods Enters., No. 15-4096, Doc. #30112269331, at 1 (3d Cir. 2016).

## Discussion

Horsepower asserts that the Court should dismiss the complaint here because a mandatory forum selection clause in the Letter Of Intent designates the District of Delaware or Delaware state courts as the exclusive venue for this litigation.  Alternatively, Horsepower asserts that the Court should enforce the forum selection clause by transferring the action to the District of Delaware under 28 U.S.C. § 1404(a).  Finally, Horsepower asserts that under the "first-to-file rule," the Court should transfer the case to Delaware.

As noted, the District of Delaware court found that the forum selection clause in the Letter Of Intent did not apply to Horsepower's claims against Pipeline in that case.  It more broadly stated that the forum selection clause does not apply to the issue whether a $270,000 transaction was a loan or an investment as part of a joint venture.  See Transcript (Doc. #25 in D. Del. No. 15-388-RGA)

at 69-72. Horsepower appealed that decision, but the Third Circuit dismissed the appeal pursuant to the parties' agreement. The parties have not addressed the effect of the Delaware litigation on the case before this Court.

**IT IS THEREFORE ORDERED that on or before October 19, 2016, plaintiffs shall file a memorandum which addresses whether or to what extent the District of Delaware decision that the Letter Of Intent does not apply to the controversy controls the issue whether its forum selection clause applies to the disputes at issue in this case. If any party claims that the Delaware ruling has binding force in this case, the party shall undertake the relevant choice of law analysis and explain the legal basis for any argument concerning res judicata, issue preclusion and judicial estoppel. On or before October 26, 2016, defendants shall file a response.**

Dated this 12th day of October, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge