**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 15-4890-KHV** |
| HORSEPOWER ENTERTAINMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 21, 2015, Pipeline Productions, Inc. and Backwood Enterprises, LLC brought suit against Horsepower Entertainment and The Madison Companies, LLC.  Plaintiffs assert state law claims for breach of contract and breach of fiduciary duty related to a joint venture to produce music festivals.[1]  On February 22, 2017, the Court overruled defendants' motion to dismiss or to transfer to the District of Delaware.  See Memorandum And Order (Doc. #37).  This matter comes before the Court on Defendants' Motion For Reconsideration (Doc. #46) filed April 5, 2017.  For reasons set forth briefly below, and for substantially the reasons set forth in Plaintiffs' Response In Opposition To Defendants' Motion For Reconsideration Or Order Denying Dismissal Or Transfer (Doc. #48) filed April 19, 2017, the Court finds that defendants' motion should be overruled.

**Legal Standards**

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders. D. Kan. Rule 7.3; see Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Ins., 748 F. Supp. 1261, 1264 (D. Kan. 2010).  Under Rule 7.3(b), a motion seeking reconsideration generally must be based on

---

[1]     Plaintiffs assert diversity jurisdiction under 28 U.S.C. § 1332.

an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice. A motion to reconsider is available when the Court has misapprehended the facts, a party's position or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. See, e.g., Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Whether to grant a motion to reconsider is committed to the district court's discretion. In re Motor Fuel Temp. Sales Practices Litig., 707 F. Supp.2d 1145, 1166 (D. Kan. 2010).

**Discussion**[2]

Defendants ask the Court to reconsider the order denying their motion to dismiss or transfer. Defendants assert that the Court committed clear error by misapprehending the facts. Specifically, defendants contend that the Court erroneously relied on a "non-existent quote" from the Delaware court when the Court stated as follows:

> In its ruling from the bench, the Delaware court explicitly stated that the forum selection clause did not apply to "the issue whether a $270,000 transaction was a loan or an investment in a joint venture."

Memorandum And Order (Doc. #37) at 16; see Defendants' Motion (Doc. #46) at 3. In fact, the Court was quoting from its own earlier Memorandum And Order To Show Cause, which characterized the ruling from the Delaware court, as follows:

> As noted, the District of Delaware court found that the forum selection clause in the Letter Of Intent did not apply to Horsepower's claims against Pipeline in that case. It more broadly stated that the forum selection clause does not apply to the issue whether a $270,000 transaction was a loan or an investment as part of a joint venture. See Transcript (Doc. #25 in D. Del. No. 15-388-RGA) at 69-72. Horsepower appealed that decision, but the Third Circuit dismissed the appeal pursuant to the

---

[2]     The Court set forth the factual and procedural background of this case in the Memorandum And Order (Doc. #37) and incorporates it by reference.

parties' agreement. The parties have not addressed the effect of the Delaware litigation on the case before this Court.

Memorandum And Order To Show Cause (Doc. #21) filed October 12, 2016, at 3 (citing Transcript (Doc. #25) in D. Del. No. 15-388-RGA at 69-72).

This Court has again reviewed the transcript from the Delaware court and finds that the quote accurately characterizes the ruling of the Delaware court. Further, to the extent that defendants' motion rehashes arguments the Court has already rejected, the Court declines to revisit those issues. See Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F.Supp.2d 1130, 1132 (D. Kan. 2005).

**IT IS THEREFORE ORDERED** that Defendants' Motion For Reconsideration (Doc. #46) filed April 5, 2017 is **OVERRULED.**

Dated this 27th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
