IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
and BACKWOOD ENTERPRISES, LLC, )
  )
      Plaintiffs, )
  )
v. ) Case No. 15-4890-KHV
  )
THE MADISON COMPANIES, LLC, )
and HORSEPOWER ENTERTAINMENT, )
LLC, )
  )
  )
      Defendants. )

## ORDER

This matter comes before the court upon plaintiffs' (1) Motion for Leave to File Amended Complaint, and (2) Motion for Extension of Time to Respond to Defendants' Counterclaims and Third-Party Complaint (ECF No. 52). For the following reasons, these motions are granted.

### I.

This case was filed by plaintiffs on May 21, 2015. On July 27, 2015, defendants filed a motion to dismiss for failure to state a claim or to transfer. On December 13, 2016, the court set a Scheduling Conference for February 15, 2017. On February 3, 2017, plaintiffs' counsel sought to withdraw. On February 7, 2017, the court temporarily suspended the deadlines for the exchange of Fed. R. Civ. P. 26(a)(1) disclosures and the submission of a planning report until a decision was reached on the motion to withdraw. On February 22, 2017, Judge Vratil denied defendants' motion to dismiss or to transfer. On March 2, 2107, the court granted plaintiffs' counsel's motion to withdraw and allowed plaintiffs until April 3, 2017 to find new counsel. On April 4, 2017, new counsel entered an appearance for plaintiffs. Defendants sought

reconsideration of Judge Vratil's order on April 5, 2017. On April 27, 2017, Judge Vratil denied defendants' motion for reconsideration. On April 27, 2017, the court allowed plaintiffs until May 8, 2017 to respond to defendants' counterclaims and third-party complaint and/or to file a motion for leave to amend their complaint. Plaintiffs filed the instant motions on May 8, 2017.

II.

In their motion to amend, plaintiffs seek to update the facts of the case, including additional factual allegations and damages allegations. Plaintiffs also seek to add parties and additional claims for fraud and tortious interference. Plaintiffs also seek additional time to respond to defendants' counterclaims and third-party complaint.

In response, defendants contend that plaintiffs' motion to amend should be denied because of undue delay. Defendants suggest that plaintiffs have been aware of all of the matters set forth in the proposed amended complaint and they should not have waited almost two years to add these allegations.

In reply, plaintiffs argue that defendants have not shown that it would be prejudiced by their requests for amendment. Plaintiffs note that no discovery has occurred, no scheduling conference has taken place, and no deadline to amend the pleadings has been set.

III.

When leave of the court is required under Fed. R. Civ. P. 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[1] "The court should freely give leave when justice so requires."[2] Defendants rely

---

[1] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[2] Fed. R. Civ. P. 15(a)(2).

2

only on undue delay as a basis to deny the motion to amend.

When considering whether a party has unduly delayed, the Tenth Circuit has directed that the court should focus primarily on the reasons for the delay.[3] For example, if the movant was or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[4] Moreover, the longer the delay, the more likely the court will deny the motion.[5] Undue delay alone is a sufficient reason to deny leave to amend.[6]

IV.

In considering all of the circumstances of this case, the court does not find that plaintiffs' delay has been undue. The court is concerned by the length of the delay. However, the procedural history of this case shows that most of the delay that occurred was the result of the motion to dismiss or to transfer filed by defendants. Additional delay was also caused by plaintiffs when their counsel withdrew and it took two months for new counsel to enter an appearance. These matters led the court to delay scheduling certain matters in the case. The court is not persuaded that plaintiffs could have acted much quicker in light of these developments. In addition, the court certainly fails to find any prejudice to defendants in allowing this amendment. The court shall grant plaintiffs' motion to amend. Plaintiffs shall file their amended complaint within ten days of the date of this order. Defendants shall have twenty-one (21) days after the filing of the amended complaint to file its answer. Plaintiffs shall have

---

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[4] *Id.*

[5] *Id.* at 1205.

[6] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay[.]").

twenty-one (21) days to respond to defendants' answer if it contains counterclaims.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 52) is granted. Plaintiffs shall file their amended complaint (ECF No. 52-1) within ten (10) days of date of this order.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Extension of Time to Respond to Defendants' Counterclaims and Third-Party Complaint (ECF No. 52) is granted. Plaintiffs shall have twenty-one (21) days to respond to defendants' answer if it contains counterclaims.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge