**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIPELINE PRODUCTIONS, INC.,      )
and BACKWOOD ENTERPRISES, LLC,   )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )          Case No. 15-4890-KHV
                                 )
THE MADISON COMPANIES, LLC,      )
and HORSEPOWER ENTERTAINMENT,    )
LLC,                             )
                                 )
                                 )
          Defendants.            )

## ORDER

This matter comes before the court upon plaintiffs' Motion to Compel Defendant to Participate in Rule 26(f) Conference or, Alternatively, for Order Permitting Plaintiffs to Seek Discovery (ECF No. 57). For the following reasons, this motion is denied.

I.

Plaintiffs seek an order compelling defendants to participate in a Rule 26(f) conference. Plaintiffs suggest that defendants have "delayed this litigation every step of the way." They contend that defendants' refusal to participate in a Rule 26(f) conference is a "deliberate attempt to further delay litigation." Plaintiffs note that defendants have indicated that they will participate once all of the claims and defenses are at issue. Plaintiffs argue that this is not the standard for a Rule 26(f) conference. In the alternative, plaintiffs request that they be allowed to pursue discovery.

Defendants argue that much of the delay in this litigation has been caused by plaintiffs. Defendants note the parties were prepared to participate in Rule 26(f) conference scheduled by the court, but the conference was continued when plaintiffs' counsel unexpectedly sought to

withdraw.  They further indicate that additional delay was caused when plaintiffs sought to amend their complaint.    They state they have been ready to proceed to a Rule 26(f) conference, and continue ready to proceed, when all of the claims and defenses are at issue and all parties are joined.

II.

On May 21, 2015, plaintiffs filed this action.  Defendants filed a motion to dismiss on July 27, 2015.  On December 13, 2016, the court set a Scheduling Conference for February 15, 2017.  On February 3, 2017, plaintiffs' counsel sought to withdraw. The court continued the Scheduling Conference pending a ruling on the motion to withdraw.  On February 22, 2017, the court denied defendants' motion to dismiss.  Thereafter, the court granted plaintiffs' counsel's motion to withdraw and ordered new counsel to enter an appearance by April 3, 2017.  New counsel for plaintiffs entered an appearance on April 4, 2017.  Defendants filed an answer with a counterclaim and a third-party complaint on April 5, 2017.   Defendants also filed a motion for reconsideration of the order on their motion to dismiss on that date.  The motion for reconsideration was denied on April 27, 2017.  On May 8, 2017, plaintiffs filed a motion to amend their complaint.   This motion was granted on June 7, 2017.  Plaintiffs filed their amended complaint on June 19, 2017.   Plaintiffs filed the instant motion on June 21, 2017.  On July 10, 2017, defendants filed another motion to dismiss, this one directed at the amended complaint.

III.

A Rule 26(f) conference is to be held "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."[1] The court is not persuaded that setting a Scheduling Conference here is practicable. Where, as in this case, the operative complaint is challenged by a motion to dismiss, delaying

---

[1]  Fed. R. Civ. P. 26(f)(1).

discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources. The court shall wait until the pending motion to dismiss is decided before setting a Scheduling Conference.

Plaintiffs also request, in the alternative, that they be allowed to seek discovery. Federal Rules of Civil Procedure provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[2] The moratorium on commencing formal discovery imposed by Rule 26(d) may be removed by court order. The burden is on plaintiffs to show a need for pre-Rule 26(f) discovery. One prominent commentator has opined that "it is implicit that some showing of good cause should be made to justify such an order."[3] The court is not persuaded that plaintiffs have shown good cause. The pending motion to dismiss raises significant issues, and their resolution will likely define the scope of discovery. A stay of discovery pending the determination of a motion to dismiss prevents the wasting of time and effort by the parties, and makes for the most efficient use of judicial resources. Thus, the court shall also deny plaintiffs' motion to permit them to seek discovery.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Defendant to Participate in Rule 26(f) Conference or, Alternatively, for Order Permitting Plaintiffs to Seek Discovery (ECF No. 57) is denied.

---

[2]  Fed. R. Civ. P. 26(d).
[3]   8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010).

**IT IS SO ORDERED.**

Dated this 24th day of July, 2017, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge