**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIPELINE PRODUCTIONS, INC., and BACKWOOD ENTERPRISES, LLC,

Plaintiffs,

v.

THE MADISON COMPANIES, LLC, and HORSEPOWER ENTERTAINMENT, LLC,

Defendants.

Case No. 15-4890-KHV

**ORDER**

This matter comes before the court upon defendants' Motion for Protective Order (ECF No. 89) and plaintiffs' Motion for Protective Order (ECF No. 90). For the following reasons, these motions are granted in part and denied in part.

I.

This action arises from a failed music concert, the Thunder on the Mountain music festival. Plaintiffs allege that they entered into a joint venture with the defendants for the purpose of owning and producing the music festival. Plaintiffs contend that defendants reneged on the agreement, and the festival had to be cancelled. Following the filing of this action, the parties sought to produce a mutually-agreeable protective order. Without success, they have turned to the court to resolve their dispute.

The dispute arises primarily over several provisions. Defendants contend that the following provisions should be contained in the protective order: (1) presumptively deeming all deposition testimony confidential; (2) awarding attorneys' fees to the prevailing party in any proceeding relating to the enforcement of the protective order; and (3) waiving a jury trial in any

action arising out of the enforcement of the protective order. Plaintiffs dispute the need for those provisions and also suggest that the following provisions should be deleted from the protective order proposed by defendants: (1) a broad definition of "confidential information;" (2) requirement that all parties produce signed acknowledgement forms; (3) requirement that improper designations be challenged within ten days of receipt of the documents; and (4) parties' obligation that all matters concerning the protective order continue "in perpetuity." Plaintiffs also request that a provision providing that all confidential information used in this action be used in related litigation. Finally, defendants have suggested that the court should include a provision concerning the inadvertent disclosure of confidential information covered by attorney-client privilege or work product.

II.

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."[1] The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.[2] Federal Rule of Civil Procedure 26(c) provides that the court, upon a showing of good cause, "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."[3] The party seeking a protective order has the burden to show good cause for it.[4] To establish good cause, that party must submit "a particular and specific

---

1 *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

2 *Id*.

3 Fed.R.Civ.P. 26(c)(1)(G).

4 *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D.Kan.1996).

demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

A special type of protective order, one that limits the disclosure, use, and dissemination of the parties' confidential information, also requires a showing of good cause under Rule 26(c). For these types of protective orders, the party or parties seeking the protective order must provide a "concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed.R.Civ.P. 26(c)."[6]

III.

The court begins with the provision sought by defendants that all deposition testimony should be presumed confidential. The court is not persuaded that defendants have shown good cause for the inclusion of this provision. Defendants suggest that it "would be far more tedious to separately designate each page and line of deposition testimony and likely result in more disputes between the parties." A blanket confidentiality provision is contrary to the court's guidelines that protective orders be narrowly tailored. The following provision as contained in the plaintiffs' proposed protective order shall be included:

> Deposition testimony will be deemed confidential only if designated as such when the deposition is taken within a reasonable time period after receipt of the transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

The court next considers defendants' contention that a provision should be included providing for attorneys' fees to the prevailing party in any proceeding relating to the enforcement of the protective order. Defendants contend this provision would (1) encourage the parties to take reasonable positions regarding the designation of confidential information; (2)

---

[5] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[6] Scheduling Order at 7-8, ¶ 2(j), ECF No. 88.

disincentivize the parties from using enforcement of protective order provisions; and (3) encourage the parties to meet and confer before taking action to enforce the protective order. The court fails to find good cause for the inclusion of this provision. While such fees may be awarded, the payment of fees and expenses is controlled by Fed.R.Civ.P. 37(a)(5).[7] The Federal Rules of Civil Procedure and the local rules already address the reasons for the inclusion of this provision noted by the defendants.

The court next considers defendants' argument that a jury waiver should be included in the protective order. The court is not prepared to require a party to waive any right to a jury trial. The parties could agree to such a term, but the court will not command it. Accordingly, the three provisions sought by the defendants shall be excluded.

The court shall also adopt plaintiffs' arguments concerning several provisions sought by defendants. The defendants have failed to show good cause for the inclusion of any of these provisions. With the exception of the confidentiality provision, defendants have not addressed the need for these provisions. The court finds that defendants' confidentiality provision is too broad. As pointed out by plaintiffs, there is a substantial risk that defendants' definition of confidential information will allow them to over-designate documents and information as confidential. The goal of the protective order is to narrowly tailor the scope of information and documents designated as confidential. The definition of confidential information set forth in plaintiffs' proposed protective order is appropriate.

The court agrees with the provisions requested by plaintiffs concerning the use of confidential information in other related litigation. These provisions are appropriate.

Defendants have noted that plaintiffs have deleted the provision concerning the inadvertent failure to designate material pursuant to Fed.R.Evid. 502(d). Plaintiffs have failed to

[7] Fed.R.Civ.P. 26(c)(3)

show cause good cause for the deletion of this provision. Accordingly, the court will add it to the court's Protective Order.

Thus, the court grants in part and denies in part the motions filed by the parties. The court shall enter a Protective Order that reflects the decisions contained in this order.

**IT IS THEREFORE ORDERED** that defendants' Motion for Protective (ECF No. 89) be granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Protective Order (ECF No. 90) be granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge