IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC., and <br> BRETT MOSIMAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE MADISON COMPANIES, LLC, <br> and HORSEPOWER ENTERTAINMENT, <br> LLC, <br><br> Defendants. | Case No. 15-4890-KHV |

**PROTECTIVE ORDER**

Plaintiffs/Counterclaim Defendants Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., and Brett Mosiman (collectively "Pipeline") and Defendants/Counterclaim Plaintiffs The Madison Companies, LLC and Horsepower Entertainment, LLC (collectively "Horsepower") (individually, a "party," and collectively, "the parties") agree that during the course of discovery it may be necessary to disclose, disseminate, and/or use confidential information. The Court agrees that certain information should be treated as confidential, protected from disclosure outside this action and/or related litigation between the parties, and/or used only to the extent necessary for purposes of preparing for, prosecuting, and/or defending this action, related litigation, and/or any appeals. After reviewing and considering the parties' proposed protective orders and briefing, the Court enters this Protective Order to limit the disclosure, dissemination, and/or use of Confidential Information.

Confidential Information is necessary because the parties anticipate disclosure of proprietary, sensitive, confidential business information, and/or trade secrets they do not want to

share outside this action and/or related litigation between the parties as more fully defined below.

For good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order:

**1. Scope.** All documents and materials produced in the course of discovery of this case, including without limitation, initial disclosures, documents and/or communications produced, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony and exhibits, and/or other information disclosed pursuant to disclosure or discovery duties (regardless of how it is generated, stored, or maintained), and information derived directly therefrom are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2. Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation and/or the parties' related litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information, materials, and/or documents:

**(a)** research, development, or sensitive commercial information including sales, profits, and profit margins;

**(b)** sensitive corporate strategy;

**(c)** pricing or cost data, sales, and/or profits data;

**(d)** competitively sensitive information, including information regarding currently pending competitive projects being pursued by a party which have not been subject to any disclosure beyond that party and which is maintained in secrecy;

**(e)** personnel files;

**(f)** private personal information concerning any party and non-party such as tax returns and social security numbers;

**(g)** information containing any party's trade secret information;

**(h)** any party's proprietary business information;

**(i)** information relating to any party's pending confidential, internal investigations;

**(j)** information relating to any party's confidential and proprietary business and operational strategies and plans, economic and market analyses, financial projections, non-public financial statements, valuations, appraisals, and cost information.

Information or documents that are available to the public may not be designated as Confidential Information.

**3. Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent

and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate.** Pursuant to Fed. R. Evid. 502(d), a party's disclosure or production of any documents or information in this litigation and/or the parties' related litigation shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law. The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information in litigation between the parties. Specifically, there has been no waiver if a party discloses privileged or protected information inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error. Such inadvertently produced documents or information shall be considered Confidential Information under this Protective Order. Anyone receiving any such privileged or protected documents or information shall return them to the producing party, upon request, within three (3) business days of receiving such request, delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection other than to challenge their designation using the same procedure as specified in Paragraph 8.

**5. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of preparing for, prosecuting, and/or defending this action, the parties' related litigation, and/or any appeals.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including their employees, agents, and representatives;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of a jury;

(4) Court reporters, stenographic recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the court or agreed upon by the parties;

(6) Any expert witness, outside consultants, investigators, appraisers, accountants, and/or representatives retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon written consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons who have reviewed or been given access to the documents along with forms signed by those persons acknowledging their obligations under this Order.

**7. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and

unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information, protected by the attorney-client privilege, and or subject to the attorney work-product doctrine is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must notify the producing party within a reasonable amount of time after receipt of the material that the receiving party does not concur in the designation of a document or other material and thereafter meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a designation may, within ten (10) business days after the parties have met and conferred, file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. If no such motion is timely filed, such documents or materials so designated shall continue to be treated as Confidential Information or protected by the attorney-client privilege or work product doctrine. If such motion is filed, the burden of proving the necessity of a designation remains with the party asserting it. Until the court rules on the challenge, all parties must continue to treat the materials as designated under the terms of this Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter

make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Return of Confidential Documents.** Within 60 days after this litigation and/or the parties' related litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document or destroyed in lieu of return unless the document has been offered into evidence or filed without restriction as to disclosure. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals that such physical objects and documents have been destroyed to the best of its knowledge.

**(c) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

Counsel also may retain a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

**11. Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14. Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**16. Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in

this case and/or the parties' related litigation by third parties, if timely requested by the third party.

**17. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product

protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or work product at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within ten (10) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated:  February 22, 2018

s/ K. Gary Sebelius
U.S. Magistrate Judge

## ATTACHMENT "A"

## Acknowledgment of Stipulated Protective Order

## Concerning the Production and Exchange of Confidential Information

I, the undersigned, hereby acknowledge:

1. My present employer is _____ .

2. My present occupation or job description is_____ .

3. I have received a copy of the Stipulated Protective Order Concerning the Production and Exchange of Confidential Information ("Protective Order") entered in *Pipeline Productions, Inc. et al. v. The Madison Companies, LLC*, Case No. 5:15-cv-04890-KHV-KGS, United States District Court for the District of Kansas (the "Action").

4. I have carefully read and understand the provisions of the Protective Order, and I agree I will comply with, and be bound by, the provisions of the Protective Order.

5. I will hold in confidence, will not disclose to anyone not qualified to receive such information under the terms and conditions cited in the Protective Order, and will use only for purposes of advancing or defending a party's claims or defenses in the Action any Confidential Information that is disclosed to me, and not other purposes (whether litigation, commercial, or otherwise) whatsoever.

6. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

7. I hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcement of the Protective Order.

_____
Full Name and Title

_____  _____
Signature                        Date