IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC.; ) <br> BACKWOOD ENTERPRISES, LLC; ) <br> OK PRODUCTIONS, INC.; and ) <br> BRETT MOSIMAN, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> THE MADISON COMPANIES, LLC, ) <br> and HORSEPOWER ENTERTAINMENT, ) <br> LLC, ) <br>  ) <br>  ) <br> Defendants. ) | Case No. 15-4890-KHV |

## **ORDER**

This matter comes before the court upon plaintiffs' Motion to Modify Deadline to Amend Pleadings (ECF No. 105). Plaintiffs seek to extend the deadline for motions to amend from March 1, 2018 to April 15, 2018. For the following reasons, this motion is granted.

On January 9, 2018, the court entered a Scheduling Order, which provided that motions to amend must be filed by March 1, 2018. Plaintiffs filed the instant motion on March 1, 2018.

In the motion, plaintiffs assert they have not yet received significant discovery from the defendants. They noted that supplemental disclosures and documents were not due from the defendants until March 8, 2018. Plaintiffs suggested that until defendants produced the necessary documents, they would be unable to determine if all appropriate parties and claims had been included in the pleadings. Defendants have suggested that plaintiffs' request is "based upon their pie-in-the-sky speculation that, two years into this dispute, unspecified additional discovery *might* lead to possible additional but unspecified claims against also unspecified persons or entities." Defendants also contend that plaintiffs are aware of much of the discovery in this case due to other

litigation that has taken place between the parties. Finally, they contend they will be prejudiced by the granting of this modification.

A scheduling order may be modified upon a showing of "good cause" and the court's consent.[1] The good-cause standard under Fed. R. Civ. P. 16(b)(4) considers the diligence of the party seeking to amend.[2] To establish good cause, the moving party must show that despite due diligence, it could not have reasonably met the deadline for amendments to the pleadings.[3] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[4] The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[5]

Having reviewed the arguments of the parties, the court is persuaded that plaintiffs have shown good cause for the modification of the scheduling order. The court recognizes that, even though this case has been pending for two years, the Scheduling Order was only recently entered and significant discovery has only recently taken place. Plaintiffs' request is limited and the court rejects defendants' contention that they will be prejudiced by this modification. Accordingly, plaintiffs' motion shall be granted and the deadline for filing motions to amend will be extended to April 15, 2018.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Modify Deadline to Amend Pleadings (ECF No. 105) is granted. The deadline for filing amended pleadings is extended to April 15, 2018.

**IT IS SO ORDERED.**

---

[1] Fed. R. Civ. P. 16(b)(4).
[2] *Deghand v. Wal–Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D.Kan.1995).
[3] *Carefusion 213 LLC v. Prof'l Disposables, Inc.*, No. 09–2616–KHV, 2010 WL 4004874, at *3 (D.Kan. Oct. 22, 2010).
[4] *Deghand*, 904 F.Supp. at 1221.
[5] *Id.*

Dated this 28th day of March, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
