IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC., and <br> BRETT MOSIMAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE MADISON COMPANIES, LLC, <br> and HORSEPOWER ENTERTAINMENT, <br> LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-4890-KHV <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

This matter comes before the court upon defendants' Motion to Compel Insurance Agreements (ECF No. 113). For the following reasons, defendants' motion is granted.

I.

This action arises from a failed music concert, the Thunder on the Mountain music festival. Plaintiffs allege that they entered into a joint venture with the defendants to own and produce the music festival. Plaintiffs contend that defendants reneged on the agreement, and the festival had to be cancelled. Plaintiffs seek compensatory and punitive damages as well as attorneys' fees. Defendants have filed counterclaims against plaintiffs. They seek declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.

II.

Defendants seek production of insurance agreements that plaintiffs were obligated to produce pursuant to Fed. F. Civ. P. 26(a)(1)(A)(iv). Defendants contend that plaintiffs have acknowledged that such policies exist, but they have unilaterally determined that those policies do

not apply to this case. Defendants argue that the policies must be produced so that they can determine whether they apply here.

In response, plaintiffs suggested that defendants' motion was unnecessary because they "do not have any insurance policies under which an insurance business may be liable to satisfy any judgment which might be entered against them in this case." They note they did not make the coverage determination themselves, but rather they relied upon their insurance agent. Accordingly, they contend that defendants' motion is moot because they have produced the necessary insurance policies.

In reply, defendants again contend that plaintiffs have not produced all relevant insurance policies and certificates. Defendants argue that several policies may exist that provide coverage and it is not up to plaintiffs to make the decision on the possibility of coverage. Defendants assert that the court should require plaintiffs to produce all policies and certificates from May 2012 to the present, regardless of whether plaintiffs believe they provide coverage for any of defendants' claims or act to offset or mitigate damage against plaintiffs.

The parties made efforts to resolve this matter prior to filing the motion to compel, but were unable to do so.

III.

Rule 26(a)(1)(A)(iv) provides as follows:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties . . . (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

This rule requires a party to produce "any insurance agreement" that "may provide coverage."[1] The rule is absolute and does not provide any showing of relevance.[2] The Advisory Committee Notes to Rule 26 provide that the rule "resolves the issue in favor of disclosure" because "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation."[3] A party may not claim that its insurance policies do not provide coverage and then refuse to permit its adversary to see those policies so that the adversary cannot make its own determination.[4] Rather, the opposing party is entitled to review insurance agreements and make its own determination regarding coverage of the policies.[5]

IV.

The court cannot determine if plaintiffs have any policies that may provide coverage. But, the rule requires that any policies that exist must be provided to defendants so that they can determine if coverage applies. If such policies exist, plaintiffs have an obligation to produce them so that defendants can make their own determination of their application. Plaintiffs' reliance upon their insurance agent is insufficient to avoid production of these policies. Accordingly, defendants' motion is granted and plaintiffs are directed to provide defendants with all policies and certificates from May 2012 to the present, regardless of whether plaintiffs believe they provide coverage for any of defendants' claims or act to offset or mitigate damages against plaintiffs.

---

[1] *Government Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10-2558-KHV-DLW, 2012 WL 3292850, *2 (D.Kan. Aug. 13, 2012).
[2] *Id.*
[3] Fed.R.Civ.P. 26(a)(1)(A)(iv) advisory committee note (1970 Amendment).
[4] *Government Benefits*, 2012 WL 3292850, at *2.
[5] *Id.*

**IT IS THEREFORE ORDERED** that defendants' Motion to Compel Insurance Agreements (ECF No. 113) is granted. Plaintiffs shall produce the insurance policies by May 7, 2018.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2018, at Topeka, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge