**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIPELINE PRODUCTIONS, INC.,
BACKWOOD ENTERPRISES, LLC,
OK PRODUCTIONS, INC., and
BRETT MOSIMAN,

Plaintiffs,

v.

THE MADISON COMPANIES, LLC,
AND HORSEPOWER
ENTERTAINMENT LLC,

Defendants.

CIVIL ACTION
CASE NO. 5:15-cv-04890-KHV KGS

**DEFENDANTS' NOTICE OF DEPOSITION OF BRETT MOSIMAN WITH PRODUCTION OF MATERIALS**

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendants will take the deposition of Brett Mosiman before a court reporter authorized by law to administer oaths, at 9:00 a.m. on May 22, 2018, at 515 South Kansas Avenue, Topeka, KS 66603, or such other place as agreed to by the parties, and continue from day to day until completed. The deposition shall be recorded by stenographic means.

The deponent will be required, pursuant to Fed. R. Civ. Proc. 30(b)(2) and 34 to produce, at the commencement of the deposition, the materials identified in **Exhibit A** hereto.

Respectfully submitted,

/s/Benjamin D. Scheibe
Benjamin D. Scheibe, CA #101327
(admitted *pro hac vice*)
Browne George Ross LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Tel.: 310.274.7100
Fax: 310.274.5697
bscheibe@bgrfirm.com

and

/s/Whitney L. Casement
Whitney L. Casement #25466
Timothy A. Shultz #16060
Goodell, Stratton, Edmonds & Palmer, LLP
515 S. Kansas Ave.
Topeka, KS 66603-3999
Tel.: 785.233.0593
Fax: 785.233.8870
wcasement@gseplaw.com
tshultz@gseplaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2018, a true and correct copy of the above and foregoing was filed with the Clerk of the Court via CM/ECF which will send notification of such filing to the following:

Jack D. McInnes, #21898
Joann Woltman, #23603
McInnes Law, LLC
3500 W. 75th St., Suite 200
Prairie Village, KS 66208
**ATTORNEYS FOR PLAINTIFFS**

/s/Whitney L. Casement
Whitney L. Casement, #25466

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "PERSON" means whether foreign or domestic, any individual, natural person, proprietorship, corporation, limited liability company, partnership, trust, organization, association, joint venture, any private, public, or municipal corporation, and any federal, state or local governmental entity (or their agencies, divisions, departments, or other units thereof), quasi-public entities, and further includes all members, investors, officers, managers, attorneys, representatives, agents, accountants, employees, advisors, corporate parents, subsidiaries, professionals, consultants, assignees, affiliates or other PERSONS who may have acted, or purported to act, or are acting or purporting to act, on a PERSON'S behalf and/or as to any of them.

2. "CAA" as used herein means and refers to Creative Artists Agency, LLC, and Creative Artists Agency Holdings, LLC, and includes any and all of its present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other Persons or entities who may have acted, or purported to act, or are purporting to act, on behalf of CAA and/or any of the foregoing PERSONS or entities.

3. The term "PIPELINE," "YOU," or "YOUR" refer to Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., and Brett Mosiman, and includes any and all of their past, present, or expected members, investors, officers, managers, partners, joint venturers, attorneys, representatives, agents, accountants, employees, advisors, corporate parents, subsidiaries, affiliates, professionals, consultants, assignees, or other persons who may

have acted, or purported to act, or are acting or purporting to act, on their behalf and/or on behalf of any of the foregoing persons or entities, including but not limited to Brett Mosiman, and Nathan Prenger.

4. "DOCUMENT" includes, but is not limited to: any written or graphic matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, electronic mail, cards, videotape, audiotapes, film, electronic facsimile, computer storage devices or any other media. For the purposes of this definition, "matter" shall include, without limitation, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, expense reports, recordings of oral conversations, and work papers, and shall also include, without limitation, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as the preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying, or preparatory material, which are in YOUR possession, custody, or control or in the possession, custody, or control of YOUR present or former agents, representatives, or attorneys, or any and all persons acting on YOUR behalf.

5. The term "COMMUNICATION" means and includes any contact between two or more PERSONS, including but not limited to (a) written contact by such means as electronic

mail, letter, memorandum, telegram, telex, facsimile, social media, text message, instant message, or any DOCUMENT, and (b) oral contact, such as face-to-face meeting, telephone conversation, or voicemail. "COMMUNICATION" is meant to include, without limitation, any and all DOCUMENTS sent, drafted and/or prepared to be sent via electronic mail (or any other method of exchanging or transferring information electronically), United States mail, facsimile, private delivery service, courier, or hand delivery.

6. "DEFENDANTS" means and refers to The Madison Companies, LLC and Horsepower Entertainment, LLC, individually and collectively, and includes any and all of their members, investors, officers, managers, partners, joint venturers, attorneys, representatives, agents, accountants, employees, advisors, corporate parents, subsidiaries, affiliates, professionals, consultants, assignees, or other persons who may have acted, or purported to act, or are acting or purporting to act, on their behalf and/or on behalf of any of the foregoing persons or entities.

7. "FRONT GATE" as used herein means and refers to Front Gate Ticketing Solutions, LLC and includes any and all of its present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other Persons or entities who may have acted, or purported to act, or are purporting to act, on behalf of Front Gate and/or any of the foregoing PERSONS or entities, including, but not limited to, Live Nation Entertainment, Inc.

8. "PARADIGM TALENT AGENCY" as used herein means and refers to Paradigm Talent Agency, LLC, and includes any and all of their present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions,

accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other Persons or entities who may have acted, or purported to act, or are purporting to act, on behalf of Paradigm Talent Agency and/or any of the foregoing PERSONS or entities.

9. "PLAINTIFFS" as used herein means and refers to Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., and Brett Mosiman, individually and collectively, and includes any and all of their members, investors, officers, managers, partners, joint venturers, attorneys, representatives, agents, accountants, employees, advisors, corporate parents, subsidiaries, affiliates, professionals, consultants, assignees, or other persons who may have acted, or purported to act, or are acting or purporting to act, on their behalf and/or on behalf of any of the foregoing persons or entities.

10. "RED LIGHT MANAGEMENT" as used herein means and refers to Red Light Management, Inc. and Red Light Management, LLC, and includes any and all of their present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other PERSONS or entities who may have acted, or purported to act, or are purporting to act, on behalf of Red Light Management and/or any of the foregoing Persons or entities.

11. The term "RELATING TO" includes referring to, alluding to, responding to, concerning, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, touching upon, evidencing, constituting, discussing, purporting, pertaining to, embodying, involving, identifying, listing, alluding to, responding to, considering, underlying, stating, substantiating, evidencing, establishing, representing, supporting, consisting, constituting, containing, comprising, connected with,

memorializing, recording, commenting upon, demonstrating, or describing, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse to YOU.

12. "TSYS" as used herein means and refers to TSYS Merchant Solutions, LLC and includes any and all of its present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other Persons or entities who may have acted, or purported to act, or are purporting to act, on behalf of TSYS and/or any of the foregoing PERSONS or entities.

13. "WILLIAM MORRIS" as used herein means and refers to William Morris Endeavor Entertainment, LLC and includes any and all of its present or past members, investors, managers, partners, joint venturers, attorneys, corporate parents, subsidiaries, divisions, accountants, agents, employees, advisors, representatives, professionals, consultants, assignees, affiliates, or other Persons or entities who may have acted, or purported to act, or are purporting to act, on behalf of William Morris and/or any of the foregoing PERSONS or entities.

14. The singular form of a Definition, noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun and vice versa.

15. The term "or" shall be understood to include "and" whenever such construction would make a phrase more, rather than less inclusive and vice versa.

16. Regardless of the tense employed, all verbs shall be read as applying to past, present and future as is necessary to make any phrase more, rather than less, inclusive.

17. Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests.

Documents gathered from hard-copy documents shall be provided in single page tagged image file format ("TIFF"). Document-level OCR text files should be provided for hard copy documents. ESI shall be produced in native format only or native format linked to TIFF.

18. With respect to any emails produced, also produce all attachments to the e-mails and all other e-mail messages in the email chain (any previous email message(s) to which the produced email message replied and any subsequent email message(s) replying to the produced email message).

19. If you withhold any responsive documents based on a claim of privilege, please provide a log that sets forth a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, dates involved, the subject matter of the privileged material, any documents or information supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or information involved. If you assert the attorney work-product doctrine, you must also identify the litigation for which the work-product was prepared.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS including COMMUNICATIONS RELATING TO the formation of any partnership, joint venture, and/or contractual relationship, including but not limited to negotiations, between DEFENDANTS and PIPELINE concerning existing or planned music festivals.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS including COMMUNICATIONS RELATING TO any joint venture, partnership, co-promoter arrangement, or any other joint ownership or management agreement PIPELINE claims existed with DEFENDANTS but was not honored.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

All COMMUNICATIONS between PIPELINE and DEFENDANTS about the Thunder on the Mountain Music Festival, including COMMUNICATIONS RELATING TO financial projections, cash flow, accounting or revenues, and/or expenses.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:**

DOCUMENTS sufficient to show the annual, profits, revenues, and expenses for all music festivals that PLAINTIFFS have owned, promoted, sold, marketed, and/or started from January 1, 2012 to present.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

All DOCUMENTS including COMMUNICATIONS that support any and all damages that PIPELINE claim in the Amended Complaint, including but not limited to, in Paragraphs 59 through 61.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All COMMUNICATIONS between or involving PIPELINE and WILLIAM MORRIS, FRONT GATE, CAA, TSYS, PARADIGM TALENT AGENCY, and/or RED LIGHT MANAGEMENT relating to the Thunder on the Mountain Music Festival.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All COMMUNICATIONS between PIPELINE and WILLIAM MORRIS, FRONT GATE, CAA, TSYS, PARADIGM TALENT AGENCY, and/or RED LIGHT MANAGEMENT RELATING TO the cancellation of any or the Thunder on the Mountain music festival.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

All DOCUMENTS including COMMUNICATIONS refuting DEFENDANTS' position that DEFENDANTS did not receive any revenue, cash flow, or other funds from or related to PIPELINE'S music festival businesses.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

All DOCUMENTS RELATING TO the worth or value placed by PIPELINE on PIPELINE'S music festival holdings at any point in time from and after January 1, 2012.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:**

All DOCUMENTS RELATING TO the worth or value placed by PIPELINE on PIPELINE'S interest in the Thunder on the Mountain Music Festival at any point in time from and after January 1, 2012.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

All records of bank accounts that received (i) monies from DEFENDANTS and/or (ii) monies from ticket sales for the 2015 Thunder on the Mountain Music Festival.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

All of PIPELINE'S monthly, quarterly, and annual financial statements for 2013, 2014, and 2015.