IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC., and <br> BRETT MOSIMAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE MADISON COMPANIES, LLC, and <br> HORSEPOWER ENTERTAINMENT, LLC, <br><br> Defendants. | Case No. 5:15-cv-04890-KHV-KGS |

**PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION**

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Plaintiffs will take the Rule 30(b)(6) deposition of Defendants The Madison Companies, LLC ("Madison") and Horsepower Entertainment, LLC ("Horsepower") (collectively, "Defendants"), by a person or persons designated by Defendants, before a court reporter authorized by law to administer oaths, at 9:00 a.m. on May 8, 2018, at 14426 E. Evans Ave, Aurora, CO 80014, or such other place as agreed to by the parties, and continue from day to day until completed. The deposition shall be recorded by stenographic means by Alaris Litigation Services, 1608 Locust Street, Kansas City, MO 64108.

Defendants shall designate one or more officers, directors, managing agents, or other persons to testify on their behalf, and shall set forth, for each such person designated, the matters on which the person will testify. The person(s) so designated by Defendants shall testify on matters known or reasonably available to Defendants concerning the following subjects:

## **DEPOSITION TOPICS**

1. Defendants' business, specifically their corporate structure, ownership, executives, operations, management, related entities, primary functions, primary sources of revenue, and primary expenses.

2. Defendants/related entities' experience in the music festival business prior to meeting Plaintiff Brett Mosiman in or around January 2014.

3. Defendants/related entities' experience in the music festival business after meeting Mr. Mosiman.

4. Defendants' negotiations with Plaintiffs to purchase their music festival business.

5. Defendants' agreement to purchase 51% of Plaintiffs' Thunder on the Mountain ("Thunder") music festival in exchange for $750,000.00, advancing $500,000.00 of operating capital, and paying certain operating expenses.

6. Defendants' contention that they loaned money to Plaintiffs for Thunder.

7. Defendants' policies and practices regarding making loans.

8. Defendants' knowledge of Plaintiffs' work producing Thunder.

9. Defendants' involvement in the production, marketing, and promotion of Thunder.

10. Payments made by Defendants/related entities for Thunder.

11. Defendants' contention that Plaintiffs made false statements and omissions regarding their financial condition and projections.

12. Defendants' contention that they continued to negotiate definitive documents for a potential deal involving Thunder.

13. The lawsuit Defendants filed in Delaware against Plaintiffs on April 15, 2015.

14. The cancellation of Thunder.

15. Defendants/related entities' negotiation, hiring and employments of Plaintiffs' employees, agents and business partners.

16. The existence and resolution of any internal or external complaints to Defendants regarding the cancellation of Thunder.

17. Investigations, studies and audits by Defendants regarding cancellation of Thunder or Defendants' alleged concerns relating to Plaintiffs' financial condition and projections.

18. Any changes to policies or practices made by Defendants/related entities because of Thunder or this case.

19. Negotiations that Defendants/related entities have had regarding the purchase of 25% or more of a music festival or concert since 2010.

20. Negotiations that Defendants/related entities have had regarding starting a new music festival or concert since 2010.

21. Negotiations that Defendants/related entities have had regarding the purchase of 25% or more of a business since 2010.

22. Other lawsuits, arbitration claims and complaints involving Defendants/related entities alleging breach of contract, breach of fiduciary duty, fraudulent misrepresentation or tortious interference since 2010.

23. Defendants' reliance on investors in their business.

24. Defendants' communications with investors regarding Thunder and/or this lawsuit.

25. Complaints by investors to Defendants regarding Thunder, this lawsuit, or other alleged unlawful practices.

26. Defendants' affirmative defenses.

27. Defendants' counterclaims.

28. Defendants/related entities' document preservation policies and practices from April 2015 to the present.

29. Defendants' search for documents responsive to Plaintiffs' requests for production.

30. Defendants' insurance coverage for Plaintiffs' claims in this case.

Dated: April 30, 2018                    Respectfully submitted,

|  | **MCINNES LAW LLC**<br>By: */s/ Jack McInnes*<br>Jack McInnes (KS #21898)<br>Joann Woltman (KS #23603)<br>3500 West 75th Street, Suite 200<br>Prairie Village, Kansas  66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br>joann@mcinnes-law.com<br><br>**ATTORNEYS FOR PLAINTIFFS** |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2018, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendants through the Notice of Electronic Filing.

By: */s/ Jack McInnes*