IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., ) <br> BACKWOOD ENTERPRISES, LLC, ) <br> OK PRODUCTIONS, INC., and ) <br> BRETT MOSIMAN, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> THE MADISON COMPANIES, LLC, ) <br> HORSEPOWER ENTERTAINMENT, LLC, ) <br>   ) <br>   Defendants. ) | Case No. 5:15-cv-04890-KHV-KGS |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION TO MODIFY THE DEADLINE TO AMEND THE PLEADINGS**

Defendants believe they only need to comply with their discovery obligations if Plaintiffs convince this Court there is good reason for them to do so. Plaintiffs should not be forced to seek the Court's intervention every request they serve and deposition they notice.

Plaintiffs filed their Second Motion to Amend the Scheduling Order because Defendants did not produce documents in compliance with Fed. R. Civ. Pro. 34, did not answer 7 out of 11 interrogatories, and did not respond to 10 out of 21 requests for production. Defendants' argument that Plaintiffs must relay what they expect to find in the documents produced and answers provided before they are allowed their requested amendment requested is nonsensical. Plaintiffs need another extension because they do not know what information may be forthcoming. Defendants

1

refuse to provide even the most basic information without Court order. Plaintiffs do not, and cannot possibility know what information Defendants are working so diligently to avoid producing.[1]

Plaintiffs have no intention of delaying this litigation, and they have fought to keep discovery moving forward. Unfortunately, Defendants suggest that Plaintiffs must first justify every request for discovery and every deposition with this Court before they are allowed to proceed.[2] Defendants evasive, conditional, and/or complete lack of response to written discovery has placed Plaintiffs in the position of having to continue to seek this Court's intervention to prevent the prejudice that would befall them should the deadlines in the Scheduling Order continue to pass by without Defendants first being compelled to meaningfully participate in discovery.

Defendants appear to be under the misguided belief that their production obligations under Fed. R. Civ. Pro. 34 are erased by the Scheduling Order. This is obviously not the case, nor was it either parties' intention that the Scheduling Order would relieve production responsibilities under the rules. Defendants cannot literally dump over 26,000 pages of documents (that are virtually unsearchable) on Plaintiffs and claim they have no further duty. Plaintiffs have no idea if any of the documents provided by Defendants on March 8th are responsive to the discovery requests, and it is not Plaintiffs' obligation to sort through the documents and decipher what if anything is responsive to each request. This type of gamesmanship is exactly what Rule 34 is trying to prevent. Defendants are required to provide Plaintiffs with the metadata so that Plaintiffs can run meaningful searches of the documents, or Defendants must provide the documents in a manner that identifies which documents are responsive to which request. *See* Fed. Pro. Civ. R. 34. Simply stated, the Scheduling Order does not relieve Defendants of this duty. Until they are forced to

---

[1] Defendants spend a substantial time rehashing their arguments contained in their Response to Plaintiffs' Motion to Compel Discovery (Doc. 108, 115). Plaintiffs have fully briefed those issues, and they will not waste this Court's time reasserting them herein.

provide answers and documents in response to discovery, Plaintiffs will be prejudiced if they are not allowed the opportunity to add new claims or parties to this matter.

Plaintiffs' proposed modification of the Scheduling Order is done only to ensure that all potential claims and parties are included in the pending matter, and not to prejudice Defendants. Plaintiffs could not have predicted that Defendants would refuse to answer over half of the written discovery requests. Rather, Plaintiffs relied on Defendants to adhere to their requirements under the Federal Rules of Civil Procedure to provide substantive responses to their discovery requests. To punish Plaintiffs in these circumstances would benefit Defendants' discovery abuses.

For all these reasons, Plaintiffs respectfully request that this Court enter an order modifying the deadline for filing motions to amend in its Scheduling Order to June 4, 2018, and for any other relief the Court deems just and proper.

Dated: May 13, 2018                                        Respectfully submitted,

|  | MCINNES LAW LLC<br>By: /s/ Jack McInnes<br>Jack D. McInnes (KS #21898)<br>3500 West 75th Street, Suite 200<br>Prairie Village, Kansas 66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br><br>**ATTORNEY FOR PLAINTIFFS** |
|---|---|

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May 2018, a true and correct copy of the foregoing document was filed with the Clerk of Court via CM/ECF and served on counsel for Defendants through the Notice of Electronic Filing.

By: */s/ Jack McInnes*