IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC., and )
BRETT MOSIMAN, )
 )
          Plaintiffs, )
 )
   v. ) Case No. 15-4890-KHV
 )
THE MADISON COMPANIES, LLC, )
and HORSEPOWER ENTERTAINMENT, )
LLC, )
 )
 )
          Defendants. )

## ORDER

This matter comes before the court upon Defendants' Motion for Protective Order for Plaintiffs' Amended Rule 30(b)(6) Notice of Deposition (ECF No. 141). For the following reasons, this motion is granted in part and denied in part.

In this motion, defendants seek a protective order concerning most of the topics contained in plaintiffs' amended 30(b)(6) notice. Defendants argue that most of the topics are improper for various reasons. Specifically, defendants contend that topics 8, 9, 11, 17, 26 and 27, referred to by defendants as "Contention Topics," are improper because they seek testimony requiring complex legal analysis from a layperson and/or because they are unfair "gotcha" categories that would require defendants to marshal and educate witnesses about its factual proof on certain claims and defenses. Defendants next contend that topics 7, 8, 9, 17, 23, 26 and 27 are overbroad and should be quashed. They argue that these topics seek information that would be difficult or impossible to answer. Defendants next assert that topics 2, 3, 10, 15, 19-22 and 28 are vague because they refer to "related entities." Defendants then argue that topics 13 and 18 to 25 should be quashed because they seek irrelevant information. They contend that these topics have no

logical connection to this lawsuit and are not likely to lead to admissible evidence. Finally, defendants contend that topics 15, 23, 24 and 25 should be quashed because they seek private information.

**Topics 8, 9, 11, 17, 26 and 27**

In these topics, plaintiffs seek the factual basis for claims/defenses asserted by defendants in response to plaintiffs' claims. Defendants argue that such topics are improper for a Rule 30(b)(6) deposition and instead should be the subject of contention interrogatories.

Courts have split on the issue of whether to allow parties to use Rule 30(b)(6) depositions to explore facts underlying legal claims and theories.[1] The court believes that the better rule is to allow parties to craft Rule 30(b)(6) inquires similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information. If the court limits Rule 30(b)(6) depositions the way that defendants suggest, courts would have to referee endless disputes about what is permitted and what is not. Moreover, Rule 30(b)(6)'s plain language does not limit the deposition as defendants state.[2] Rule 26(b)(1) states that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[3] Rule 30(b)(6) is not

---

[1] Compare *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. at 362 (denying discovery request seeking "defendants' mental impressions, conclusions, opinions, and legal theory") and *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y.1992) (asserting that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC"); with *EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432–34 (D.Nev.2006) (denying "defendant's request for a protective order to limit the scope of Rule 30(b)(6) deposition questioning to preclude inquiry into the factual bases for defendant's asserted position statements and affirmative defenses"), and *In Re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 171–74 (D.D.C.2003) (allowing 30(b)(6) facts and admissions in corporation's antitrust submission to European Commission, stating: "Bioproducts argument that the Rule 30(b)(6) discovery is unnecessary and duplicative is without merit.").

[2] See Fed.R.Civ.P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.").

[3] Fed.R.Civ.P. 26(b)(1).

"otherwise limited," but unlimited. Furthermore, the federal rules do not require parties to conduct discovery in a particular sequence: "Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice[,] ... methods of discovery may be used in any sequence...."[4]

Defendants do not have to produce information that is protected by the attorney-client privilege or the work-product doctrine, but the other areas appear to be fair game, and to limit the Rule 30(b)(6) deposition as defendants suggest would lead to endless disputes and undercut the utility of this important device against corporations. The court sees no problem with allowing overlap between the sorts of information obtained through contention interrogatories and Rule 30(b)(6) depositions. While counsel will have to carefully prepare the Rule 30(b)(6) representative, counsel must always do so. Moreover, the Rule 30(b)(6) representative will have counsel present to protect privileged matters. The court therefore denies this portion of defendants' motion.

**Topics 7, 8, 9, 17, 23, 26 and 27**

For various reasons, defendants contend these topics are overbroad. In topic 7, plaintiffs seek information on defendants' general policies and practices regarding loans from 2010 to the present. In topics 8 and 9, plaintiffs seek defendants' general knowledge on plaintiffs' work producing the Thunder on the Mountain music festival and defendants' involvement in the production, marketing and production of the Thunder music festival. In topic 17, plaintiffs seek information on any investigations, studies and audits conducted by defendants regarding the cancellation of the Thunder music festival. In topic 23, plaintiffs seek information on defendants' reliance on investors in their business from 2010 to present. In topics 26 and 27, plaintiffs seek information concerning the factual basis for defendants' affirmative defenses and counterclaims.

---

[4] Fed.R.Civ.P. 26(d)(2)(A).

The court is not persuaded by any of the arguments raised by defendants. The court fails to find that these topics are overbroad. Plaintiffs have properly limited their requests, and defendants' suggestions to the contrary are without merit. Thus, this portion of the defendants' motion is denied, but there may be other reasons why plaintiffs are not entitled to the information sought in these topics.

**Topics 2, 3, 10, 15, 19-22 and 28**

Defendants suggest that these topics are overbroad because each of them refers to "related entities." Defendants contend that plaintiffs' definition of "related entities" is so broad that it renders these topics vague, overbroad and unlimited in scope. The court agrees. For the reasons stated in the order of June 20, 2018, the court eliminates plaintiffs' reference to "related entities" in these topics. With this deletion, the court does not find these topics overbroad or vague.

**Topics 13 and 18-25**

Defendants suggest these topics seek irrelevant information. In topic 13, plaintiffs seek information concerning the lawsuit filed by defendants in Delaware on April 15, 2015. In topic 18, plaintiffs seek information concerning any changes to policies or practices made by defendants because of the Thunder music festival or this case. In topics 19, 20 and 21, plaintiffs seek information negotiations defendants have had since 2010 concerning the (a) purchase of a music festival, (b) starting of a music festival, and (c) purchase of a business. In topic 22, plaintiffs seek information concerning other lawsuits since 2010 involving defendants alleging breach of contract, breach of fiduciary duty or tortious interference. In topics 23, 24 and 25, plaintiff seeks information concerning defendants' past practices with investors and communications and complaints that defendants' investors have had concerning the Thunder festival.

4

The court is not persuaded that the information sought by plaintiffs in topics 13 and 18 are irrelevant. Defendants have not demonstrated that these topics are irrelevant on their face. Concerning topic 18, information within the scope of discovery need not be admissible in evidence to be discoverable.[5] Accordingly, defendants' motion on these topics is denied.

For the reasons stated in the court's order of June 20, 2018, the court finds no merit to defendants' arguments concerning topics 19-22. These topics are relevant, and plaintiffs can properly seek information concerning them in the Rule 30(b)(6) deposition(s). For the reasons stated in the court's order of June 20, 2018, the court finds that defendants' motion for protective order concerning topics 23, 24 and 25 should be granted. As previously noted, the relevance of these topics is not plain on their face. As a result, the burden is shifted to plaintiffs to establish their relevance. Plaintiffs have not done so. Accordingly, this portion of defendants' motion is granted.

**Topics 15, 23, 24 and 25**

Defendants contend that these topics should be quashed because they improperly seek private information. In topic 15, plaintiffs seek information concerning defendants' negotiation, hiring and employments of plaintiffs' employees, agents and business partners. For the reasons stated in the order of June 20, 2018, the court finds that this information is relevant and discoverable. The court need not consider defendants' arguments concerning topics 23, 24 and 25 because the court has already determined that defendants are entitled to a protective order precluding discovery on these topics.

Accordingly,

---

[5] Fed.R.Civ.P. 26(b)(1).

**IT IS THEREFORE ORDERED** that defendants' Motion for Protective Order for Plaintiffs' Amended Rule 30(b)(6) Notice of Deposition (ECF No. 141) is hereby granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
