# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC., and )
BRETT MOSIMAN, )
                Plaintiffs, )
v. )   Case No. 15-4890-KHV
THE MADISON COMPANIES, LLC, )
and HORSEPOWER ENTERTAINMENT, )
LLC, )
                Defendants. )

## ORDER

This matter comes before the court upon plaintiffs' Motion to Compel Completion of Walker Deposition (ECF No. 160) and defendants' Motion to Terminate or Limit Deposition of Robert Walker (ECF No. 164). For the following reasons, these motions are granted in part and denied in part.

## I.

On May 18, 2018, plaintiffs took the deposition of Robert Walker, chief financial officer for defendant The Madison Companies, LLC, in Aurora, Colorado. After two hours, defendants ended the deposition, contending that plaintiffs' counsel had engaged in improper questions, and had essentially conducted a debtors' examination under Fed. R. Civ. P. 69.

In their motion, which was filed a week after the termination of the deposition, plaintiffs seek an order compelling the completion of the deposition. Plaintiffs' counsel contends that he sought relevant information on the "status and business purpose of Madison and Madison-related entities." He further contends that Mr. Walker became nervous and could not (1) provide information on the sale of certain Madison assets, (2) recall whether his share of proceeds from

the sale of Madison assets was invested in other Madison-related entities or put in his own bank account, and (3) provide a copy of an organizational chart of the Madison-related companies. He notes that, prior to terminating the deposition, defendants' counsel made no effort to contact the court. He requests that the court compel defendants to produce Mr. Walker for the remainder of his deposition within seven days.

In their motion, which was not filed until eleven days after the termination of the deposition, defendants seek an order terminating or limiting Mr. Walker's deposition. Defendants' counsel argues that, despite repeated objections during the deposition, plaintiffs' counsel sought to conduct a Rule 69 judgment debtor exam. Counsel notes that opposing counsel spent the entirety of his time on (1) Mr. Walker's personal finances, (2) the nature and location of Madison's assets and investments, (3) the ownership of related entities, (4) Madison's real estate holdings, (5) the sale and disposition of Madison's assets, (6) whether proceeds from the sale of assets were reinvested with Madison-related entities, (7) financial transactions involving other entities unrelated to this lawsuit, and (8) all businesses for which Mr. Walker does taxes and accounting work. Counsel suggests that after "two hours of harassing, irrelevant, and improper judgment debtor type inquiry, the deposition was adjourned pursuant to Fed. R. Civ.P. 30(d), and plaintiffs' counsel was informed that defendants would bring this motion."

II.

Rule 30 governs counsel's behavior during a deposition. Rule 30(c) provides:

> (1) The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence ...
> (2) An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. A person may instruct a deponent not to answer only when necessary to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).[1]

Rule 30(c) further provides that:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).[2]

Rule 30(d)(3) provides as follows:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent of party. The motion may be filed in the court where the action is pending or deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain the order.[3]

Rule 30(d)(3) "is the only authority allowing the interruption of a deposition."[4] "To obtain a protective order under Rule [30(d)(3)], 'the moving party must show that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the witness or party. Unless a sufficient showing of these grounds are made the motion will be denied.'"[5]

III.

The court has carefully read the contents of the deposition. During the deposition, plaintiffs' counsel focused almost exclusively on the assets of the defendants. The court agrees with defendants that most of plaintiffs' counsel's questions were improper.[6] Plaintiffs' counsel

---

[1] Fed. R. Civ. P. 30(c)(1) and (2).
[2] Fed. R. Civ. P. 30(c)(2).
[3] Fed. R. Civ. P. 30(d)(3)(A).
[4] *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460-61 n. 4 (N.D.Cal.1978); *Hanlin v. Mitchelson*, 623 F.Supp. 452, 455 (S.D.N.Y.1985), reversed in part on other grounds, 794 F.2d 834 (2d Cir.1986).
[5] *Hearst/ABC-Viacom Entertainment Servs. v. Goodway Marketing, Inc.*, 145 F.R.D. 59, 62 (E.D.Pa.1992) (citation omitted); *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 640 (N.D.Ind.1991).
[6] See *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974)("there is no right to discovery of assets until judgment is obtained"), cert. denied, 421 U.S. 914(1975).

has suggested that he could inquire on the transfer of assets to support a claim for piercing the corporate veil. While discovery on that issue might be appropriate if such a claim had been alleged, no such claim exists here. Accordingly, the court finds that the arguments raised by defendants have merit.

Nevertheless, the court does not believe that defendants' counsel's action in terminating the deposition was proper. Defendants' counsel, without making the slightest effort to comply with the appropriate procedures for terminating a deposition under Rule 30(d)(3), took it upon himself to unilaterally terminate the deposition of Mr. Walker. "This tactic contravenes the requirement that an application to terminate must be made to the court."[7] As a defense, defendants' counsel suggests that he believed that this court was unavailable to consider this dispute. Even if that were true, counsel had an obligation to attempt compliance with Rule 30(d)(3) before he unilaterally terminated the deposition. Counsel could have presented the matter to other judges in this district or to a judge in Colorado who could have heard and decided the matter. Accordingly, the court shall not grant defendants' motion to terminate the deposition. The court shall, however, limit the completion of the deposition. Plaintiffs' counsel has indicated only one area that he needs to explore with Mr. Walker, i.e., "payments he made to artists to appear at the Thunder on the Mountain music festival."[8] The court shall allow plaintiffs' counsel two additional hours to complete the deposition of Mr. Walker.

---

[7] *Hearst/ABC-Viacom Entertainment Servs.*, 145 F.R.D. at 62; see also *In re Omeprazole Patent Litigation*, 227 F.R.D. 227, 230 (S.D.N.Y.2005) ("It is not the prerogative of counsel, but of the court, to rule on objections.... [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d)." (citation omitted)); *Smith*, 139 F.R.D. at 643 ("If plaintiffs' counsel believed that the deposition was being conducted in bad faith, or that [the deponent] was being unreasonably annoyed, embarrassed or harassed, he should have suspended the deposition at that juncture, stated his complaints on the record, and applied immediately to the court for protection under Rule 30(d).")

[8] Plts' Reply in Supp. of Mot. to Compel Completion of Bob Walker's Dep., ECF No. 185 at 5.

With this decision, the court shall not impose sanctions on either side. The court finds an award of sanctions under these circumstances would be unjust. The deposition of Mr. Walker shall be completed with each side bearing its own costs. The deposition shall be rescheduled at a time mutually convenient for the parties and Mr. Walker.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Completion of Walker Deposition (ECF No. 160) be hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that defendants' Motion to Terminate or Limit Deposition of Robert Walker (ECF No. 164) be hereby granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
