IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., | ) | |
| BACKWOOD ENTERPRISES, LLC, | ) | |
| OK PRODUCTIONS, INC., and | ) | |
| BRETT MOSIMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-4890-KHV |
| | ) | |
| THE MADISON COMPANIES, LLC, | ) | |
| and HORSEPOWER ENTERTAINMENT, | ) | |
| LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the court upon the following motions: (1) defendants' Motion to Compel Supplemental Responses to Requests for Production (Set One) from Plaintiffs (ECF No. 201); (2) plaintiffs' Motion to Compel Defendants to Supplement Discovery Response and Produce Additional Documents Pursuant to the Court's Order Dated June 20, 2018 (ECF No. 209); (3) plaintiffs' Motion to Compel Regarding Defendants' Practice of Marking Documents They Produce as Confidential (ECF No. 210); and (4) plaintiffs' Expedited Motion to Compel Rule 30(b)(6) Deposition of Defendants After Court's Order Dated July 13, 2018 (ECF No. 211).

Discovery in this matter has been difficult, to say the least. Both sides have registered complaints about the actions of the other side. Neither side appears to have taken to heart the court's guidelines concerning cooperation among opposing counsel. Each side has suggested that the opposing side has filed needless and counterproductive discovery motions. The court hopes that cooperation among counsel will become the order of the day in the future. With those comments, the court proceeds to consider the pending motions.

**Defendants' Motion to Compel Supplemental Responses to Requests for Production (Set One) From Plaintiffs (ECF No. 201)**

Defendants request that plaintiffs immediately serve supplemental responses to Madison's Request for Production (Set One) and produce all responsive documents, not simply the documents plaintiffs consider "material" or "principal." Defendants suggest that plaintiffs' responses have been evasive. They note that plaintiffs have produced supplemental productions consisting of "responsive, material, and/or principal, non-privileged documents." They ask that plaintiffs produce all responsive documents. They contend that plaintiffs' refusal to confirm that it has produced all responsive documents or will produce all responsive documents raises a strong suspicion that plaintiffs are not producing all responsive documents. Defendants also argue that the court should overrule each of plaintiffs' boilerplate objections.

In response, plaintiffs contend that they have informed defendants that they are not withholding any documents on grounds other than attorney-client privilege, work product doctrine, and/or premature requests for expert materials. They assert they have agreed to supplement their discovery responses and would have already done so if defendants had been patient and not filed such a confusing motion.

In reply, defendants point out that it has been three weeks since they filed this motion and plaintiffs still have not supplemented their responses as they previously promised they would do. They contend the court should (1) order plaintiffs to serve supplemental responses that state "all responsive, non-privileged documents" will be produced and (2) overrule plaintiffs' objections except those based on privilege.

Although there does not appear much necessity to do so, the court shall grant this motion. Plaintiffs have agreed to respond as requested by defendants, but have not done so due to the filing of this motion. Plaintiffs shall serve their supplemental responses on or before August 24, 2018.

**Plaintiffs' Motion to Compel Defendant to Supplement Discovery Response and Produce Additional Documents Pursuant to the Court's Order Dated June 20, 2018 (ECF No. 209)**

Plaintiffs contend that defendants have failed to supplement their discovery responses and immediately produce documents required by the court's order of June 20, 2018. In that order, the court granted plaintiffs' motion to compel in part and directed defendants to supplement certain interrogatory answers and produce certain documents.

Defendants contend that, although the order did not specify a deadline to supplement its responses or produce documents, they have been working to comply with the order. They assert they have now supplemented all interrogatory answers and produced documents responsive to the document requests, except those involved in a request for clarification they made after the court issued the order. In a letter to the court, defendants asked for clarification concerning when the five-year limitation for document requests began. Plaintiffs suggest that the starting date should be October 30, 2017, while defendants contend that the date should be the issuance of the order, June 20, 2018.

Having considered the arguments raised by the parties concerning the starting date for document requests, the court agrees with plaintiffs that the starting date should be October 30, 2017, the date that the discovery was requested. With this clarification, plaintiffs' motion is granted. Defendants shall comply with the court's order of June 20, 2018, no later than August 24, 2018.

**Plaintiffs' Motion to Compel Regarding Defendants' Practice of Marking All Documents They Produce as Confidential (ECF No. 210)**

Plaintiffs contend that defendants are improperly marking all produced documents as "confidential." Plaintiffs assert that defendants' counsel informed them that they were making a blanket designation of confidentiality on all documents. Plaintiffs suggest that defendants'

designations are in violation of the court's guidelines, the court's prior order, and the Protective Order in this case.

In response, defendants contend that this motion is untimely, procedurally defective, and substantively meritless. Defendants initially note that the Protective Order requires plaintiffs to raise any objections to defendants' confidentiality designations within a reasonable amount of time. Defendants note that most of the documents produced by defendants (26,000 of 30,000) were produced on March 6 and 8, 2018, but plaintiffs failed to raise this issue until June 22, 2018. Defendants also argue that plaintiffs failed to meet and confer in good faith about confidential designations before filing this motion. They note that plaintiffs never identified one document that did not qualify for confidential treatment. They also note that this motion is untimely because they filed it fifteen days after the parties met and conferred, not within the required ten-day period. Finally, they contend that the documents noted by plaintiffs were properly designated as confidential by them.

The court is not persuaded that plaintiffs made reasonable efforts to confer prior to filing this motion. In their motion, plaintiffs stated that "[n]umerous documents have been produced and designated 'confidential' by Defendants despite not falling into any designated category." Yet, despite this statement, plaintiffs only identified three such documents in their motion. And, as pointed out by the defendants, plaintiffs failed to identify one document that did not qualify for confidential treatment in their discussions prior to filing this motion. The court finds that these efforts fail to demonstrate a good faith effort to confer prior to filing the motion. Thus, this motion is denied.

**Plaintiffs' Expedited Motion to Compel Rule 30(b)(6) Deposition of Defendants After Court's Order Dated July 13, 2018 (ECF No. 211)**

Plaintiffs seek an order compelling the Rule 30(b)(6) depositions of defendants following the court's ruling on plaintiffs' topics on July 13, 2018.  Plaintiffs assert that it has been twelve days since the court ruled, but the defendants have yet to provide dates for the deposition.  Plaintiffs contend that defendants "continued efforts" to delay discovery has caused them substantial prejudice.

In response, defendants contend that after the court's order they began working to provide the names of the individuals who will testify on their behalf at the Rule 30(b)(6) depositions.  They note that Robert Walker will testify on 25 of the 27 topics and they provided potential dates for the deposition as August 28 and 29, 2018, in Denver, Colorado. Defendants have recently identified another employee for one of the two remaining categories, and indicated he can appear on August 31, 2018, in Denver, Colorado.  Defendants note that they have yet to identify a corporate representative for the final topic but "they will do so shortly, and quickly provide a date for that last representative."   Thus, they contend this motion is entirely unnecessary.

The court agrees with the defendants.  The court believes that this motion is moot or will soon be moot.  It appears to the court that defendants are making sufficient efforts to identify their Rule 30(b)(6) deponents.  Thus, this motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that defendants' Motion to Compel Supplemental Responses to Requests for Production (Set One) from Plaintiffs (ECF No. 201) is granted. Plaintiffs shall produce their supplemental responses to defendants' request for production no later than August 24, 2018.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Compel Defendants to Supplement Discovery Response and Produce Additional Documents Pursuant to the Court's

Order Dated June 20, 2018 (ECF No. 209) is granted. Defendants shall supplement its discovery response and produce additional documents no later than August 24, 2018.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Compel Regarding Defendants' Practice of Marking Documents They Produce as Confidential (ECF No. 210) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Expedited Motion to Compel Rule 30(b)(6) Deposition of Defendants After Court's Order Dated July 13, 2018 (ECF No. 211) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge