# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC., and )
BRETT MOSIMAN, )
　)
　　　　Plaintiffs, )
　)
　　v. ) Case No. 15-4890-KHV
　)
THE MADISON COMPANIES, LLC, )
and HORSEPOWER ENTERTAINMENT, )
LLC, )
　)
　)
　　　　Defendants. )

## ORDER

This matter comes before the court upon plaintiffs' Motion to Compel Bryan Gordon's Texts, Cell Data and Personal Emails (ECF No. 214) and defendants' Motion to Compel Production of Plaintiff Brett Mosiman's Telephone Records (ECF No. 213). For the following reasons, plaintiffs' motion is denied and defendants' motion is granted.

**PLAINTIFFS' MOTION TO COMPEL BRYAN GORDON'S TEXTS, CELL DATA AND PERSONAL EMAILS**

I.

In their motion, plaintiffs seek an order compelling defendants to produce responsive texts, cell phone data and personal emails of Bryan Gordon, CEO of The Madison Companies, LLC. Plaintiffs' basis for this motion is statements made by Gordon during his deposition where he indicated that it was his practice not to retain documents or texts on his phones and to delete them as soon as he is finished with a conversation. Plaintiffs ask that defendants take immediate steps to recover Gordon's relevant texts and cell phone data. Plaintiffs suggest that if Gordon failed to preserve these documents after he knew or should have known there were potential legal

proceedings between the parties, then they may seek sanctions for spoilation.

Defendants have initially responded that there was no improper deletion of documents. They contend that no relevant materials have been deleted or discarded since litigation was anticipated. Defendants also argue that there is nothing to compel because "[w]hat has been deleted has been deleted." Finally, they assert that plaintiffs cannot establish that any document relevant to their claims ever existed but are no longer available. Defendants note that Gordon rarely uses his personal email account for business. But, to the extent he has done so, plaintiffs already have in their possession any text or email that was sent to them from Gordon's phone or personal email address and defendants' searches of their records has picked up the rare emails related to the claims in this case that went to or from Gordon's personal email address because those emails either came from or were sent to defendants' employees at their corporate email addresses.

## II.

Plaintiffs allege the existence of an oral contract in which defendants agreed to purchase 51% of plaintiffs' music festival, Thunder on the Mountain. Plaintiffs allege that the agreement was proposed by plaintiff Brett Mosiman in an email dated November 4, 2014, and accepted by Gordon in telephone calls that occurred between November 4-6, 2014. On April 7, 2015, a lawyer for plaintiffs expressly reserved their legal and equitable rights to enforce the partnership/joint venture. On April 15, 2015, defendants initiated an action against the plaintiffs in Delaware. Plaintiffs filed this action on May 21, 2015.

## III.

In his deposition, Gordon acknowledged that he had two cell phones. He stated that he rarely texts for business matters. He said that his practice is not to retain any documents or texts

on his phone. He deletes them as soon as he is finished with a conversation. Gordon suggested in his deposition that he never stopped or changed his practice even after litigation occurred between the parties. He also said he had not reviewed his cell phone texts to determine if there are any relevant documents.

In an affidavit filed with the defendants' response to plaintiffs' motion, Gordon stated that he had two cell phones that he used for business matters. He also has a personal email address separate from his work email address. Gordon said that all texts prior to April 7, 2015 had been deleted pursuant to his normal practice. He further stated that after April 7, 2015, he never deleted any texts "of any significance to this lawsuit" from either cell phone. He further indicated that he did not believe that he had any substantive text communications regarding Pipeline, Thunder or this lawsuit. He suggested that, if he had seen a text after April 7, 2015 that appeared to have any significance to this lawsuit from either cell phone, he would have preserved it. He stated that he does not have the actual phones he used in 2014 and the first half of 2015. He also confirmed that Madison does not have the old phones. Finally, he said that he has a personal email address, but he does not often receive and send business-related emails from his personal email account. He did note that emails related to Pipeline, Thunder or this lawsuit in his personal email account fall into three categories: (1) on occasion he has forwarded emails from his business email account to his personal email and, on one occasion, he forwarded those emails to a Madison employee; (2) on rare occasions, he copied on his personal email account the emails he sent from his business email account to another email address; and (3) on rare occasions, a Madison employee would send an email to his personal email account or copy his personal email address in an email. Gordon asserts that all of the emails in these three categories would have been retained in his business email account or the business email account of the Madison employee sending or receiving the

3

email. He said that he did not recall deleting any emails that had anything to do with Pipeline, Thunder or this lawsuit from his personal email account at any time before or after April 7, 2015. He noted that since his deposition, he had reviewed his personal email account and confirmed that, other than the emails falling into any of the three above-mentioned categories, it contained no emails that pertain in any way to Pipeline, Thunder or this lawsuit.

## IV.

In their motion, plaintiffs acknowledged that Gordon's cell phone texts and data may not be retrievable. Nevertheless, they seek an answer concerning the efforts made by defendants to retrieve this information.

A statement of unavailability of additional responsive documents is not a proper objection and is rather a statement of fact.[1] "Such a statement of fact, like any other given in the course of litigation, requires more than such a conclusory assertion of the existence of such a fact. It also requires evidence tending to prove or disprove the existence of such fact."[2]

The court finds that defendants have fulfilled that obligation here. Defendants have provided an answer to plaintiffs' requests concerning the cell phones. In Gordon's affidavit, he states that neither he nor Madison has the cell phones he used in 2014 and the first half of 2015. Without access to the phones, defendants cannot be compelled to obtain information from them. The court simply cannot order defendants to produce information that is no longer available. Moreover, Gordon stated in his deposition that, pursuant to his normal practice, all texts prior to April 7, 2015, were deleted. And, he indicated that he never deleted any texts from his cell phone of any significance to this lawsuit after April 7, 2015. Gordon's counsel has confirmed with

---

[1] *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 671 (D.Kan. 2005); *Oxford House, Inc. v. City of Topeka*, No. 06-4004-RDR, 2007 WL 1246200, at * 3 (Apr. 27, 2007).
[2] *Oxford House*, 2017 WL 1246200, at * 3.

4

Gordon's cell phone carrier that once texts are deleted, they cannot be recovered. In addition, plaintiffs have failed to demonstrate that there are any "missing" cell phone records. Mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures.[3] A mere desire to check that the opposition has been forthright in its discovery responses is not a good enough reason for a court order compelling computer forensic examination.[4] Under these circumstances, the court cannot compel defendants to produce the information requested by plaintiffs.

Concerning his personal email account, Gordon has explained that he does not usually receive any business emails on his personal email account. To the extent that such emails appeared on his personal email account, he has explained how that happened. All of those emails, however, would have appeared on his business email account. Finally, he has stated that he has reviewed his personal email account, and with the exceptions he has noted, no other emails related to Pipeline, Thunder or this lawsuit are contained on it. Again, plaintiffs have failed to show that there are "missing" emails. The court fails to find any reason to compel defendants to take further steps. Plaintiffs' motion to compel is denied.

With this decision, the court does not reach plaintiffs' claim of spoliation. Such a claim may be pursued by plaintiffs at a later time, if they believe it is appropriate.

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF BRETT MOSIMAN'S TELEPHONE RECORDS**

In their motion, defendants seek an order compelling plaintiff Brett Mosiman to produce his telephone records. Specifically, they request that Mosiman be ordered to produce records from his cell phone carrier, actual screenshots of text messages, and audio files of his voicemails. They

---

[3] *McCurdy Group, LLC v. Am. Biomedical Group, Inc.*, 9 Fed. Appx. 822, 831 (10th Cir. 2001).
[4] *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, No. 12-2515, 2013 WL 3974535, * 2 (E.D.La. Aug. 2, 2013).

note that plaintiffs have produced more than 39,000 pages of documents, but they have not found any records of incoming and outgoing voice calls in that production. They acknowledge that plaintiffs have produced summaries and re-creations of cell phone records, listing messages and voicemails on Excel spreadsheets, but they have not produced the records noted previously.

Plaintiffs have responded that (1) the parties did not sufficiently meet and confer on this issue; (2) defendants failed to follow the court's ESI guidelines; and (3) they provided all the responsive data from Mosiman's cell phone. Initially, they suggest the parties did not adequately meet and confer because defendants refused to allow the parties' IT personnel to discuss their concerns. Next, they assert that defendants failed to follow the court's ESI guidelines because they ignored plaintiffs' request to have the parties' IT personnel discuss the issue before filing this motion. Finally, they contend they have provided all data from Mosiman's cell phone, but not in a format acceptable to defendants.

The court is not persuaded by any of the arguments raised by plaintiffs. The record shows that the parties did sufficiently meet and confer on this issue. The court also finds no violation of the court's ESI guidelines. The court sees no need for any involvement by IT personnel. This is not a formatting issue as suggested by plaintiffs. Rather, defendants have requested original cell phone billing records. This request, of course, does not require any involvement by IT personnel since these records can be obtained from his phone carrier. The other requests for screenshots of the text messages and the audio files of voicemails also do not appear to require the involvement of IT personnel. Plaintiffs have offered no explanation why these cannot be produced.

Thus, the court grants defendants' motion. Plaintiffs shall produce to defendants the following matters from Mosiman's cell phone during the period from May 2014 through April 2015: (1) original records from his cell phone carrier, Sprint (with personal telephone calls and

any telephone calls that did not pertain to the Thunder on the Mountain music festival redacted), (2) screenshots of text messages; and (3) audio files of voicemails. Production of all records shall be made on or before October 19, 2018.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Compel Bryan Gordon's Texts, Cell Data and Personal Emails (ECF No. 214) be denied.

**IT IS FURTHER ORDERED** that defendants' Motion to Compel Production of Plaintiff Brett Mosiman's Telephone Records (ECF No. 213) be granted.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
