IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC., and )
BRETT MOSIMAN, )
                       Plaintiffs, )
v. ) Case No. 15-4890-KHV
THE MADISON COMPANIES, LLC, )
and HORSEPOWER ENTERTAINMENT, )
LLC, )
                       Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the court upon defendants' Motion for Protective Order for Plaintiffs' Second Amended Rule 30(b)(6) Notice of Deposition (ECF No. 246).[1] For the following reasons, this motion is granted in part and denied in part.

I.

This action arises from a failed country music concert in Arkansas, the Thunder on the Mountain music festival. Plaintiffs allege that they entered into a joint venture with the defendants to own and produce the music festival. Plaintiffs contend that defendants reneged on the agreement, and the festival had to be cancelled. Defendants have filed counterclaims against plaintiffs.

---

[1] Plaintiffs filed a Motion for Leave to File Sur-Reply (ECF No. 267). District of Kansas Rule 7.1 allows parties to file a motion, response, and reply, but makes no mention of a surreply. Typically, surreplies are not allowed. *Jones v. BNSF Ry. Co.*, No. 14-2616-JAR-KGG, 2016 WL 3671233, at *1 (D. Kan. July 11, 2016). In rare cases, though, the court may permit a party to file a surreply. *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004). The court is not persuaded that a surreply is necessary here. The court does not find that defendants raised new arguments in its reply as suggested by plaintiffs. Accordingly, plaintiffs' motion is denied.

II.

Defendants request that the court strike Topic 30 because it requests information that was previously stricken by the court as irrelevant. Defendants also request that the court quash Topics 2-8, 15, 22, 26-30 and 33 to the extent that they purport to require defendants' representatives to provide testimony concerning the KAABOO entities. Finally, they contend the court should strike the phrase "related entities" from Topics 5-6, 15, 22, 26-30 and 33, and quash in their entirety Topics 2-4, 7-8 and 30.

III.

On April 30, 2018, plaintiffs served defendants with a Rule 30(b)(6) Notice of Deposition, containing 30 topics.[2] Defendants eventually responded with a motion for protective order.[3] While the motion for protective order was pending, plaintiffs re-noticed the Rule 30(b)(6) deposition.[4] Most of the topics were identical to the original notice. Defendants again objected to many of the categories, and subsequently filed a second motion for protective order.[5]

On July 13, 2018, the court granted in part defendants' motion for protective order.[6] In the order, the court held that Topics 2, 3, 10, 15, 19-22 and 28 should be limited on the basis that the phrase "related entities" rendered the topics "vague, overbroad, and unlimited in scope."[7] The court therefore struck from these topics the phrase "related entities."[8]

In addition, the court quashed all topics that sought information about defendants' investors, including Topic 24, which sought testimony about "Defendants' communications with

---

[2] Notice by Pls' of Taking Dep. of Corp. Rep(s), ECF No. 127.
[3] Defs' Mot. for Protective Order, ECF No. 130.
[4] Am. Notice by Pls' of Taking Dep. of Corp. Rep(s), ECF No. 137.
[5] Defs' Mot. for Protective Order, ECF No. 141.
[6] Order, ECF No. 203.
[7] *Id.*, at 4.
[8] *Id.*

2

investors regarding Thunder and/or this lawsuit."[9] The court reasoned that "the relevance of these topics is not plain on their face."[10] In so doing, the court referenced its prior ruling denying a motion to compel discovery concerning defendants' investors, which stated that "the court is at a loss on the relevance of investors' knowledge and complaints about similar transactions."[11]

After the court's order of July 13th, the parties selected August 28, 29, and 31, 2018, as dates for the Rule 30(b)(6) deposition. On August 8, 2018, plaintiffs filed a Second Amended 30(b)(6) Notice of Deposition.[12] This notice altered the prior topics in several respects.

The Second Amended Notice led to the filing of the instant motion, after the parties had met and conferred about these topics. Defendants contend that the new notice "added eight new topics and modified nine other topics that were allowed only subject to the Court's express limitation on the scope of those topics."[13] Defendants further contend that the additions and modifications "directly contravened the Court's limitation on the areas on which Plaintiffs could seek testimony."[14] Defendants noted that plaintiffs had included a topic (Topic 30) that sought information concerning defendants' investors even though the court had quashed three topics in the July 13th order seeking information concerning defendants' investors.[15] Defendants also note that, while the July 13th order had struck the language "related entities" from nine topics, plaintiffs had reinserted the same phrase into Topics 5-8, 15, 22, 26-30 and 33.[16] Defendants argue that "[w]hile the topics purport to limit the phrase 'related entities' to 'companies Defendants have control over as described in the Court's Order dated June 20, 2018,' the definition still does not

---

[9] *Id.*, at 5.
[10] *Id.*
[11] *Id.*
[12] Am. Notice by Pls' of Taking Dep. of Corp. Rep(s), ECF No. 220.
[13] Defs' Mot. for Protective Order, at 10, ECF No. 246.
[14] *Id.*
[15] *Id.*, at 12-13.
[16] *Id.*, at 11.

3

actually identify the entities 'related' to Defendants about which Plaintiffs seek testimony."[17] Defendants further contend that plaintiffs' efforts to obtain information about the KAABOO entities should be quashed.[18] They assert that plaintiffs have failed to show that they control the KAABOO entities, or even if they do, that information concerning the KAABOO entities is relevant or proportional.[19] Finally, defendants suggest that Topics 2-4, 7-8 and 30 should be quashed in their entirety.[20]

    A. Related Entities/KAABOO Entities

The court shall begin with the topics that refer to the phrase "related entities." In the prior order, the court limited certain topics because the phrase "related entities" rendered the topics "vague, overbroad, and unlimited in scope." In the new notice, plaintiffs again used the "related entities" phrase on eleven topics, but sought to limit the phrase to "companies Defendants have control over."

The court again finds plaintiffs' use of the phrase "related entities" in these topics is improper. In the prior order, the court determined that this phrase was vague and overbroad because plaintiffs had failed to identify any specific entities. Except for the KAABOO entities, plaintiffs have again failed to identify any "related entities." Plaintiffs' efforts to limit the information to companies that defendants control does not remedy the problem. Without any specification of any particular entity, the court finds that the phrase "related entities" should be eliminated from Topics 5-8, 15, 22, 26-30 and 33.

The court now turns to plaintiffs' request for information concerning the KAABOO entities. Plaintiffs raise several arguments concerning the KAABOO entities. They have

---

[17] *Id.*
[18] *Id.*, at 13-17.
[19] *Id.*, at 17-23.
[20] *Id.*, at 12.

4

suggested they are entitled to information from the KAABOO entities because defendants exercise control over them.[21] Plaintiffs point to the following matters in the record in support of their contention of control: (1) defendants share common ownership with KAABOO; (2) defendants share the same executives with KAABOO; (3) defendants share an office with KAABOO; (4) defendants' employees became KAABOO employees; (5) defendant Madison transitioned its musical festival business from defendant Horsepower to KAABOO; (6) defendants changed their structure because of this litigation; (7) KAABOO Del Mar music festival was presented by defendant Horsepower; (8) defendants mailed an investment opportunity packet for KAABOO; (9) defendants' counsel represent KAABOO in other litigation; and (10) defendants were recently sued, along with KAABOO, in a music festival case alleging breach of contract.[22]

Defendants, however, suggest that plaintiffs have failed to show that they manage or control the KAABOO entities.[23] They assert that the KAABOO entities are separate and distinct legal entities and each was created for a different business purpose.[24] Defendants also argue that the KAABOO entities are irrelevant to this action.[25] Defendants note that the KAABOO entities never invested in, participated in, negotiated about, or were otherwise involved with Thunder on the Mountain music festival.[26] They note that plaintiffs have never alleged that the KAABOO entities entered into or breached any agreements concerning the music festival.[27] They contend that an examination of the assertions put forth by plaintiffs on the relevance of the KAABOO entities show that the KAABOO entities had nothing to do with this lawsuit.[28] Finally, they argue

---

[21] Pls' Rep. to Defs' Mot. for Protective Order, at 7, ECF No. 261.
[22] *Id.*, at 7-9.
[23] Defs' Reply in Supp. of Mot. for Protective Order, at 4-6, ECF No. 265.
[24] *Id.*, at 9-14.
[25] *Id.*, at 14-18.
[26] *Id.*, at 14-15.
[27] *Id.*, at 15.
[28] *Id.*, at 15-18.

that the discovery sought by plaintiffs, even if somehow relevant, is not proportional to the needs of the case.[29]

Rule 26(a) of the Federal Rules of Civil Procedure allows for the discovery of "documents, electronically stored information, and tangible things" in the responding party's "possession, custody, or control."[30] Similarly, Rule 34(a) and Rule 45(a) obligate a party responding to a document request or subpoena to produce "documents, electronically stored information, and tangible things" in that party's "possession, custody, or control."[31] Yet, the Rules are silent on what the phrase "possession, custody, or control" means.

In Kansas, documents are within a party's "possession, custody, or control," for the purposes of Rule 34, if the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand.[32] Control under Rule 34 is interpreted to warrant production where the parties' history, association, and assignments and transactions together show sufficient mutuality, and where the non-party agrees to produce documents at the request of a party.[33] Other factors to consider when determining whether a party has control of documents are (1) the use or purpose to which the materials were employed (2) whether the materials were acquired, or maintained with the party's assets (3) whether the party determined the material's use, location, possession, or access (4) who actually had access to and use of the materials (5) the extent to which the materials serve the party's interest and (6) any formal or informal evidence of a transfer or ownership or title.[34]

---

[29] *Id.*, at 18-19.
[30] Fed. R. Civ. P. 26(a).
[31] Fed. R. Civ. P. 34(a) and 45(a).
[32] *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516-518 (D.Kan. 2007).
[33] *Id.*
[34] *Id.*

6

The party seeking discovery bears the burden of proving that the opposing party has control over those documents.[35] The mere fact that the documents are in the possession of a parent or sister corporation does not automatically establish "control."[36] In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce.

The record shows there is some overlap in ownership and management between the defendants and the KAABOO entities. These factors alone provide some support for a finding of control by the defendants over the KAABOO entities. But, an examination of the other factors does not provide support for such a finding.

The KAABOO entities are separate entities with separate operations that manage separate products. The KAABOO entities are involved in music festivals of other genres in locations much different than the Thunder on the Mountain festival. Moreover, there is no evidence that the KAABOO entities were involved in the Thunder on the Mountain festival. KAABOO was created prior to this dispute. There is no indication that the KAABOO entities were ever held out as an agent or representative of the defendants concerning the proposed investment in the Thunder on the Mountain festival. Some of the factors noted by plaintiffs as support for control by the defendants lack adequate evidentiary support, e.g., that defendant Madison transitioned its musical festival business from defendant Horsepower to KAABOO and defendants changed their structure because of this litigation. Other factors lack legal support to demonstrate control, e.g., that KAABOO and defendants have previously shared counsel.[37] In sum, the court finds that plaintiffs

---

[35] *Id.*, at 516.
[36] *Id.*
[37] *Kendall State Bk. V. W. Point Underwriters, LLC*, No. 10-23190JTM-KGG, 2011 WL 5506278, at *2-3 (D.Kan. Nov. 9, 2011).

7

have failed to demonstrate the necessary control obligating the defendants to produce the evidence from the KAABOO entities.

Even if the record showed some control of the KAABOO entities by the defendants, the court is not persuaded that plaintiffs have shown that KAABOO activities are relevant here. Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[38] Relevance, at the discovery stage, is broadly construed.[39] "'[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense" will be deemed relevant.[40]

Plaintiffs have made no allegations that the KAABOO entities made any promises or representations concerning the Thunder on the Mountain music festival. Plaintiffs do not allege that KAABOO breached any agreement, interfered with any of its relationships, or acted as an agent on behalf of the defendants. Plaintiffs have suggested that the proposed discovery of KAABOO is relevant to their claims because it will show (1) the background of the defendants and KAABOO; (2) the defendants' experience in the music festival business; (3) evidence of plaintiffs' tortious interference claim; (4) plaintiffs' damages; (5) defendants' pattern and practice of fraud; and (6) defendants sought investors for the Thunder on the Mountain festival behind plaintiffs' back.[41]

---

[38] Fed. R. Civ. P. 26(b)(1).

[39] See *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[40] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 amendment to Rule 26(b)(1)). See also *Waters v. Union Pac. R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." (internal quotations and citation omitted)).

[41] Pls' Reply, at 14-18.

The court has examined each of the matters noted by plaintiffs as support for their contention that discovery concerning the KAABOO entities is relevant to their claims. The court is not persuaded that any of them are sufficient to show relevance. Plaintiffs have failed to adequately explain how these matters are relevant to their claims.

Finally, the court agrees with defendants that, even if the requested discovery is tangentially relevant, it is not proportional. Proportionality is to be determined by considering, to the extent applicable, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[42] An application of these factors suggests that this discovery is not proportional. There is little question that discovery concerning the KAABOO entities would expand discovery significantly, and the court is not persuaded that the benefit of this discovery would outweigh the burden or expense of it.

B. Topic 30

The court next turns to Topic 30, where plaintiffs seek defendants' communications with investors regarding the Thunder on the Mountain music festival and/or this lawsuit. Defendants contend that the court has previously quashed this topic, and the court should quash it again.

Plaintiffs point out that, since the court's last order, they have received information that defendants prepared investment packets to send to potential investors as early as November 2014 concerning the Thunder on the Mountain music festival. The court recognizes that the parties dispute the nature of these "investment packets." Nevertheless, the court is now persuaded that plaintiffs have demonstrated that defendants' communications with its investors regarding the

---

[42] Fed. R. Civ. P. 26(b)(1).

music festival could be relevant. Accordingly, the court will not quash Topic 30. The court will allow plaintiffs to seek information from defendants on communications they had with investors on the Thunder on the Mountain music festival and/or this lawsuit.

C. Topics 7 and 8

With the deletion of the references to the KAABOO entities and related entities, plaintiffs seek in Topic 7 the financial projections and budgets for any other music festival owned, operated and/or managed by defendants. With the same deletions, plaintiffs seek in Topic 8 the ticket sales, profits, revenues and expenses for any other music festival owned, operated and/or managed by the defendants. Defendants have not offered any basis for a protective order on these matters. Accordingly, defendants' request to quash these topics in their entirety are denied.

D. Topics 2 and 4

Finally, the court turns to Topics 2 and 4. Plaintiffs ask that defendants be required to produce information on the "Madison-family companies" referenced by Bryan Gordon in his July 11, 2018 deposition that were in existence any time from January 2014 to the present. Plaintiffs also seek information concerning the control of these companies by the defendants. Defendants contend that these topics should be quashed because they should not be required to provide testimony concerning the activities of entities that are not parties to this lawsuit.

For the reasons noted previously, the court is not persuaded that this discovery is relevant to this case. Plaintiffs have failed to show that any of companies related to the defendants were involved in the Thunder on the Mountain music festival. Without such a showing, the court cannot find that the requested discovery is relevant here. Accordingly, defendants' motion to quash these topics is granted.

IV.

With these rulings, the court grants defendants' motion in part and denies it in part. The court finds that the phrase "related entities" should be eliminated from Topics 5-8, 15, 22, 25-30 and 33. The court also finds that plaintiffs are not entitled to obtain discovery on the KAABOO entities as requested in Topics 2-8, 15, 22, 25-30 and 33. The court further finds that Topics 2 and 4 should be quashed. With the deletion of "related entities" from Topics 7 and 8, plaintiffs are entitled to obtain the discovery sought in those topics from the defendants. Plaintiffs may also obtain the discovery from defendants on communications they had with investors on the Thunder on the Mountain music festival and/or this lawsuit as requested in Topic 30.

**IT IS THEREFORE ORDERED** that defendants' Motion for Protective Order for Plaintiffs' Second Amended Rule 30(b)(6) Notice of Deposition is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to File Surreply (ECF No. 267) is denied.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge
