## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., | ) | |
| BACKWOOD ENTERPRISES, LLC, | ) | |
| OK PRODUCTIONS, INC., and | ) | |
| BRETT MOSIMAN, | ) | |
| | ) | Case No. 5:15-cv-04890-KHV-KGS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE MADISON COMPANIES, LLC, and | ) | |
| HORSEPOWER ENTERTAINMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' SUPPLEMENTAL DISCLOSURES

Plaintiffs make the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) based upon information currently known and available to them. Plaintiffs reserve the right to alter, amend, or supplement these disclosures, if necessary, at a later time.

### I.  PERSONS WITH DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES

1.    Brett Mosiman (contact through Plaintiffs' counsel)

Mr. Mosiman has knowledge of the factual allegations in the Amended Complaint, including but not limited to, Defendants' breach of their contract to pay $750,000.00, fund $500,000.00 of operating capital for the Thunder on the Mountain ("Thunder") music festival, and pay $80,000.00 for production of the festival in exchange for a 51% interest in Thunder. He also has knowledge of Defendants' pilfering of Plaintiffs' key partners and employees. Finally, he has knowledge of the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

2.    Matt Gough
Barber Emerson, L.C.
1211 Massachusetts St., P.O. Box 667, Lawrence KS 66044-3351
(785) 843-6600

EXHIBIT B

Mr. Gough has knowledge of the negotiations that occurred between the parties, Defendants' agreement to purchase 51% of Thunder, and Defendants' breach of their contract.

3.    Terry Campbell
      Barber Emerson, L.C.
      1211 Massachusetts St., P.O. Box 667, Lawrence KS 66044-3351
      (785) 843-6600

Mr. Campbell has knowledge of the negotiations that occurred between the parties, Defendants' agreement to purchase 51% of Thunder, and Defendants' breach of their contract.

4.    Lyndsay McElderry (contact through Plaintiffs' counsel)

Ms. McElderry has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

5.    Chelsea Boisen
      5938 S. Vail Rd., Boulder, CO 80303
      (785) 393-0234

Ms. Boisen has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

6.    Aaron Stehman
      (785) 764-9773

Mr. Stehman has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

7.    Isaac Flynn
      (785) 979-1853

Mr. Flynn has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

8.    Liz Larimore (contact through Plaintiffs' counsel)

Ms. Larimore has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

9.      Nicole Geist (contact through Plaintiffs' counsel)

Ms. Geist has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

10.     Julia Ozark
        718 Schwartz Rd., Lawrence, KS 66049
        (785) 760-3203

Ms. Ozark has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

11.     AJ Niland
        (504) 235-4059

Mr. Niland has knowledge of the music festival industry, valuation of music festivals, damage to reputation due to cancellation of concerts, and Defendants' bait and switch tactics.

12.     Todd Coder
        (205) 281-0889

Mr. Coder has knowledge of the parties' agreement and Defendants' daily involvement and control in Thunder. He also has knowledge regarding valuation of music festivals.

13.     Bob Vogt
        (707) 337-5275

Mr. Vogt has knowledge of the music festival industry, valuation of music festivals, damage to reputation due to cancellation of concerts, and Defendants' bait and switch tactics.

14.     Chris Kennedy
        (345) 949-7576

Mr. Kennedy has knowledge of Defendants' fraudulent business practices.

15.     Chris Brown
        (303) 332-5442

Mr. Brown has knowledge of Defendants' fraudulent business practices.

16.     Max Bischman
        (414) 791-9629

Mr. Bischman has knowledge of the parties' agreement and Defendants' daily involvement and control in Thunder. He also has knowledge regarding Defendants' fraudulent business practices.

17.     Brian Wingerd
        (785) 691-9616

Mr. Wingerd has knowledge of Defendants' daily involvement and control in Thunder. He also has knowledge regarding Defendants' pilfering of Plaintiffs' key partners and employees and fraudulent business practices.

18.     Brian Pilsl
        (305) 619-5129

Mr. Pilsl has knowledge of Defendants' daily involvement and control in Thunder. He also has knowledge regarding Defendants' pilfering of Plaintiffs' key partners and employees and fraudulent business practices.

19.     Bentley Hodges

Mr. Hodges has knowledge of Defendants' daily involvement and control in Thunder and fraudulent business practices.

20.     Barry Shear
        (312) 330-3117

Mr. Shear has knowledge of the music festival industry, valuation of music festivals, and damage to reputation due to cancellation of concerts.

21.     Briana Mosiman
        1747 Lake Alvamar Dr., Lawrence, KS 66047
        (785) 550-2401

Ms. Mosiman has knowledge of the parties' agreement and Defendants' daily involvement and control in Thunder. She also has knowledge regarding the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

22.    John Murdock

Mr. Murdock has knowledge of the negotiations that occurred between the parties and Defendants' bait and switch tactics.

23.    Gary Burghart

Mr. Burghart has knowledge of the negotiations that occurred between the parties and Defendants' bait and switch tactics.

24.    Andrew Kelly

Mr. Kelly has knowledge of the negotiations that occurred between the parties and Defendants' bait and switch tactics.

25.    Suzanne Land

Ms. Land has knowledge of the negotiations that occurred between the parties and Defendants' fraudulent business practices.

26.    Colleen Hodges
        Roark & Associates
        3504 Westridge Drive, Lawrence, KS 66049-2258
        (785) 842-3431

Ms. Hodges has knowledge of Plaintiffs' books and accounts and the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

27.    Mike Roark
        Roark & Associates
        3504 Westridge Drive, Lawrence, KS 66049-2258
        (785) 842-3431

Mr. Roark has knowledge of Plaintiffs' books and accounts and the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

28.     Bill Leigon

Mr. Leigon has knowledge of Defendants' fraudulent business practices.

29.     David Saab
         (913) 636-1407

Mr. Saab has knowledge of Defendants' breach. He also has knowledge of the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward, as well as the devastating impact Defendants' conduct had on Thunder's vendors and employees.

30.     Jeff Kreinek
         (512) 731-9120

Mr. Kreinek has knowledge of the music festival industry and Defendants' daily involvement and control in Thunder.

31.     Aaron Pinkus
         (310) 962-9625

Mr. Pinkus has knowledge of the music festival industry, valuation of music festivals, and damage to reputation due to cancellation of concerts.

32.     Any person identified by any other party identified in any other party's initial disclosures, supplemental disclosures, documents disclosed, in response to written discovery requests, attached to pleadings, identified by Defendants in support of any asserted claims or defenses, or otherwise contained in documents exchanged in this matter.

33.     Any expert witness or other person to be later determined and disclosed including, but not limited to any person necessary for impeachment, rebuttal, rehabilitation, or expert testimony.

34.     Any of Defendants' (past and present) members, investors, managers, partners, joint venturers, attorneys, corporate parents, customers, subsidiaries, divisions, accountants, partners, agents, employees, advisors, representatives, professionals, lenders, consultants, assignees, affiliates, or other persons who may have acted, or purported to act, or are purporting to act, on behalf of Defendants and/or any of the foregoing persons or entities.

This is not an exhaustive list as discovery is just beginning. Plaintiffs reserve the right to add, delete, and/or otherwise modify these witnesses.

II. **DOCUMENTS PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES**

1. Emails and texts by and between the parties regarding negotiations, Defendants' agreement, Defendants' control over Thunder preparations, and Defendants' breach

2. Draft contracts and exhibits reflecting the parties' negotiations and Defendants' bait and switch tactics

3. Text and phone records between the parties

4. Emails and texts by and between Defendants' officers, directors and employees regarding negotiations and Thunder

5. Defendants' marketing materials and public statements relating to music festivals

6. Accounting records, CAA deposits, ticketing records and audits, TSYS credit processing reports, property appraisals

7. Documents reflecting Defendants' bait and switch tactics

8. Documents reflecting Defendants' fraudulent business practices

9. Documents reflecting Defendants' similar complaints and lawsuits

10. Personnel files of Plaintiffs' employees and vendors that went to work for Defendants

11. Emails and texts by and between Defendants and Plaintiffs' employees regarding coming to work for Defendants

12. Documents reflecting Defendants' profits and losses from their music festivals

13. Any and all documents exchanged with any other party in discovery and/or received from any non-party entities related to Thunder

This is not an exhaustive list as this case is just beginning. Plaintiffs reserve the right to add, delete, and/or otherwise modify witnesses.

### III.    COMPUTATION OF DAMAGES

Plaintiffs seek damages and/or restitution from Defendants for: failing to make required payments pursuant to the parties' agreement regarding Thunder; denying responsibility for Thunder losses; money owed to Thunder ticketholders and vendors, including class members in the Arkansas class action lawsuits and settlement funds paid to them; Plaintiffs' and related entities' lost profits, value and income; damages to Plaintiffs' reputation; damages relating to Defendants' raiding of Plaintiffs' key employees and partners; and punitive damages to prevent Defendants from continuing their bait and switch tactics and fraudulent business practices.

Plaintiffs will calculate damages at trial using Defendants' own valuation of Plaintiffs' festival holdings of approximately $13M; Thunder records and receipts; Plaintiffs' and related entities' financial statements; Defendants' valuation of their music festivals; industry valuations; and comparables; among other things. Plaintiffs anticipate using one or more experts to establish the value of Plaintiffs' music festivals, ticketing companies, and land holdings.

### IV.    INSURANCE AGREEMENTS

Not applicable.

Dated: March 8, 2018                          Respectfully submitted,

|  | **MCINNES LAW LLC**<br>By:  */s/ Jack McInnes*<br>Jack D. McInnes (KS #21898)<br>3500 West 75th Street, Suite 200<br>Prairie Village, Kansas  66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br><br>**ATTORNEY FOR PLAINTIFFS** |
|---|---|

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 8th day of March, a true and correct copy of the foregoing document was served via email on counsel for Defendants.

                          By: *_/s/ Jack McInnes_*