# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., ) | |
| BACKWOOD ENTERPRISES, LLC, ) | |
| OK PRODUCTIONS, INC., and ) | |
| BRETT MOSIMAN, ) | |
| ) | Case No. 5:15-cv-04890-KHV-KGS |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE MADISON COMPANIES, LLC, and ) | |
| HORSEPOWER ENTERTAINMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' SECOND SUPPLEMENTAL DISCLOSURES

Plaintiffs make the following supplemental disclosures pursuant to Rule 26(a)(1) and the Scheduling Order in this case based upon information currently known and available to them. Plaintiffs reserve the right to alter, amend, or supplement these disclosures, if necessary, as additional information is discovered.

**I.   PERSONS WITH DISCOVERABLE INFORMATION THAT PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES**

1.   Brett Mosiman (contact through Plaintiffs' counsel)

Mr. Mosiman has knowledge of the factual allegations in the Amended Complaint, including but not limited to, Defendants' breach of their contract to pay $750,000.00, fund $500,000.00 of operating capital for the Thunder on the Mountain ("Thunder") music festival, and pay $80,000.00 for production of the festival in exchange for a 51% interest in Thunder. He also has knowledge of Defendants' bait and switch tactics, as well as Defendants' pilfering of Plaintiffs' key partners and employees. Finally, Mr. Mosiman has knowledge of the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

**EXHIBIT C**

    2.     Matt Gough
           Barber Emerson, L.C.
           1211 Massachusetts St., P.O. Box 667, Lawrence, Kansas 66044-3351
           (785) 843-6600

Mr. Gough has knowledge of the negotiations that occurred between the parties, Defendants' agreement to purchase 51% of Thunder, Defendants' breach of the contract, and Defendants' bait and switch tactics.

    3.     Colleen Hodges
           Roark & Associates, 3504 Westridge Drive, Lawrence, Kansas 66049-2258
           (785) 842-3431

Ms. Hodges has knowledge of Plaintiffs' books and accounts and the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

    4.     Mike Roark
           Roark & Associates, 3504 Westridge Drive, Lawrence, Kansas 66049-2258
           (785) 842-3431

Mr. Roark has knowledge of Plaintiffs' books and accounts and the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

    5.     Brian Pilsl
           Tampa, Florida
           (303) 619-5129

Mr. Pilsl has knowledge of Defendants' daily involvement and control in Thunder, including promoting, marketing, and sales. He also has knowledge regarding Defendants' pilfering of Plaintiffs' key partners and employees and fraudulent business practices.

    6.     Brian Wingerd
           Lawrence, Kansas
           (785) 691-9616

Mr. Wingerd has knowledge of Defendants' daily involvement and control in Thunder, including promoting, marketing, and sales. He also has knowledge regarding Defendants' pilfering of Plaintiffs' key partners and employees and fraudulent business practices.

7. Lyndsay McElderry (contact through Plaintiffs' counsel)

Ms. McElderry has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

8. Chelsea Boisen
   5938 S. Vail Rd., Boulder, Colorado 80303
   (785) 393-0234

Ms. Boisen has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

9. Aaron Stehman
   Lawrence, Kansas
   (785) 764-9773

Mr. Stehman has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

10. Isaac Flynn
    Lawrence, Kansas
    (785) 979-1853

Mr. Flynn has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

11. Liz Larimore (contact through Plaintiffs' counsel)

Ms. Larimore has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

12. Nicole Geist (contact through Plaintiffs' counsel)

Ms. Geist has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

13.     Julia Ozark
        718 Schwartz Rd., Lawrence, Kansas 66049
        (785) 760-3203

Ms. Ozark has knowledge of Defendants' daily involvement and control in Thunder preparations, including promoting, marketing, and sales.

14.     Todd Coder
        Birmingham, Alabama
        (205) 281-0889

Mr. Coder has knowledge of the parties' agreement and Defendants' daily involvement and control in Thunder preparation. He also has knowledge regarding valuation of music festivals and damage to reputation due to cancellation of concerts.

15.     A.J. Niland
        New Orleans, Louisiana
        (504) 235-4059

Mr. Niland has knowledge of the music festival industry, valuation of music festivals, damage to reputation due to cancellation of concerts, and Defendants' pattern and practice of fraudulent conduct, including bait and switch tactics.

16.     Bob Vogt
        San Diego, California
        (707) 337-5275

Mr. Vogt has knowledge of the music festival industry, valuation of music festivals, damage to reputation due to cancellation of concerts, and Defendants' pattern and practice of fraudulent conduct, including bait and switch tactics. He also has knowledge regarding the negotiations between the parties.

17.     Chris Kennedy
        (345) 949-7576

Mr. Kennedy has knowledge of Defendants' fraudulent business practices.

18.     Bill Leigon
        Napa, California

Mr. Leigon has knowledge of Defendants' fraudulent business practices.

19.      Jeff Kreinek
(512) 731-9120

Mr. Kreinek has knowledge of the music festival industry and Defendants' daily involvement and control in Thunder.

20.      Aaron Pinkus
(310) 962-9625

Mr. Pinkus has knowledge of the music festival industry, valuation of music festivals, and damage to reputation due to cancellation of concerts.

21.      Briana Mosiman
Lawrence, Kansas

Ms. Mosiman has knowledge of Defendants' agreement to purchase 51% of Thunder, and the devastating impact Defendants' conduct had on Plaintiffs' finances, reputation, and ability to put on music festivals going forward.

22.      Chris Brown
Denver, Colorado
(303) 332-5442

Mr. Brown has knowledge of the negotiations that occurred between the parties, Defendants' agreement to purchase 51% of Thunder, Defendants' breach of the contract, and Defendants' pattern and practice of fraudulent conduct, including bait and switch tactics.

23.      Bentley Hodges
Denver, Colorado

Mr. Hodges has knowledge of Defendants' agreement to purchase 51% of Thunder, Defendants' breach of contract, and Defendants' daily involvement and control in Thunder preparations. He also has knowledge regarding Defendants' bait and switch tactics.

24.      Max Bischman
Denver, Colorado

Mr. Bischman has knowledge of Defendants' agreement to purchase 51% of Thunder, Defendants' breach of contract, and Defendants' daily involvement and control in Thunder preparations. He also has knowledge regarding Defendants' bait and switch tactics.

25. Julie Coleman

Ms. Coleman has knowledge of the parties' agreement and Defendants' daily involvement and control in Thunder preparations. She also has knowledge regarding Defendants' bait and switch tactics.

26. Andrew Kelly

Mr. Kelly has knowledge of the negotiations that occurred between the parties and Defendants' bait and switch tactics.

27. Suzanne Land
    Cincinnati, Ohio

Ms. Land has knowledge of the negotiations that occurred between the parties, including Defendants' threat to file a lawsuit in Delaware unless Plaintiffs accepted a different deal, and Defendants' fraudulent business practices.

28. Bryan Gordon (through Defendants' counsel)

Mr. Gordon has knowledge of the negotiations that occurred between the parties, Defendants' agreement regarding Thunder, Defendants' daily involvement and control in Thunder preparation, and Defendants' breach of the contract. He also has knowledge regarding Defendants' pattern and practice of fraudulent conduct, including Defendants' bait and switch tactics and abuse of the litigation process. Mr. Gordon has knowledge of Defendants' pilfering of Plaintiffs' key partners and employees. He also has knowledge regarding Defendants' alleged defenses and counterclaims, including that Defendants loaned Plaintiffs money. Mr. Gordon additionally has knowledge of the music festival industry, including Kaaboo's ticket sales and financial performance. Finally, he has knowledge regarding Defendants' fraudulent transfer of assets.

29. Rob Walker (through Defendants' counsel)

Mr. Walker has knowledge regarding Defendants' agreement regarding Thunder and payment to artists. He also has knowledge of Defendants' pattern and practice of fraudulent conduct. Mr. Walker further has knowledge regarding Defendants' alleged defenses and counterclaims, including that Defendants loaned Plaintiffs money. Finally, he has knowledge of Defendants' fraudulent transfer of assets.

30. Emily Byer (through Defendants' counsel)

Ms. Byer has knowledge regarding Defendants' daily involvement and control in Thunder preparations, including promotion, marketing, and sales. She also has knowledge of Defendants' pattern and practice of fraudulent conduct.

31. Any of Defendants' other (past and present) members, investors, managers, partners, joint venturers, attorneys, corporate parents, customers, subsidiaries, divisions, accountants, partners, agents, employees, advisors, representatives, professionals, lenders, consultants, assignees, affiliates, or other persons who may have acted, or purported to act, or are purporting to act, on behalf of Defendants and/or any of the foregoing persons or entities.

32. Any person identified by any other party identified in any other party's initial disclosures, supplemental disclosures, documents disclosed, in response to written discovery requests, attached to pleadings, identified by Defendants in support of any asserted claims or defenses, or otherwise contained in documents exchanged in this matter.

33. Any expert witness or other person to be later determined and disclosed including, but not limited to any person necessary for impeachment, rebuttal, rehabilitation, or expert testimony.

This is not an exhaustive list as discovery is still ongoing. Plaintiffs reserve the right to add, delete, and/or otherwise modify these witnesses.

## II. DOCUMENTS PLAINTIFFS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES

1. Emails and texts by and between the parties regarding negotiations, Defendants' agreement, Defendants' control over Thunder preparations, and Defendants' breach

2. Defendants' offer to purchase 51% of Plaintiffs' music festival business for approximately $6.5M

3. Draft contracts and exhibits reflecting the parties' negotiations and Defendants' bait and switch tactics

4. Text and phone records between the parties

5. Emails and texts by and between Defendants' officers, directors and employees regarding negotiations and Thunder

6. Defendants' payments to artists

7. Defendants' marketing materials and public statements relating to music festivals

8. Defendants' valuation regarding Plaintiffs' music festival business and Thunder

9. Accounting records, CAA deposits, ticketing records and audits, TSYS credit processing reports, property appraisals

10. Documents reflecting Defendants' bait and switch tactics

11. Documents reflecting Defendants' fraudulent business practices

12. Documents reflecting Defendants' similar complaints and lawsuits

13. Personnel files of Plaintiffs' employees and vendors that went to work for Defendants

14. Emails and texts by and between Defendants and Plaintiffs' employees regarding coming to work for Defendants

15. Documents reflecting Defendants' profits and losses from their music festivals

16. Any and all documents exchanged with any other party in discovery and/or received from any non-party entities related to Thunder

This is not an exhaustive list as discovery is ongoing. Plaintiffs reserve the right to add, delete, and/or otherwise modify witnesses.

### III.  COMPUTATION OF DAMAGES

Plaintiffs seek damages and/or restitution from Defendants for: failing to make required payments pursuant to the parties' agreement regarding Thunder; denying responsibility for Thunder losses; money owed to Thunder ticketholders and vendors, including class members in the Arkansas class action lawsuits and settlement funds paid to them; Plaintiffs' and related entities' lost profits, value and income; damages to Plaintiffs' reputation; damages relating to Defendants' raiding of Plaintiffs' key employees and partners; and punitive damages to prevent Defendants from continuing their bait and switch tactics and fraudulent business practices.

Plaintiffs will calculate damages at trial using Defendants' own valuation of Plaintiffs' festival holdings of approximately $13M; Thunder records and receipts; Plaintiffs' and related entities' financial statements; Defendants' valuation of their music festivals; industry valuations; and comparables; among other things. Plaintiffs anticipate using one or more experts to establish the value of Plaintiffs' music festivals, ticketing companies, and land holdings.

## IV. INSURANCE AGREEMENTS

Plaintiffs produced all insurance agreements subject to the parties' agreement after Judge O'Hara's order.

Dated: July 13, 2018                    Respectfully submitted,

|  | |
|---|---|
|  | **MCINNES LAW LLC**<br>By: */s/ Jack McInnes*<br>Jack D. McInnes (KS #21898)<br>3500 West 75th Street, Suite 200<br>Prairie Village, Kansas  66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br><br>**ATTORNEY FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, a true and correct copy of the foregoing document was served via email on counsel for Defendants.

By: */s/ Jack McInnes*