# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC.,  )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC., and  )
BRETT MOSIMAN,     )
           )
    Plaintiffs,   ) CIVIL ACTION
         ) CASE NO. 5:15-cv-04890-KHV KGS
v.          )
           )
THE MADISON COMPANIES, LLC, )
AND HORSEPOWER    )
ENTERTAINMENT LLC,   )
           )
    Defendants.  )

## DEFENDANTS' SUPPLEMENTAL DISCLOSURES PURSUANT TO F.R.C.P. 26(A)(1)

Defendants/Counterclaim Plaintiffs The Madison Companies, LLC and HorsePower Entertainment, LLC (collectively, "Defendants"), through undersigned counsel, hereby submit the following supplemental disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and the Scheduling Order. Defendants make these supplemental disclosures based upon information currently available to them, and reserve the right to alter, amend, or supplement these supplemental disclosures, if necessary, at a subsequent time.

## I. PERSONS WITH DISCOVERABLE INFORMATION THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(i), the following list sets forth the name and, if known, the address and telephone number of each individual that Defendants presently have reason to believe is likely to have discoverable information that Defendants may use to support their defenses, claims, and/or counterclaims except those who would pertain solely to impeachment.

   1.  Bryan Gordon
      c/o undersigned counsel

EXHIBIT E

Mr. Gordon is the Chairman and CEO of The Madison Companies, LLC and was during the time period at issue.  Mr. Gordon[1] may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages, including discoverable non-privileged information relevant to the parties' business dealings and history; Defendants' negotiations regarding a potential business relationship concerning the ownership, operation and/or promotion of Pipeline's[2] Thunder on the Mountain Music Festival that never culminated ("Proposed Thunder on the Mountain Transaction") and the loan that the parties did agree to ("Completed Loan Transaction"); this action; and certain documents and related exhibits that are relevant to this action.

      2.      Nathan Prenger
              c/o counsel
              SHAFFER LOMBARDO SHURIN PC
              James D. Myers
              2001 Wyandotte
              Kansas City, MO 64108
              jmyers@sls-law.com
              816-931-0500
              816-931-5775 (fax)

On information and belief, Nathan Prenger is an owner of the entity Pipeline and affiliated and/or related entities.  Mr. Prenger may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages, including discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.  Mr. Prenger may also have discoverable non-privileged information relevant to Pipeline's operations and financial performance, and details regarding all music festivals and related businesses that Pipeline, their affiliates, agents and/or related entities owned, operated, and/or promoted, including the Thunder on the Mountain Festival.  Mr. Prenger also has information concerning Pipeline's organization, operation, promotion, and unilateral cancellation of the Thunder on the Mountain Festival and revenue to Pipeline from ticket and pass sales for Thunder on the Mountain, and Count IV of Pipeline's Amended Complaint for Tortious Interference.

      3.      Gary Burghart
              c/o undersigned counsel

Mr. Burghart was the Chief Legal Officer of The Madison Companies, LLC during the time period at issue. Mr. Burghart may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages including discoverable non-privileged

---

[1] In its October 11, 2017 Memorandum and Order, the Court dismissed all claims against Bryan Gordon with prejudice. (Dkt. 64.)  Therefore, Mr. Gordon is no longer a party to this litigation.
[2] Throughout these supplemental disclosures, "Pipeline" is used to refer collectively to Plaintiffs and Counterclaim Defendants Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., and Brett Mosiman and their agents, affiliates and/or related entities.

information relevant to the parties' business dealings, history, negotiations and diligence concerning Thunder on the Mountain Festival, this action, and certain documents and related exhibits that are relevant to this action, including but not limited to his communications with Pipeline's counsel Matthew Gough regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

    4.    John Myers
        Bradley Arant Boult Cummings LLP
        1600 Division Street, Suite 700
        Nashville, TN 37203

Mr. Myers and his firm Bradley Arant Boult Cummings LLP were legal counsel for Defendants regarding its possible business relationship with Pipeline during the time period at issue. Mr. Myers may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages including discoverable non-privileged information relevant to the parties' business dealings, history, negotiations and diligence concerning Thunder on the Mountain Festival, this action, and certain documents and related exhibits that are relevant to this action, including but not limited to his communications with Pipeline's counsel Matthew Gough regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

    5.    John E. Murdock III
        Bradley Arant Boult Cummings LLP
        1600 Division Street, Suite 700
        Nashville, TN 37203
        (615) 252-2359

Mr. Murdock and his firm Bradley Arant Boult Cummings LLP were legal counsel for Defendants regarding its possible business relationship with Pipeline during the time period at issue. Mr. Murdock may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including discoverable non-privileged information relevant to the parties' business dealings, history, negotiations and diligence concerning Thunder on the Mountain Festival, this action, and certain documents and related exhibits that are relevant to this action, including but not limited to his communications with Pipeline's counsel Matthew Gough regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

    6.    Brett Mosiman
        c/o counsel
        Jack D. McInnes
        4300 Shawnee Mission Parkway, Ste. 100
        Fairway, Kansas 66205
        Telephone: (913) 220-2488
        Facsimile: (913) 273-1671
        jack@mcinnes-law.com

Mr. Mosiman is a principal and owner of Pipeline Productions, Inc. and its affiliated companies and/or related entities.  Mr. Mosiman may have discoverable non-privileged information relevant to Pipeline's operations and financial performance of the Pipeline, and details regarding all music festivals and related businesses that Pipeline, their affiliates, agents and/or related entities owned, operated, and/or promoted, including Thunder on the Mountain Festival. Mr. Mosiman also has information concerning Pipeline's organization, operation, promotion, and unilateral cancellation of Thunder on the Mountain Festival and revenue to Pipeline from ticket and pass sales for Thunder on the Mountain.  Mr. Mosiman may also have discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.

7.    Robert Walker
      c/o undersigned counsel

Mr. Walker is the Chief Operating and Financial Officer of The Madison Companies, LLC and was during the time period at issue. Mr. Walker may have discoverable non-privileged information relevant to Defendants' defenses, claims counterclaims, and damages, including discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.

8.    Emily Byer
      c/o undersigned counsel

Ms. Byer is an employee for The Madison Companies, LLC and was during the time period at issue.  Ms. Byer may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages, including discoverable non-privileged information relevant to the marketing of Thunder on the Mountain and Defendants' limited involvement in Thunder on the Mountain while negotiating the Proposed Thunder on the Mountain Transaction.

9.    Seth M. Wolkov
      c/o undersigned counsel

Mr. Wolkov is the President of The Madison Companies, LLC and was during the time period at issue.  Mr. Wolkov may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages, including discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.

10.   Matthew S. Gough
      BARBER EMERSON, L.C.
      1211 Massachusetts Street

> P.O. Box 667
> Lawrence, Kansas 66044
> (785) 843-6600

Mr. Gough was legal counsel for Pipeline Productions, Inc., Mr. Mosiman, Mr. Prenger, their affiliated companies and related entities during the time period at issue. Mr. Gough may have discoverable non-privileged information relevant to the parties' business dealings, history, negotiations and diligence concerning Thunder on the Mountain Festival, this action, and certain documents and related exhibits that are relevant to this action, including but not limited to his communications with Defendants' counsel regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

11. Employees and Principals of Roark & Associates, Inc., including, but not limited to, Mike Roark and Colleen Hodge.
> 3504 Westridge Dr.
> Lawrence, KS 66049
> (785) 842-3431

Roark & Associates, Inc. was Pipeline's outside accountant for the time period at issue. Roark & Associates, Inc. may have discoverable non-privileged information relevant to Pipeline's operations and financial performance, and details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned, operated and/or promoted, including Thunder on the Mountain Festival. Roark & Associates may also have information concerning the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; Pipeline's organization, promotion, and unilateral cancellation of Thunder on the Mountain Festival; revenue to Pipeline from ticket and pass sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action.

12. A.J. Niland
> (504) 235-4059 (address unknown)

On information and belief, Mr. Niland was a potential investor in Pipeline and/or in the Thunder on the Mountain Festival. Mr. Niland may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and to Pipeline's claimed damages, including discoverable non-privileged information relevant to Pipeline's efforts to secure investors and to Pipeline's financial condition.

13. Bentley Hodges
> (303) 330-4171 (address unknown)

Mr. Hodges was at The Madison Companies, LLC during the relevant time period. His duties included, but were not limited to conducting due diligence, analyzing/evaluating financial, marketing and operational data, and assessing risks and returns. Mr. Hodges may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims,

5

and damages, including discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.

14.     Tracy Kirkeide
        303-728-5499 (address unknown)

Ms. Kirkeide was the CPA and accountant for Defendants during the period at issue.  Ms. Kirkeide may have discoverable non-privileged information relevant to Pipeline's financial operations and Defendants' due diligence.  Ms. Kirkeide may also have information concerning the Completed Loan Transaction; and certain documents and related exhibits that are relevant to this action.

15.     Andrew Kelley
        c/o counsel

Mr. Kelley was a Vice President and General Counsel at The Madison Companies, LLC. Mr. Kelley may have discoverable non-privileged information relevant to Defendants' defenses, claims and counterclaims, including discoverable non-privileged information relevant to the parties' business dealings, history, negotiations and diligence concerning Thunder on the Mountain Festival, this action, and certain documents and related exhibits that are relevant to this action, including but not limited to his communications with Pipeline's counsel regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

16.     Suzanne Land (Bowman)
        (513) 235-2268 (address unknown)

Ms. Land was a consultant during the time period at issue.  Ms. Land may have discoverable non-privileged information relevant to Defendants' defenses, claims, counterclaims, and damages, including discoverable non-privileged information relevant to the parties' business dealings and history, including Defendants' discussions with Pipeline in March and April 2015; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.

17.     Employees and/or executives of Front Gate Ticketing Solutions, LLC ("Front Gate")

Front Gate licensed software and technology to Pipeline for use in selling tickets and passes for the 2015 Thunder on the Mountain Festival online.  On information and belief, Front Gate also assisted with promotion of the 2015 Thunder on the Mountain Festival. Front Gate may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including but not limited to the terms and conditions regarding the purchase of tickets and passes to the Thunder on the Mountain Festival; Pipeline's organization, promotion, operation and unilateral cancellation of Thunder on the Mountain Festival; revenue and refunds to Pipeline from ticket, pass and vendor booth sales for Thunder on the Mountain; Pipeline's operations and

financial performance; and details regarding all music festivals and/or related businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including the Thunder on the Mountain Festival.

18.     Current and former employees and principals of TSYS Merchant Solutions, LLC
        c/o counsel
        Cory J. Rooney
        P.O. Box 382
        Omaha, NE 68101
        402-933-9865

TSYS Merchant Solutions was a credit card payment processor for at least one of the Pipeline-related companies during the time period at issue.  TSYS Merchant Solutions may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including but not limited to Pipeline's organization, promotion, and unilateral cancellation of Thunder on the Mountain Festival, revenue for ticket, pass, and vendor booth sales, Pipeline's operations and financial performance, and details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival.

19.     Brian Pilsl
        c/o counsel
        Daniel W. Anderson, Esq.
        13577 Feather Sound Dr., Suite 500
        Clearwater, FL 33762
        Telephone: (727) 329-1999
        danderson@floridalawpartners.com

Mr. Pilsl was a principal of Sprocket Marketing during the time period at issue and was involved in the promotion of the 2015 Thunder on the Mountain Festival.  Mr. Pilsl may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to non-privileged information relevant to Pipeline's organization, promotion, and unilateral cancellation of Thunder on the Mountain Festival, revenue for ticket, pass, and vendor booth sales, Pipeline's operations and financial performance, details regarding all music festivals and other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival, Defendants and Pipeline's business dealings and history, and Count IV of Pipeline's Amended Complaint for Tortious Interference.

20.     Brian Wingerd
        c/o counsel
        Terrence J. Campbell
        1211 Massachusetts Street
        P.O. Box 667
        Lawrence, Kansas 66044

Tele: (785) 843-6600
Fax: (785) 843-8405
tcampbell@barberemerson.com

Mr. Wingerd was a principal of Sprocket Marketing during the time period at issue and was involved in the promotion of the 2015 Thunder on the Mountain Festival.  Mr. Wingerd may have discovered non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to non-privileged information relevant to Pipeline's organization, promotion, and unilateral cancellation of Thunder on the Mountain Festival, revenue for ticket, pass, and vendor booth sales, Pipeline's operations and financial performance, details regarding all music festivals and other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival, Defendants and Pipeline's business dealings and history, and Count IV of Pipeline's Amended Complaint for Tortious Interference.

21.    Current and former employees of Intrust Bank
       c/o counsel
       Mollie Harmon
       BRYAN CAVE LLP
       One Kansas City Place, 1200 Main Street, Suite 3800
       Kansas City, MO 64105-2122
       816-374-3236
       mollie.harmon@bryancave.com

On information and belief, Pipeline had financial accounts with Intrust during the time period at issue.  Intrust may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including discoverable non-privileged information relevant to Pipeline's operations and financial performance and revenue to Pipeline from ticket, pass, and vendor booth sales for Thunder on the Mountain.

22.    Current and former employees of Central Bank of the Midwest ("CBM") (f/k/a Douglas County Bank of Lawrence, Kansas).

       609 North 291 Highway
       Lee's Summit, MO 64086
       816-525-5300

On information and belief, Pipeline had financial accounts with CBM during the time period at issue and revenue from ticket and pass sales for the 2015 Thunder on the Mountain Festival flowed through these accounts.  CBM may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including discoverable non-privileged information relevant to Pipeline's operations and financial performance and revenue to Pipeline from ticket, pass, and vendor booth sales for Thunder on the Mountain.

23.    Current and former employees of Creative Artist Agencies ("CAA"), including, but

not limited to, Elisa Vazzana Boehmke, Jeff Frasco, Matthew Morgan, and Katie Anderson.

> 401 Commerce Street
> Penthouse Nashville
> TN 37219
> 615-383-8787

CAA was the talent agency for certain artists scheduled to perform at the 2015 Thunder on the Mountain Festival, including Carrie Underwood and the Zac Brown Band.  CAA may have discoverable non-privileged information relevant to Horsepower's defenses and counterclaims, including but not limited to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; Pipeline's organization, operation, promotion, and unilateral cancellation of Thunder on the Mountain Festival; revenue to Pipeline from ticket, pass, and vendor booth sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action, such as contracts between Pipeline and its affiliated and/or related entities and CAA/music artists for performances at the 2015 Thunder on the Mountain Festival.

24.     Current and former employees of William Morris Endeavor Entertainment, LLC ("WME"), including, but not limited to, Becky Gardenhire and Josh Kurfirst.
> 600 Division Street, Ste. 300
> Nashville, TN 37203
> 615-963-3307

WME was the talent agency for certain artists scheduled to perform at the 2015 Thunder on the Mountain Festival.  WME may have discoverable non-privileged information relevant to Horsepower's defenses and counterclaims, including but not limited to Horsepower and Pipeline's business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; Pipeline's organization, operation, promotion, and unilateral cancellation of Thunder on the Mountain Festival; revenue to Pipeline from ticket, pass and vendor booth sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action, such as contracts between Pipeline and its affiliated and/or related entities and WME/music artists for performances at the 2015 Thunder on the Mountain Festival.

25.     Current and former employees of Pipeline, including, but not limited to, Brittin Clark and Nancy Holmes.

> c/o counsel
> Jack D. McInnes
> 4300 Shawnee Mission Parkway, Ste. 100
> Fairway, Kansas 66205
> Telephone: (913) 220-2488
> Facsimile: (913) 273-1671
> jack@mcinnes-law.com

Such current and former employees of Pipeline may have discoverable non-privileged information relevant to Defendants' defenses, claims, and counterclaims, including discoverable non-privileged information relevant to the parties' business dealings and history; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; this action; and certain documents and related exhibits that are relevant to this action.  They may also have discoverable non-privileged information relevant to Pipeline's operations and financial performance, details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned, operated, and/or promoted, including the Thunder on the Mountain Festival, and revenue to Pipeline from ticket, pass, and vendor booth sales for Thunder on the Mountain.

26.     Taylor Gustafson

Ms. Gustafson was an employee of Plaintiffs during the time period at issue and is currently an employee of The Madison Companies, LLC.  Ms. Gustafson may have discoverable non-privileged information relevant to Defendants' defenses, counterclaims, and damages, including but not limited to non-privileged information relevant to Pipeline's organization, promotion, and unilateral cancellation of Thunder on the Mountain Festival, revenue for ticket, pass and vendor booth sales, Pipeline's operations and financial performance, details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival, Horsepower and Pipeline's business dealings and history, and Count IV of Pipeline's Amended Complaint for Tortious Interference.

27.     Michael Edmondson
        1617 Main Street
        Kansas City, Missouri 64108
        telephone number unknown

On information and belief, Mr. Edmondson is or has been a business partner of Pipeline. Mr. Edmondson may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to the parties' business dealings and history; Pipeline's operations and financial performance; details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; revenue to Pipeline from ticket, pass and vendor booth sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action.

28.     Stretch Rumaner
        P.O. Box 414444
        Kansas City, MO 64141
        (816) 471-3618

On information and belief, Mr. Rumaner is or has been a business partner of Pipeline.  Mr. Rumaner may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to the parties' business dealings and history; Pipeline's operations and financial performance; details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; revenue to Pipeline from ticket, pass and vendor booth sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action.

29.     A corporate representative of CrossroadsKC
        417 E 18TH ST
        Kansas City, MO 64108
        785-749-3434

On information and belief, Mr. Mosiman owns an interest in CrossroadsKC. Representatives of CrossroadsKC may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to the parties' business dealings and history; Pipeline's operations and financial performance; details regarding all music festivals and/or other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival; the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction; revenue to Pipeline from ticket and pass sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action.

30.     Sam Shear
        25309 W. Scott Road
        Barrington, IL 600100000
        telephone number unknown

Mr. Shear was an organizer and/or co-owner of the Phases of the Moon festival.  Mr. Shear may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to Pipeline's operations and financial performance and details regarding all music festivals and other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival.

31.     Barry Shear
        25309 W. Scott Road
        Barrington, IL 600100000
        telephone number unknown

Mr. Shear was an organizer and/or co-owner of the Phases of the Moon festival. Mr. Shear may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims, including but not limited to Pipeline's operations and financial performance and details regarding all music festivals and other businesses that Pipeline, their affiliates, agents and/or related entities owned and/or operated, including Thunder on the Mountain Festival.

32.    Tod Coder
       Ticket Biscuit
       1550 Woods of Riverchase Dr., Suite 330
       Birmingham, AL 35244
       205-757-8330 x820

On information and belief, Mr. Coder was hired by Brett Mosiman to assist in securing musicians to perform at the 2015 Thunder on the Mountain Festival and was a partner in Pipeline Booking, which secured artists for the festival. Mr. Coder may have discoverable non-privileged information relevant to Defendants' defenses and counterclaims; Pipeline's organization, operation, promotion, and unilateral cancellation of Thunder on the Mountain Festival; revenue to Pipeline from ticket, pass and vendor booth sales for Thunder on the Mountain; and certain documents and related exhibits that are relevant to this action, such as contracts between Pipeline and its affiliated and/or related entities and talent agencies/music artists for performances at the 2015 Thunder on the Mountain Festival.

33.    All persons identified in any other party's initial and supplemental disclosures or documents disclosed pursuant to Fed. R. Civ. P. 26(a)(1), in response to written discovery requests, attached to pleadings, or otherwise contained in documents exchanged in this matter.

34.    All expert witnesses to be later determined and disclosed including, but not limited to, any person necessary for impeachment, rebuttal, rehabilitation, or expert testimony.

By disclosing the foregoing individuals, Defendants do not consent to any discovery or disclosure of information that is privileged or otherwise protected by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law.

## II.    DOCUMENTS DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES.

In accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants identify the following categories and locations of documents, electronically stored information, and tangible things in its possession, custody, or control that Defendants presently have reason to believe they may use to support their claims, counterclaims, and/or defenses, unless the use would be solely for impeachment.

12

All documents produced by the parties and third parties including, without limitation:

- Exhibit 1 (Chris Brown Deposition).

- Exhibit 2 (Chris Brown Deposition).

- Exhibit 3 (Chris Brown Deposition).

- Exhibit 4 (Chris Brown Deposition).

- Exhibit 5 (Chris Brown Deposition).

- Exhibit 6 (Chris Brown Deposition).

- Exhibit 7 (Chris Brown Deposition).

- Exhibit 8 (Chris Brown Deposition).

- Exhibit 9 (Chris Brown Deposition).

- Exhibit 10 (Chris Brown Deposition).

- Exhibit 11 (Chris Brown Deposition).

- Exhibit 12 (Chris Brown Deposition).

- Exhibit 13 (Chris Brown Deposition).

- Exhibit 14 (Chris Brown Deposition).

- Exhibit 15 (Chris Brown Deposition).

- Exhibit 16 (Chris Brown Deposition).

- Exhibit 17 (Chris Brown Deposition).

- Exhibit 18 (Chris Brown Deposition).

- Exhibit 19 (Chris Brown Deposition).

- Exhibit 20 (Chris Brown Deposition).

- Exhibit 21 (Chris Brown Deposition).

- Exhibit 22 (Chris Brown Deposition).

- Exhibit 23 (Chris Brown Deposition).

- Exhibit 24 (Emily Byer Deposition).

- Exhibit 25 (Emily Byer Deposition).

- Exhibit 26 (Emily Byer Deposition).

- Exhibit 27 (Emily Byer Deposition).

- Exhibit 28 (Emily Byer Deposition).

- Exhibit 29 (Emily Byer Deposition).

- Exhibit 30 (Emily Byer Deposition).

- Exhibit 31 (Emily Byer Deposition).

- Exhibit 32 (Emily Byer Deposition).

- Exhibit 33 (Emily Byer Deposition).

- Exhibit 34 (Emily Byer Deposition).

- Exhibit 35 (Emily Byer Deposition).

- Exhibit 36 (Emily Byer Deposition).

- Exhibit 37 (Emily Byer Deposition).

- Exhibit 38 (Emily Byer Deposition).

- Exhibit 39 (Emily Byer Deposition).

- Exhibit 40 (Emily Byer Deposition).

- Exhibit 41 (Emily Byer Deposition).

- Exhibit 42 (Emily Byer Deposition).

- Exhibit 43 (Emily Byer Deposition).

- Exhibit 44 (Emily Byer Deposition).

- Exhibit 45 (Emily Byer Deposition).

- Exhibit 46 (Robert Walker Deposition).

- Exhibit 47 (Robert Walker Deposition).

- Exhibit 48 (Robert Vogt Deposition).

- Exhibit 49 (Robert Vogt Deposition).

- Exhibit 50 (Robert Vogt Deposition).

- Exhibit 51 (Robert Vogt Deposition).

- Exhibit 52 (Robert Vogt Deposition).

- Exhibit 53 (Robert Vogt Deposition).

- Exhibit 54 (Robert Vogt Deposition).

- Exhibit 55 (Robert Vogt Deposition).

- Exhibit 56 (Robert Vogt Deposition).

- Exhibit 57 (Robert Vogt Deposition).

- Exhibit 58 (Robert Vogt Deposition).

- Exhibit 59 (Robert Vogt Deposition).

- Exhibit 60 (Robert Vogt Deposition).

- Exhibit 61 (Robert Vogt Deposition).

- Exhibit 62 (Robert Vogt Deposition).

- Exhibit 63 (Robert Vogt Deposition).

- Exhibit 64 (Robert Vogt Deposition).

- Exhibit 65 (Robert Vogt Deposition).

- Exhibit 66 (Robert Vogt Deposition).

- Exhibit 67 (Robert Vogt Deposition).

- Exhibit 68 (Robert Vogt Deposition).

- Exhibit 69 (Robert Vogt Deposition).

- Exhibit 70 (Robert Vogt Deposition).

- Exhibit 71 (Robert Vogt Deposition).

- Exhibit 72 (Robert Vogt Deposition).

- Exhibit 73 (Robert Vogt Deposition).

- Exhibit 74 (Robert Vogt Deposition).

- Exhibit 75 (Robert Vogt Deposition).

- Exhibit 76 (Brian Pilsl Deposition).

- Exhibit 77 (Brian Pilsl Deposition).

- Exhibit 78 (Brian Pilsl Deposition).

- Exhibit 79 (Brian Pilsl Deposition).

- Exhibit 80 (Brian Pilsl Deposition).

- Exhibit 81 (Brian Pilsl Deposition).

- Exhibit 82 (Brian Pilsl Deposition).

- Exhibit 83 (Brian Pilsl Deposition).

- Exhibit 84 (Brian Pilsl Deposition).

- Exhibit 85 (Brian Pilsl Deposition).

- Exhibit 86 (Brian Pilsl Deposition).

- Exhibit 87 (Brian Pilsl Deposition).

- Exhibit 88 (Brian Pilsl Deposition).

- Exhibit 89 (Brian Pilsl Deposition).

- Exhibit 90 (Brian Pilsl Deposition).

- Exhibit 91 (Brian Pilsl Deposition).

- Exhibit 92 (Brian Pilsl Deposition).

- Exhibit 93 (Brian Pilsl Deposition).

- Exhibit 94 (Brian Pilsl Deposition).

- Exhibit 95 (Brian Pilsl Deposition).

- Exhibit 96 (Brian Pilsl Deposition).

- Exhibit 97 (Brian Pilsl Deposition).

- Exhibit 98 (Brian Pilsl Deposition).

- Exhibit 99 (Brian Pilsl Deposition).

- Exhibit 100 (Brian Pilsl Deposition).

- Exhibit 101 (Brian Pilsl Deposition).

- Exhibit 102 (Brian Pilsl Deposition).

- Exhibit 103 (Brett Mosiman Deposition).

- Exhibit 104 (Brett Mosiman Deposition).

- Exhibit 105 (Brett Mosiman Deposition).

- Exhibit 106 (Brett Mosiman Deposition).

- Exhibit 107 (Brett Mosiman Deposition).

- Exhibit 108 (Brett Mosiman Deposition).

- Exhibit 109 (Brett Mosiman Deposition).

- Exhibit 110 (Brett Mosiman Deposition).

- Exhibit 111 (Brett Mosiman Deposition).

- Exhibit 112 (Brett Mosiman Deposition).

- Exhibit 113 (Brett Mosiman Deposition).

- Exhibit 114 (Brett Mosiman Deposition).

- Exhibit 115 (Brett Mosiman Deposition).

- Exhibit 116 (Brett Mosiman Deposition).

- Exhibit 117 (Brett Mosiman Deposition).

- Exhibit 118 (Brett Mosiman Deposition).

- Exhibit 119 (Brett Mosiman Deposition).

- Exhibit 120 (Brett Mosiman Deposition).

- Exhibit 121 (Brett Mosiman Deposition).

- Exhibit 122 (Brett Mosiman Deposition).

- Exhibit 123 (Brett Mosiman Deposition).

- Exhibit 124 (Brett Mosiman Deposition).

- Exhibit 125 (Brett Mosiman Deposition).

- Exhibit 126 (Brett Mosiman Deposition).

- Exhibit 127 (Brett Mosiman Deposition).

- Exhibit 128 (Brett Mosiman Deposition).

- Exhibit 129 (Brett Mosiman Deposition).

- Exhibit 130 (Brett Mosiman Deposition).

- Exhibit 131 (Brett Mosiman Deposition).

- Exhibit 132 (Brett Mosiman Deposition).

- Exhibit 133 (Brett Mosiman Deposition).

- Exhibit 134 (Brett Mosiman Deposition).

- Exhibit 135 (Brett Mosiman Deposition).

- Exhibit 136 (Brett Mosiman Deposition).

- Exhibit 137 (Brett Mosiman Deposition).

- Exhibit 138 (Brett Mosiman Deposition).

- Exhibit 139 (Brett Mosiman Deposition).

- Exhibit 140 (Brett Mosiman Deposition).

- Exhibit 141 (Brett Mosiman Deposition).

- Exhibit 142 (Brett Mosiman Deposition).

- Exhibit 143 (Brett Mosiman Deposition).

- Exhibit 144 (Brett Mosiman Deposition).

- Exhibit 145 (Brett Mosiman Deposition).

- Exhibit 146 (Brett Mosiman Deposition).

- Exhibit 147 (Brett Mosiman Deposition).

- Exhibit 148 (Brett Mosiman Deposition).

- Exhibit 149 (Brett Mosiman Deposition).

- Exhibit 150 (Brett Mosiman Deposition).

- Exhibit 151 (Brett Mosiman Deposition).

- Exhibit 152 (Brett Mosiman Deposition).

- All exhibits for Bryan Gordon's deposition.

- All exhibits used for future depositions.

- Complaint

- Amended Complaint

- Defendants' Answer, Counterclaims, and Third-Party Complaint

- Pipeline's Answer

- Loan Wire Transfers Spreadsheet (DEFTS00003568)

- Letter of Intent (DEFTS00006182)

- February 20, 2014 e-mail from Mosiman to Gordon, et al. (Pipeline011509)

- May 9, 2014 e-mail from Gordon to Prenger, et al. (Pipeline000006)

- May 15, 2014 e-mail from Brown to Mosiman, et al. (Pipeline012130)

- May 17, 2014 e-mail from Prenger to Mosiman (Pipeline003936)

- May 22, 2014 e-mail from Burghart to Mosiman, et al. (Pipeline008862)

- May 28, 2014 e-mail from Mosiman to Brown, et al. (Pipeline002420)

- June 1, 2014 e-mail from Prenger to Brown, et al. (Pipeline009162)

- June 4, 2014 e-mail from Burghart to Gordon, et al. (Pipeline004233)

- June 12, 2014 e-mail from Gordon to Mosiman (Pipeline000008)

- June 23, 2014 e-mail from Prenger to Burghart, et al. (DEFTS00006380)

- June 23, 2014 e-mail from Gordon to Prenger, et al. (Pipeline000009)

- June 25, 2014 e-mail from Mosiman to Gordon (Pipeline04141)

- July 16, 2014 e-mail from Gordon to Mosiman (Pipeline013938)

- July 17, 2014 e-mail from Gordon to Mosiman (Pipeline013943)

- July 25, 2014 e-mail from Gordon to Mosiman (Pipeline000035)

- August 1, 2014 e-mail from Mosiman to Gordon (Pipeline000936)

- August 1, 2014 e-mail from Mosiman to Gordon (Pipeline000919)

- August 1, 2014 e-mail from Gordon to Mosiman (Pipeline000044)

- August 5, 2014 e-mail from Prenger to Burghart (Pipeline006201)

- August 8, 2014 e-mail from Prenger to Brown (DEFTS00006158)

- August 8, 2014 e-mail from Brown to Burghart (DEFTS000025118)

- August 8, 2014 e-mail from Burghart to Prenger (Pipeline001176)

- August 8, 2014 e-mail from Prenger to Burghart (Pipeline001181)

- August 8, 2014 e-mail from Mosiman to Burghart (Pipeline007508)

- August 27, 2014 e-mail from Prenger to Walker (DEFTS00005648)

- August 28, 2014 e-mail from Prenger to Mosiman (Pipeline006893)

- August 28, 2014 e-mail from Gordon to Mosiman (Pipeline000270)

- August 29, 2014 e-mail from Gordon to Mosiman (Pipeline000271)

- August 30, 2014 e-mail from Mosiman to Gordon (Pipeline011501)

- September 9, 2014 e-mail from Walker to Prenger (DEFTS00007794)

- September 24, 2014 e-mail from Prenger to Brown, et al. (DEFTS00007737)

- October 23, 2014 e-mail from Burghart to Mosiman, et al. (DEFTS00025129)

- November 4, 2014 e-mail from Mosiman to Gordon (DEFTS00007184)

- November 6, 2014 e-mail from Gordon to Mosiman, et al. (DEFTS00007162)

- November 24, 2014 e-mail from Prenger to Gordon (DEFTS000025074)

- December 12, 2014 e-mail from Burghart to Mosiman, et al. (Pipeline004785)

- December 15, 2014 e-mail from Gough to Burghart (DEFTS00001173)

- December 23, 2014 e-mail from Gough to Murdock (DEFTS00002200)

- December 24, 2014 e-mail from Gordon to Mosiman (Pipeline000176)

- January 5, 2015 e-mail from Walker to Boulter, et al. (DEFTS00008190)

- January 6, 2015 e-mail from Mosiman to Walker, et al. (DEFTS00008146)

- January 6, 2015 e-mail from Walker to Prenger (DEFTS00008150)

- January 6, 2015 e-mail from Walker to Prenger (DEFTS00008173)

- January 6, 2015 e-mail from Prenger to Walker (DEFTS00008179)

- January 7, 2015 e-mail from Gough to Murdock (DEFTS00002101)

- January 8, 2015 e-mail from Prenger to Mosiman (Pipeline005407)

- January 18, 2015 e-mail from Gordon to Bischmann (DEFTS000026108)

- January 19, 2015 e-mail from Bischmann to Gordon, et al. (DEFTS000026141)

- January 19, 2015 e-mail from Bischmann to Prenger (DEFTS000026110)

- January 26, 2015 e-mail from Prenger to Mosiman (Pipeline001452)

- January 26, 2015 e-mail from Prenger to Merrill (DEFTS00026269)

- January 26, 2015 e-mail from Gordon to Mosiman (Pipeline000187)

- January 27, 2015 e-mail from Gough to Murdock (Pipeline004137)

- January 29, 2015 e-mail from Murdock to Mosiman, et al. (DEFTS000028714)

- February 2, 2015 e-mail from Bischmann to Gordon, et al. (DEFTS000026495)

21

- February 3, 2015 e-mail from Gough to Murdock (DEFTS000026506)

- February 3, 2015 e-mail from Gough to Murdock (Pipeline0010937)

- February 6, 2015 e-mail from Myers to Gough (DEFTS000026589)

- February 10, 2015 e-mail from Gough to Murdock (Pipeline002271)

- February 13, 2015 e-mail from Myers to Gough (DEFTS00001887)

- February 17, 2015 e-mail from Bischmann to Gordon, et al. (DEFTS000026858)

- February 18, 2015 e-mail from Byer to Gordon (DEFTS000026884)

- February 23, 2015 e-mail from Gordon to Mosiman (Pipeline000199)

- February 24, 2015 e-mail from Bischmann to Gordon, et al. (DEFTS000026943)

- February 24, 2015 e-mail from Gough to Myers, et al. (DEFTS00028931)

- February 26, 2015 e-mail from Murdock to Gough (DEFTS00001722)

- March 3, 2015 e-mail from Bischmann to Gordon, et al. (DEFTS000027142)

- March 4, 2015 e-mail from Gordon to Bischmann (DEFTS000027185)

- March 5, 2015 e-mail from Prenger to Mosiman (Pipeline009870)

- March 11, 2015 e-mail from Murdock to Kenneth Hall (DEFTS00001726)

- March 19, 2015 e-mail from Kelley to Prenger (DEFTS00001174)

- March 19, 2015 e-mail from Land to Gough (DEFTS00001936)

- March 25, 2015 e-mail from Mosiman to Hodges (Pipeline011333)

- March 29, 2015 e-mail from Murdock to Gough (DEFTS00028997)

- April 3, 2015 e-mail from Gordon to Hodges, et al. (DEFTS000028539)

- April 3, 2015 e-mail from Hodges to Gordon, et al. (DEFTS000028540)

- April 7, 2015 letter from Gough (DEFTS00001992)

- April 7, 2015 e-mail from Hodges to Gordon (DEFTS000028635)

- April 7, 2015 e-mail from Hodges to Gordon (DEFTS000028650)

- April 8, 2015 e-mail from Hodges to Gordon (DEFTS000028661)

- April 16, 2015 letter from Gough (Pipeline008576)

- April 20, 2015 e-mail from Prenger to Mosiman (Pipeline003899)

- June 4, 2015 e-mail from Prenger to Mosiman (Pipeline004721)

- June 9, 2015 e-mail from Prenger (Pipeline012443)

- June 10, 2015 e-mail from Prenger to Mosiman (Pipeline012445)

- June 12, 2015 e-mail from Mosiman to Hennessy, et al. (Pipeline030490)

- June 13, 2015 e-mail from Ryan to Mosiman (Pipeline016862)

- June 13, 2015 e-mail from Prenger to Gustafson (Pipeline005121)

- June 13, 2015 e-mail from Prenger to Mosiman (Pipeline005122)

- June 13, 2015 e-mail from Gustafson to Mosiman (Pipeline035974)

- June 13, 2015 e-mail from Mosiman to Lairmore (Pipeline036102)

- June 13, 2015 e-mail from Gardenhire to Mosiman (Pipeline038519)

- June 13, 2015 e-mail from Mosiman to Morgan (Pipeline039131)

- June 13, 2015 e-mail from Mosiman to Hill (Pipeline039133)

- June 16, 2015 e-mail from Mosiman to Gardenhire (Pipeline038334)

- June 23, 2015 e-mail from Mosiman to Ozark (Pipeline032868)

- All Brett Mosiman and/or Pipeline's phone records.

- All Bryan Gordon and/or Defendants' phone records.

- All Brett Mosiman and/or Pipeline's insurance policies.

- Discoverable non-privileged draft and final versions of the Letter of Intent executed by the Parties.

- Discoverable non-privileged draft agreements exchanged between the parties and their agents and representatives regarding the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

23

- Discoverable non-privileged email communications between the parties and their agents and representatives and other diligence materials, including documents and communications, provided in connection with the Proposed Thunder on the Mountain Transaction and the Completed Loan Transaction.

- Defendants' internal discoverable non-privileged documents and communications, or those in its possession from due diligence or otherwise, regarding the Proposed Thunder on the Mountain Transaction, the Completed Loan Transaction, and diligence materials provided in connection therewith, including, but not limited to, financial information, projections, asset information for Pipeline and its related and affiliated entities, and contracts between Pipeline and its related and affiliated entities on the one hand and third parties on the other hand related to Pipeline's music festival business.

- Defendants' discoverable non-privileged documents and communications with third-parties regarding the Proposed Thunder on the Mountain Transaction, the Completed Loan Transaction, and diligence materials provided in connection therewith.

- Documents produced by third-parties in connection with the litigation styled *Alexander et al. v. Pipeline Productions, Inc. et al.*, Case No. 1:16-CV-00005-KGB, United States District Court for the Eastern District of Arkansas, including, but not limited to, documents produced by TSYS Merchant Solutions, LLC, Front Gate, Colleen Hodge, Matthew S. Gough, CAA, WME, and Central Bank of the Midwest.

- Documents produced by Defendants and the ticket, pass, and vendor booth and purchaser plaintiffs in the *Alexander* action.

- Documents establishing the monies loaned by Defendants to Pipeline pursuant to the Completed Loan Transaction and Horsepower's other damages, as articulated in Section III, below.

- Documents produced by third-parties in connection with this litigation, including, but not limited to, documents produced by Tod Coder, Intrust Bank, Barry Shear, Sam Shear, CrossroadsKC, Michael Edmondson, and Stretch Rumaner.

- Any documents identified on Pipeline's Supplemental Disclosures.

## III.  <u>COMPUTATION OF DAMAGES.</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a computation of each category of damages claimed by the disclosing party.  Defendants currently seek damages from Pipeline for Pipeline's breach of the Completed Loan Transaction in the amount of $272,000,

plus all pre-and post-judgment interest, default interest, and attorneys' and collection fees and costs, under the loan agreement.  Defendants will also seek their attorneys' fees, costs, and expenses incurred in this action, including expert witness fees, and any such other and further relief as the Court deems just and proper.  Defendants will begin producing documents bearing on the nature and extent of its injuries suffered once a Protective Order is entered in this case, but they anticipate locating additional supporting documents through discovery.

## IV.    INSURANCE AGREEMENTS.

Defendants have produced to Pipeline those insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Defendants expressly reserve the right to supplement, alter, or amend this disclosure statement pursuant to Federal Rule of Civil Procedure 26(e), as additional evidence becomes available or is made known to Defendants.

Respectfully submitted this
20th day of July, 2018

/s/ *Whitney L. Casement*

Whitney L. Casement #25466
Timothy A. Shultz #16060
Goodell, Stratton, Edmonds & Palmer, LLP
515 S. Kansas Ave.
Topeka, KS 66603-3999
Tel.: 785.233.0593
Fax: 785.233.8870
wcasement@gseplaw.com
tshultz@gseplaw.com

and

_/s/ Benjamin D. Scheibe_
Benjamin D. Scheibe (Cal. Bar No. 101327)
(admitted pro hac vice)
Browne George Ross LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Tel.: 310.274.7100
Fax: 310.275.5697
bscheibe@bgrfirm.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2018, a true and correct copy of the above and foregoing was served via electronic delivery to the following:

Jack D. McInnes, #21898
McInnes Law LLC
3500 W. 75th St., Suite 200
Prairie Village, KS 66208
Phone: 913-220-2488
**ATTORNEY FOR PLAINTIFFS**

/s/ Whitney L. Casement
Whitney L. Casement #25466