# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC. and <br> BRETT MOSIMAN, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | CIVIL ACTION |
| v. | ) <br> ) | No. 15-4890-KHV |
| THE MADISON COMPANIES, LLC, <br> HORSEPOWER ENTERTAINMENT, LLC, | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion To File Under Seal (Doc. #327) filed November 16, 2018. Defendants have not responded.

Plaintiffs ask the Court to seal Exhibits 8 and 10 of their Motion To Review Magistrate Judge's Order, And Memorandum In Support (Doc. #325) filed November 14, 2018.[1] These exhibits contain deposition testimony that defendant marked as confidential under the existing protective order.[2] See Protective Order (Doc. #101) filed February 22, 2018. Plaintiffs state that when filing their Motion To Review Magistrate Judge's Order, And Memorandum In Support (Doc. #325), they inadvertently included Exhibits 8 and 10. To correct this error, plaintiffs request that the Court place Exhibits 8 and 10 under seal.

Aside from the protective order, any motion to seal must establish that interests which favor

---

[1] In their motion, plaintiffs also ask to seal Exhibits 19 through 22, but this reference appears to be erroneous because their Motion To Review (Doc. #325) includes only 16 exhibits.

[2] Exhibit 8 is an excerpt from the deposition of Robert Walker taken on May 18, 2018. Exhibit 10 is an excerpt from the deposition of Chris Brown taken on May 9, 2018.

non-disclosure outweigh the public interest in access to court documents. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp., 616 F.2d at 461  In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's Corp., 616 F.2d at 461; Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996). To establish good cause, a moving party must submit particular and specific facts, and not merely "stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981).

As noted, plaintiffs state that Exhibits 8 and 10 contain "confidential" information. Plaintiffs base their request on the protective order and the agreement of the parties to place this information under seal. Plaintiffs do not explain why the information in the exhibits, if disclosed, might be harmful to either party. Further, plaintiffs do not demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information. Instead, plaintiffs note that because defendants marked the documents as confidential, plaintiffs "are unable to ascertain what content . . . [d]efendants deem confidential and what content they do not." Plaintiffs' Motion To File Under Seal (Doc. #327) at 2. Plaintiffs do not explain why they did not consult with defense counsel to ascertain the nature of the allegedly confidential information. Presumably, defendants could have explained this to the Court if they had responded to Plaintiffs' Motion To File Under Seal (Doc. #327). Plaintiffs' statement that the information is confidential under the protective order, by itself, does not establish good cause for sealing the documents. The Court therefore overrules plaintiffs' motion to seal Exhibits 8 and 10.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To File Under Seal (Doc. #327)

filed November 16, 2018 is **OVERRULED**.

Dated this 10th day of December, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge