IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., )
BACKWOOD ENTERPRISES, LLC, )
OK PRODUCTIONS, INC. and )
BRETT MOSIMAN, )
 )
                Plaintiffs, )    CIVIL ACTION
 )
v. )    No. 15-4890-KHV
 )
THE MADISON COMPANIES, LLC and )
HORSEPOWER ENTERTAINMENT, LLC, )
 )
                Defendants. )
 )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion For Leave To File Exhibit 3 Under Seal (Doc. #357) filed December 21, 2018, and Plaintiffs' Motion For Leave To File Document 356 Under Seal (Doc. #360) filed December 22, 2018. Defendants have not responded to either motion. For reasons stated below, the Court overrules both motions.

### Legal Standard

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d

1277, 1292 (10th Cir. 2011); Crystal Grower's, 616 F.2d at 461. The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents. See Mann, 477 F.3d at 1149; Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

## I. Motion To Seal Exhibit 3

On December 21, 2018, plaintiffs filed a motion to seal Exhibit 3 of their Reply In Support Of Motion To Review Magistrate Judge's Order (Doc. #356) filed December 20, 2018. See Motion For Leave To File Exhibit 3 Under Seal (Doc. #357). This exhibit is an email which contains an individual's salary and incentive compensation information and which defendant marked as confidential under the existing protective order. See Protective Order (Doc. #101) filed February 22, 2018.

Plaintiffs base their request on the protective order and defendants' assertion to plaintiffs' counsel that the email should be placed under seal because it includes personal and private financial data. Motion For Leave To File Exhibit 3 Under Seal (Doc. #357) at 2. Plaintiffs do not explain why the information in the exhibit, if disclosed, might be harmful to either party. Further, plaintiffs do not demonstrate that redaction would be insufficient to protect the financial data. Instead, plaintiffs note that because defendants marked the email as confidential, "[d]efendants have asserted that this document should not be seen by the public." Id. Plaintiffs do not explain how the interest in non-disclosure outweighs the public's "paramount" interest in

access to judicial records. See United States v. Smith, No. 12-20066-31-KHV, 2016 WL 1312518, at *1 (D. Kan. April 4, 2016). Plaintiffs' statement that defendants have asserted that the email should be marked confidential because it includes personal and private financial data, by itself, does not establish good cause for sealing the document. The Court therefore overrules plaintiffs' motion to seal Exhibit 3.

## II. Motion To Seal Document 356

On December 22, 2018, plaintiffs filed a Motion For Leave To File Document 356 Under Seal (Doc. #360). Plaintiffs state that they inadvertently failed to remove from their Reply (Doc. #356) certain quoted language from Exhibit 3. At defendants' request, plaintiffs ask the Court to seal their Reply (Doc. #356) in its entirety. See Motion For Leave To File Document 356 Under Seal (Doc. #360) at 2.

Because the Court has determined that Exhibit 3 should not be sealed, the Court will not seal plaintiffs' Reply (Doc. #356) for its use of quoted language from Exhibit 3. The Court therefore overrules plaintiffs' motion to file under seal their Reply (Doc. #356).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Exhibit 3 Under Seal (Doc. #357) filed December 21, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File Document 356 Under Seal (Doc. #360) filed December 22, 2018 is **OVERRULED**.

Dated this 18th day of January, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge