# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC.,
BACKWOOD ENTERPRISES, LLC,
OK PRODUCTIONS, INC., and
BRETT MOSIMAN,

      Plaintiffs,

v.

THE MADISON COMPANIES, LLC,
and HORSEPOWER ENTERTAINMENT,
LLC,

      Defendants.

Case No. 15-4890-KHV

## **MEMORANDUM AND ORDER**

This matter comes before the court upon the Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' Second Set of Discovery Requests and Requests for Sanctions. (ECF No. 285.) For the following reasons, this motion is granted in part and denied in part.

**I.    Factual and Procedural Background**

This action arises from a failed country music concert in Arkansas, the Thunder on the Mountain ("Thunder") music festival. Plaintiffs allege that they entered into a joint venture with the defendants to own and produce the music festival. Plaintiffs contend that defendants reneged on the agreement, which forced plaintiffs to cancel the festival. Defendants assert counterclaims against plaintiffs, seeking declaratory judgments establishing the rights of the parties and recovery from the plaintiffs under the theories of breach of contract, promissory estoppel, and unjust enrichment.[1]

---

[1] Defs.' Answer to Am. Compl. and Countercls., ECF No. 66.

Plaintiffs propounded their second set of interrogatories to defendants on August 6, 2018,[2] and their second request for production of documents to defendants on August 8, 2018.[3] Plaintiffs sought, among other things, information and documents related to the defendants' associated companies and investors, both in general and with specific focus on how those associated companies and investors discussed or viewed the Thunder project. The defendants objected to each of plaintiffs' interrogatories and document production requests because plaintiffs' requests were, among other objections, irrelevant and in violation of prior orders of this court.

On October 11, 2018, Plaintiffs filed the instant motion to compel.[4] Defendants filed their response on October 25, 2018.[5] Shortly thereafter, this court issued a memorandum and order granting in part defendant's motion for a protective order preventing plaintiffs from discussing "related entities" or the "KAABOO"[6] entities during defendants' Fed. R. Civ. P. 30(b)(6) depositions.[7] Thereafter, On November 8, 2018, Plaintiffs filed their reply to defendants'

---

[2] Pls.' Second Set of Interrogs. to Def., ECF No. 285-1.

[3] Pls.' Second Req. for Produc. of Docs. to Defs., ECF No. 285-2.

[4] Pls.' Mot. to Compel Defs. to Respond to Pls.' Second Set of Disc. Reqs., Req. for Sanctions, and Mem. in Supp., ECF No. 285.

[5] Defs.' Opp'n to Pls.' Mot. to Compel Defs. to Respond to Pls.' Second Set of Disc. Reqs., Req. for Sanctions, Mem. in Supp., ECF. No. 299.

[6] As noted by the plaintiffs, "Kaaboo" refers to "Kaaboo, LLC; Kaaboo-Del Mar Advisors, LLC; Kaaboo-Del Mar Investment, LLC; Kaaboo-Del Mar Management, LLC; Kaaboo-Del Mar, LLC; Kaaboo Acquisition Sub, LLC; Kaaboo Cayman Advisors, LLC; Kaaboo Cayman Eventco, LLC; Kaaboo Investco, LLC; Kaaboo Cayman Management, LLC; Kaaboo Cayman, LLC; Kaaboo Contract Services, LLC; Kaaboo Management, LLC; Kaaboo Texas Eventco, LLC; Kaaboo Texas Investco, LLC; Kaaboo Texas Investments, LLC; Kaaboo Texas JV, LLC; Kaaboo Vail, LLC; KaabooWorks Services, LLC; and KaabooWorks, LLC; and/or any other Kaaboo entity."

[7] Mem. and Order, *Pipeline Prod., Inc. v. The Madison Cos., LLC, et al.*, No. 15-4890 (D. Kan. Oct. 31, 2018). ECF No. 314

response and removed or modified a number of their requests for discovery at issue in their motion to compel.[8]

## II. Discussion

After the modifications of their discovery requests in their reply, plaintiffs seek an order from this compelling the defendants to produce documents responsive to requests 14, 20, 22, 23, and 25-27 of their second request for production of documents. Plaintiffs seek organizational charts from defendants, materials the defendants created for investors and KAABOO related to Thunder, and files related to the employment of anticipated witnesses disclosed by either party. In response to the document production requests, defendants objected, both in general and in specific objections, that a variety of principles of immunity privileged or otherwise protected the documents sought by plaintiffs, that the requests themselves were irrelevant to the plaintiffs' claims, redundant, unduly burdensome, ambiguous, overbroad, annoying, and harassing, and that the requests went outside the scope of discovery as determined by this court. Defendants general objections and the individual document production requests are discussed below.

### a. General Objections

The court first turns to defendants' generic and boilerplate objections to plaintiffs' discovery requests. Defendants assert a variety of generic and specific objections and included a "general objections" section in their response to plaintiffs' document requests. In their motion to compel, plaintiffs argue that this court should disregard defendants' general objections as the District of Kansas consistently deems general objections to be overbroad, hypothetical, or otherwise insufficient. Defendants respond by arguing that, if they demonstrate the applicability

---

[8] Pls.' Reply in Supp. of Mot. to Compel. ECF No. 320.

3

of the general objections to the specific discovery requests, the district court must consider the objections.

In the District of Kansas, "general objections are considered 'overly broad and worthless unless the objections are substantiated with detailed explanations.'"[9] This court has consistently held that "a general objection that objects to a discovery request 'to the extent' that it asks the responding party to provide documents or information protected by the attorney-client privilege or work product immunity is tantamount to asserting no objection at all."[10] Furthermore, this court has held that boilerplate objections, without explanation or specific analysis, are insufficient to substantiate an objection, even when applied to individual discovery requests.[11]

In this case, defendants began their initial response to plaintiffs' document production requests with a five-page section labeled "General Objections" in which the defendants list a vast variety of objections to all 33 of the plaintiffs' request.[12] Defendant likewise raised these boilerplate objections in response to the individual document production requests at issue in plaintiffs' motion.[13] Merely providing a comprehensive list of nearly every imaginable objection to a discovery request, in response to each discovery request, does not put the requesting party on notice of the actual nature of and reasons for the objections and is thus deficient. Therefore, following this district's precedent, theses general and boilerplate objections are overruled as unsupported. However, the defendants also raised specific objections in their response to the

---

[9] *Bettis v. Hall*, No. 10-2457-JAR, 2015 WL 1268014, at *2 (D. Kan. Mar. 19, 2015) (quoting *Terracon Consultants Inc. v. Drash*, No. 12–2345-EFM, 2013 WL 1633572, at *2 (D. Kan. Apr. 16, 2013)).

[10] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004).

[11] *Williams v. CoreCivic, Inc.*, No. 17-cv-2310-JAR-GLR, 2018 WL 3075867, at *3 (D. Kan. June 21, 2018).

[12] Defs.' Resps. to Pls.' Req. for Produc. of Docs., Set Two, ECF. No. 285-4, at 3-8.

[13] *Id.* at 15-16, 20-26.

discovery requests and in response to plaintiffs' motion to compel. As such, the specific objections will be addressed next. As the parties addressed the individual requests in groups, the court shall do the same.

### b. Document Production Requests

As a general matter, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[14] When evaluating whether a discovery request is within the scope, this court must consider, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[15] Furthermore, this court must limit discovery when the frequency or extent of that discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ."[16] A party may request copies or access to inspect documents in the responding party's possession, custody, or control, provided that request is within the scope of discovery.[17] A responding party may object to any document production request, but such objections must be made with particularity.[18]

In a motion to compel, the moving party need only file the motion and draw the court's attention to the relief sought.[19] However, discovery requests must, at a minimum, seek facially

---

[14] Fed. R. Civ. P. 26(b)(1).

[15] *Id.*

[16] Fed. R. Civ. P. 26(b)(2)(C)(i).

[17] Fed. R. Civ. P. 34(a).

[18] Fed. R. Civ. P. 34(b)(2)(B) & (C).

[19] *Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 624 (D. Kan. 2014).

5

relevant discovery before a court will order compliance.[20] If a request seeks documents or information that is not facially relevant, the party seeking discovery has the burden to show the relevancy of the requested discovery.[21] If a request seeks facially relevant discovery, the burden then shifts to the defendant to reassert and support any objections initially asserted in response to the plaintiff's discovery request.[22]

### i. Requests 14, 22, and 23—Investor Communications

Following the plaintiffs' modifications in their reply brief, the plaintiffs, in production requests 14, 22, and 23, are now seeking communications between the plaintiffs and investors that refer to plaintiffs, plaintiffs' music festivals, or Thunder specifically, and any marketing materials produced by defendants for KAABOO that refer or relate to plaintiffs or plaintiffs' music festivals.[23] The defendants first argue that the discovery requests go beyond the scope of permissible discovery and attempt to circumvent prior orders of this court. Defendants further argue that the sought material is irrelevant to plaintiffs' claims. Finally, defendants argue that they have already produced the responsive material sought by plaintiffs.

---

[20] *Williams v. Bd. of Cty. Comm'rs*, 192 F.R.D. 698, 702-03 (D. Kan. 2000).

[21] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 586 (D. Kan. 2008).

[22] *Ehrlich*, 302 F.R.D. at 624.

[23] Plaintiffs modified their requests in their reply as follows:

- Request 14, "All communications by or between Defendants and their investors regarding not entering into an agreement with Plaintiffs for Thunder."

- Request 22, "All marketing materials—including emails, websites, web ads, social media posts and/or other documents—prepared by Defendants for KAABOO that refer or relate to Plaintiffs and/or any of their music festivals."

- Request 23, "All communication by Defendants to potential investors for KAABOO that refer to Plaintiffs and/or any of their music festivals."

Two of these three discovery requests seek information that does not appear relevant on its face. In requests 22 and 23 plaintiffs seek, limited to the documents relevant to plaintiffs or Thunder, communications with KAABOO's potential investors and marketing materials defendants produced for KAABOO. As this court has noted in prior orders, KAABOO is a separate entity with separate music festival interests. On the face of the requests, it is not clear how communications with potential KAABOO investors or marketing produced for KAABOO, even limited to communications relevant to plaintiffs or Thunder, would bear on plaintiffs' claims.

In their opening brief, plaintiffs only argue that defendants produced "investment opportunity packets" and may have delivered these to unspecified investors. Neither the plaintiffs' brief nor its reply specify if or how KAABOO relates to these investment packets. Plaintiffs offer no explanation about how the KAABOO interactions are relevant to their claims, and instead, plaintiffs merely assert that if such interactions exist they would "directly contradict Defendants' claim that they had little involvement in Thunder." Such an assertion is insufficient to demonstrate the relevance of the requested documents to plaintiffs' claims. Therefore, the defendants' relevance objections are sustained, and plaintiffs' motion to compel is denied as to requests 22 and 23.

Request No. 14 seeks facially relevant documents. This request seeks defendants' communications with its investors about whether to enter into an agreement for Thunder. Among the issues raised in this case is whether the parties entered into a contract or other form of business arrangement and how the parties understood the nature of that relationship. Documents related to defendants' conversations with its investors related to the plaintiffs or Thunder, should

7

they exist, could potentially be relevant to revealing defendants' understanding of the nature of its relationship with the plaintiffs.

In their response brief, defendants contend that this discovery request goes beyond the scope of discovery as limited by prior orders. The court disagrees. Defendants cite the court's June 20, 2018 order granting in part and denying in part plaintiffs' motion to compel discovery. Specifically, defendants cite to the court's determination that an interrogatory seeking the identity of all of defendants' investors over the last ten years was not facially relevant and that the plaintiffs, at the time, had failed to demonstrate how "investors' knowledge and complaints about similar transactions" could ever be relevant. Request 14, however, is substantially narrower than the discovery request at issue in the June 20 order.[24] The court could not see then, and the plaintiffs failed to articulate at the time, the relevance of such a seemingly disconnected discovery request. Request 14, in contrast, is focused on defendants' communications about plaintiffs with their investors. While defendants argue that this is a "backdoor" attempt to receive the names of the investors, the court did not take issue with the identity of the investors themselves for discovery purposes. The court took issue with a revealing such information for a seemingly irrelevant purpose. This narrower construction helps establish the relevance of the discovery request, and addresses the court's prior dissatisfaction. Thus, request 14 does not violate the court's prior order.[25]

Defendants objected to plaintiffs' request 14 on multiple grounds, including that the request was overbroad. In their initial motion, plaintiffs note that they are seeking defendants'

---

[24] In the prior request, plaintiffs asked the defendants to "[i]dentify all persons that have invested money, property, and/or other assets with Defendants in the last 10 years.

[25] This is consistent with the Court's October 31, 2018 order, in which, the Court determined that plaintiffs have demonstrated that communications with the investors regarding Thunder is relevant to the plaintiffs' claims, ECF No. 314, at 9-10.

communication with their investors after learning that defendants had created some investment proposal documents, though the parties disagree about the ultimate audience for these documents. Defendants assert that they have already provided the investment proposal documents and imply that any additional discovery would be cumulative or duplicative. However, defendants' brief is unclear whether they are maintaining the objection on overbroad grounds or instead asserting some other objection. Regardless, the court construes the defendants' argument as an overbroad objection.

Defendants arguments against production are not persuasive. Defendants must state "with specificity the grounds for objecting to the request, including the reasons."[26] Here, defendants have failed to articulate why their production of the investment documents would be overbroad or beyond the scope of discovery. Defendants argue that they have already provided the plaintiffs with the investment documents described in plaintiff's brief, but the defendants fail to articulate why this production sufficiently responds to plaintiffs' production request. The document production request seeks all communications between defendants and their investors regarding entering into an agreement with plaintiffs for Thunder. It is not clear to the court that seeking more than what the defendants have already provided is overbroad or beyond the scope of discovery.

Furthermore, the court notes that the defendants vigorously argued the documents are not, in fact, responsive to the plaintiffs' discovery request. Thus, by the defendants' own argument, they have yet to provide any responsive material, and there could be additional documents not yet produced that would respond to this request. The court is not convinced that additional discovery in response to request 14 would be overbroad. Thus, the defendants' objection is

---

[26] Fed. R. Civ. P. 34(b)(1)(B).

overruled. As the request does not violate any prior order of the court, and as defendants have failed to articulate a sufficient reason to resist discovery, the defendants are ordered to comply with request 14.

### ii. Request 20—Organizational Charts

As modified by plaintiffs' reply brief, request 20 now seeks: "[o]rganizational charts reflecting owners, executives and/or employees of Madison, Horsepower from January 2014 to present." Defendants argue that the organizational charts are irrelevant to the case, as plaintiffs "certainly know who they negotiated with in connection with Thunder." Defendants additionally assert that plaintiffs have already deposed many of their executives and owners and imply plaintiffs request is redundant or unnecessary.

Plaintiffs' request seeks information that does not appear relevant to the claims or defenses in this case. In the motion, plaintiffs imply that defendants have moved assets and employees to other related entities such as KAABOO, and thus, the plaintiffs must obtain organizational charts to attempt to determine the issues of liability and damages. However, as the plaintiffs have eliminated the related entities language from their request, the court is unclear how defendants' organizational charts reveal anything related to moving assets. If anything, it appears this information would bear on a claim to pierce the corporate veil. However, as this court noted in a protective order filed July 13, 2018, there is no claim for piercing the corporate veil in this case, so discovery related to this issue is not relevant to claims or defenses pled. Therefore, the court sustains defendants' relevance objection. Defendants' relevance objection is sustained and plaintiffs' motion to compel is denied as to Request No. 20.

### iii. Request 25—Land Employment Documents

Following their reply, plaintiffs' request 25 now seeks, "[a]ll contracts, agreements, and/or drafts thereof by and between Defendants and Suzanne Land regarding performing consulting work for Defendants, as well as all emails and other documents relating thereto." Defendants respond by arguing that the actual contracts are irrelevant to the claims and defenses in this case.

Plaintiffs have failed to demonstrate the relevance of the documents related to Land's employment. In their brief, plaintiffs note they seek production of multiple documents drafted by or referencing Land,[27] which defendants have withheld through a claim of either attorney-client privilege or work-product protection. Plaintiffs assert that they need Land's employment documents to determine the scope of her consulting arrangement with the defendants and to determine if Land's actions went beyond that scope, thus, defeating any privilege or protection arguments. As defendants note in their brief, the scope of Land's employment relationship is not relevant to plaintiffs' or defendants' claims in this case. Therefore, defendants' relevance objection is sustained and plaintiffs request to compel production of documents responsive to request 25 is denied.

### iv. Requests 26 & 27—Other Employment and Personnel Files

Plaintiffs seek production of all personnel files and employment contracts and/or agreements between the defendants and anyone who appears on either the plaintiffs' or the defendants' initial disclosures, supplemental disclosures, or witness lists. Plaintiffs seek these documents as they believe some witnesses are hesitant to answer questions due to confidentiality

---

[27] Plaintiffs seek these documents in a separate motion to compel. Ps.' Mot. to Compel Suzanne Land Docs. and Other Improperly Withheld Docs. on Defs.' Privilege Logs, and Mem. in Supp, ECF No. 302.

agreements with the defendants. In response, defendants argue that such discovery is irrelevant to the claims and defenses in this case and imposes an undue burden on the defendants and ignores a prior order of this court.

Plaintiffs are not entitled to this discovery. In its June 20 order, the court determined that plaintiffs' document request, which sought "personnel files of individuals that have been employed by Defendants and/or related entities after working for Plaintiffs and/or related entities," was overbroad and lacked relevance to the claims or defenses in the case. At the same time, the court noted that a "more narrowly tailored" request would be allowed.

Rather than narrowing their request, plaintiffs appear to greatly expand the scope of the documents they seek in requests 26 and 27. Plaintiffs now seek employment contracts or agreements in addition to personnel files for defendants' employees. While the plaintiffs limit this scope to only individuals appearing on the parties' initial and supplemental disclosures and the parties' witness lists, this limit is merely theoretical. If the court grants this motion as to requests 26 and 27, the plaintiffs could access the records for any of defendants' employees by adding the employee's name to a supplemental disclosure or to the plaintiffs' witness list.[28] This request seems to drive in the opposite direction of the court's guidance in the June 20 order. As such, the plaintiffs' request is overbroad.

Likewise, the plaintiffs have failed to demonstrate how the requested documents are relevant in this case. Plaintiffs never, in their initial brief or in their reply, indicate that any deponent has refused to answer questions based on a binding confidentiality agreement. Plaintiff

---

[28] Parties must disclose their witness list no later than 30 days before the trial. Fed. R. Civ. P. 26(a)(3)(B). Except as ordered by the court, the parties must supplement their prior disclosures in a "timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1).

merely notes the existence of such agreements, as it discovered during multiple depositions. Plaintiffs' imply that the witnesses are "afraid to criticize a party," without providing any justification or indication of such fear. This speculation, without more factual support, is insufficient to demonstrate the relevance of such broad discovery, especially considering the Court's prior guidance. Therefore, the plaintiffs' request for documents responsive to requests 26 and 27 is denied.

### v. Sanctions

Finally, both parties request sanctions and vehemently contend the other party is at fault for the delay in this case. Plaintiffs argue that defendants have "demonstrated a pattern and practice of evading discovery" and need a clear order from the court to avoid future misconduct. Defendants counter by arguing that plaintiffs' disregard of prior court orders and plaintiffs' misleading statements of the facts of the case warrant monetary sanctions levied against the plaintiffs.

Sanctions are not warranted in this case. A party may move for sanctions during discovery if the nonmoving party improperly resisted disclosure of otherwise discoverable material or failed to comply with a court order.[29] In general, when a motion to compel is granted in part and denied in part, a court may apportion the reasonable expenses for the motion.[30] Here, the defendants' almost exclusive use of boilerplate objections failed to put the plaintiffs on notice of the actual reasons for defendants objections, which violated Fed. R. Civ. P. 34(b)(2)(B). Plaintiffs' likewise seemingly attempted to skirt the court's advice on narrowing overly broad discovery requests, and otherwise failed to demonstrate the relevance of many of their document

---

[29] Fed. R. Civ. P. 37(a)(5), (b)(2).

[30] Fed. R. Civ. P. 37(a)(5)(C).

requests. As both parties have erred, the court finds justice requires that each party be responsible for their own costs and expenses incurred in briefing this motion.

Accordingly,

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' Second Set of Discovery Requests (ECF No. 285), as modified by Plaintiffs' Reply in Support of Motion to Compel (ECF No. 320) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the defendants will produce all documents responsive to Request 14 of Plaintiffs' Second Request for Production of Documents to Defendants, as modified by Plaintiffs' Reply in Support of Motion to Compel, on or before March 23, 2019.

**IT IS FURTHER ORDERED** that both plaintiffs' and defendants' requests for sanctions are denied.

**IT IS SO ORDERED.**

Dated March 14, 2019, at Topeka, Kansas.

                                                  s/ K. Gary Sebelius
                                                  K. Gary Sebelius
                                                  U.S. Magistrate Judge