# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC., and <br> BRETT MOSIMAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE MADISON COMPANIES, LLC, <br> and HORSEPOWER ENTERTAINMENT, <br> LLC, <br><br> Defendants. | Case No. 15-4890-KHV |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiffs' Motion to Compel Suzanne Land Documents and Other Improperly Withheld Documents on Defendants' Privilege Logs, and Memorandum in Support (ECF No. 302) and Plaintiffs' Motion for Leave to File a Supplement to their Reply in Support of their Motion to Compel Suzanne Land Documents (ECF No. 371). Plaintiffs are seeking all documents referencing, sent to, and sent from a consultant for the defendants. Defendants assert that the documents are protected either by attorney-client privilege or work-product privilege or both.[1] For the reasons stated below, plaintiffs' motions are denied, and the parties are directed to further meet and confer on the issue of privilege.

## I. Factual Background and Procedural History

This action arises from a failed country music concert in Arkansas, the Thunder on the Mountain music festival. Plaintiffs allege that they entered into a joint venture with the defendants to own and produce the music festival. Plaintiffs contend that defendants reneged on

---

[1] Defs.' Opp'n to Pls.' Mot. to Compel Defs. To Produce Suzanne Land Docs., and Mem. in Supp., ECF No. 330.

the agreement, which forced plaintiffs to cancel the festival. Defendants assert counterclaims against plaintiffs, seeking declaratory judgments establishing the rights of the parties and recovery from the plaintiffs under the theories of breach of contract, promissory estoppel, and unjust enrichment.[2]

From March 9 to July 6, 2018, defendants provided plaintiffs with five privilege logs, in which defendants claimed attorney-client privilege, work-product privilege, or both, shielded over 2,000 documents from production.[3] The parties conferred multiple times in an attempt to resolve the privilege claims over documents involving Suzanne Land.[4] On September 28, plaintiffs filed an unopposed motion for extension of time to file a motion to compel.[5] In their motion, plaintiffs indicated defendants had withheld certain documents sent to or from Suzanne Land. Plaintiffs further noted that the motion "is limited to Land documents only."[6] On October 1, 2018, the court granted plaintiffs' motion for an extension of time.[7] On October 29, 2018, plaintiffs filed this motion to compel.[8] In their motion, plaintiffs ask this court to compel

---

[2] Defs.' Answer to Am. Compl. and Countercls., ECF No. 66.

[3] *See* Pls.' Attach. 8, ECF No. 302-7, at 1; *and* Attach. 9, ECF No. 302-8, at 1. Defendants provided privilege logs on March 9, April 20, May 22, July 5, and July 6, 2018.

[4] Pls.' Attachs. 3-8, ECF No. 302-3 to 302-8. Land is also known as Suzanne Bowman and Suzanne Prieur.

[5] Pls.' Mot. for Extension of Time to File a Mot. to Compel Regarding Certain Docs. on Defs.' Privilege Log, and Mem. in Supp., ECF No. 274.

[6] *Id*. at 2, n. 1.

[7] ECF No. 277.

[8] Pls.' Mot. to Compel Suzanne Land Docs. and Other Improperly Withheld Docs. on Defs.' Privilege Logs, and Mem. in Supp., ECF No. 302.

production of "all documents to, from and including Suzanne Land highlighted on defendants' privilege logs from July 5 and 6, 2018."[9]

**II. Scope of Motion to Compel**

Plaintiffs' motion seeks documents outside the scope permitted by the court's October 1, 2018 order. In the District of Kansas, a motion to compel discovery must be filed and served within 30 days of the service of any objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.[10] When the court granted plaintiffs' motion to extend the deadline to file a motion to compel, plaintiffs only sought documents "to or from one Suzanne Land."[11] Despite plaintiffs' attempts to broaden this scope in the present motion, plaintiffs never sought and the court never granted leave to file a motion to compel any other documents listed in defendants' privilege logs. Thus, plaintiffs' motion is denied to the extent that it seeks documents that were not sent to or from Suzanne Land.

Plaintiffs ask this court to compel defendants to produce documents to and from Suzanne Land highlighted on defendants' July 5 and July 6 privilege logs.[12] As plaintiffs have chosen to limit their motion to these two privilege logs, the court will not consider any documents found in any other privilege logs attached to plaintiffs' motion or addressed in plaintiffs' briefing.

---

[9] Plaintiffs attached four privilege logs to their motion, each with documents highlighted according to a color-coding scheme described in the plaintiffs' motion.

[10] D. Kan. Rule 37.1(b). If a party does not file a motion to compel or a motion to extend the deadline within the 30-day limit, the objection is considered waived.

[11] *Supra*, note 7, at 1.

[12] Plaintiffs also sought documents including Suzanne Land; however, the court's ruling on scope of the plaintiffs' motion eliminates documents "including" Suzanne Land.

3

## III. Discussion

Defendants' privilege logs are deficient. The party seeking to assert a privilege has the burden of establishing that it applies.[13] Federal Rule of Civil Procedure 26(b)(5)(A)(ii) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged ... the party must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged ... will enable the parties to assess the claim.[14]

Parties make this showing by creating a privilege log, and judges in this district have repeatedly outlined the criteria a privilege log must contain:

> 1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;
> 2. The date upon which the document was prepared;
> 3. The date of the document (if different from # 2);
> 4. The identity of the person(s) who prepared the document;
> 5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"
> 6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"
> 7. The number of pages of the document;
> 8. The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and
> 9. Any other pertinent information necessary to establish the elements of each asserted privilege.[15]

---

[13] Fed. R. Civ. P. 26(b)(5)(A)(ii).

[14] *Id.*

[15] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-2298-DDC-GLR, 2017 WL 4865689, at **1-2 (D. Kan. Oct. 27, 2017); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 448-49 (D. Kan. 2009).

At a minimum, a privilege log must contain sufficient information to enable an opposing party and the court to evaluate the claim of privilege.[16] If a party fails to carry its burden to establish that the withheld documents are privileged, the court may conclude that the privilege is waived.[17] However, courts have reserved waiver as a penalty for only those cases where the offending party committed unjustified delay in responding to discovery.[18]

In this case, defendants' privilege logs are inadequate to enable either plaintiffs or the court to evaluate the claims of privilege. Defendants have failed to provide any evidentiary showing that the documents listed in the July 5 and July 6 privilege logs were prepared in the course of adversarial litigation, in anticipation of a threat of adversarial litigation, or in the pursuit of receiving or giving legal advice. The logs do not include descriptions of the documents beyond the subject line or file name. Furthermore, defendants' logs fail to provide an evidentiary showing that any of the individuals listed were acting as attorneys for the defendants.[19] The mere identification of a document by page number, subject line, and addressing information is not enough to support a claim of attorney-client privilege or work-product privilege. Thus, the defendants privilege logs are deficient.

However, the court recognizes that attorney-client privilege and work-product privilege are both important to the administration of justice and that waiver of privilege is a harsh

---

[16] *Crumpley*, 2017 WL 4865689, at *2 (citing *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at *5 (D. Kan. Mar. 24, 2017) (internal citations omitted)).

[17] *Id*.

[18] *White v. Graceland Coll. Ctr. For Prof. Dev. & Lifelong Learing, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008).

[19] Defendants' brief does list a handful of attorneys employed or retained by the defendants; however, the brief unhelpfully includes "and others" in the list without detailing the identities of the others. ECF No. 330, at 5-6, n. 3.

punishment.[20] The court notes that a number of entries in the July 5 and July 6 logs sent to or from Suzanne Land appear to include subject lines or file names that could raise a colorable assertion of privilege. Some of the entries include subject lines referencing then ongoing litigation or business agreements.[21] The logs also include entries that indicate Land communicated with individuals defendants have identified as either in-house or outside counsel.[22] In contrast, some other entries are much less clear how they could be considered privileged. These entries include subject lines and file names such as "Attachment,"[23] "RE: Follow Up,"[24] or "image001.png"[25] without further explanation or evidentiary basis to support defendants' privilege claim.

Because there is a colorable argument that some of the documents listed in defendants' logs are privileged from production, the court declines finding defendants have waived their claims of privilege for all documents listed in their deficient privilege logs. The court is granting the defendants a second chance to support their claims of privilege; however, the court will view harshly any undue delay or unsubstantiated claims of privilege by defendants.

---

[20] *See In re Qwest Commc's, Int'l, Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) (discussing attorney-client privilege); *and*, *Lloyds of London Syndicate 2003 v. Fireman's Fund Ins. Co. of Ohio*, 320 F.R.D. 557, 560 (D. Kan. 2017) (discussing the work product doctrine).

[21] For example, M00040913 is a message between Suzanne Land (then Suzanne Bowman) and Judy Michael with the subject line "Re: HorsePower -Thunder on the Mountain litigation," ECF No. 302-2.

[22] For example, M00039976- M00039982 is a message between Suzanne Land (then Suzanne Bowman) and John Murdock, who defendants identified as one of their outside counsel, with the subject line "RE: settlement term sheet," ECF No. 302-2.

[23] M00037506 is a message between Suzanne Land and an individual identified only by their email address with the subject line "Attachment," ECF No. 302-1.

[24] M00034029- M00034030 is a message between Suzanne Land and Seth Wolkov with the subject line "RE: Follow Up," ECF No. 302-1.

[25] M00039446 is an image file with the file name "image001.png." The entry in the privilege log does not include any information identifying the sender, the recipient, the date of creation, or the purpose of creation.

In light of the above limitation of scope, the court believes that this case would benefit from additional evaluation of the claims of privilege and conference of the parties.

Accordingly,

**IT IS ORDERED** that defendants shall examine each claim of privilege for documents to or from Suzanne Land[26] found on the July 5 and July 6 privilege logs. Defendants should produce any document for which they do not have a colorable claim of attorney-client privilege or work-product privilege. If defendants believe they still have colorable claims of privilege after the completion of their review, defendants shall provide plaintiffs with a supplemental privilege log containing the information outlined above, with specific focus on providing an evidentiary basis for each claim of privilege. Defendants shall provide plaintiffs any supplemental privilege log no later than **March 20, 2019.**

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Compel Suzanne Land Documents and Other Improperly Withheld Documents on Defendants' Privilege Logs, and Memorandum in Support (ECF No. 302) is denied. Plaintiffs are directed to meet and confer with defendants following any production of a supplemental privilege log to attempt to resolve disputes about production of the documents without court intervention. Should the parties be unable to resolve this dispute, plaintiff is granted up to and including **March 29, 2019,** to file a renewed motion limited to the documents to and from Suzanne Land found on defendants' July 5 and 6 privilege logs.

---

[26] The court's reference to Suzanne Land in this order is to be construed to mean the individual known as Suzanne Land, regardless of whatever name she may have used at the time. The court shall not entertain any objection to or refusal to comply with this order on the grounds that it did not specify each of Land's other known or unknown aliases.

**IT IS FURTHER ORDERED** that, as this order directs the parties to reevaluate the privilege logs at issue in this motion, Plaintiffs' Motion for Leave to File a Supplement to their Reply in Support of their Motion to Compel Suzanne Land Documents, (ECF No. 371) is denied.

**IT IS SO ORDERED.**

Dated March 14, 2019, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge