# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., BACKWOOD ENTERPRISES, LLC, OK PRODUCTIONS, INC. and BRETT MOSIMAN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 15-4890-KHV |
| THE MADISON COMPANIES, LLC and HORSEPOWER ENTERTAINMENT, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion For Leave To File Under Seal (Doc. #448) filed April 5, 2019. Defendants have not responded.

Plaintiffs ask the Court to seal their motion for review of Magistrate Judge Gary K. Sebelius's Memorandum And Order (Doc. #429) filed March 22, 2019, and accompanying exhibits. See Motion For Leave To File Under Seal (Doc. #448). Plaintiffs assert that the motion and exhibits contain deposition testimony which defendants marked as confidential under the existing protective order. Specifically, they contain emails between Suzanne Land and Seth Wolkov, and portions of deposition transcripts which discuss Nate Prenger's communications with Madison, Horsepower and/or Kaaboo. Id. at 2.

As the Court has explained to the parties in this case on numerous occasions, designation of information as confidential in the protective order is insufficient to satisfy the requirements for sealing a document. See Order (Doc. #465) filed April 22, 2019; see also Order (Doc. #449) filed April 5, 2019; Memorandum And Order (Doc. #390) filed January 24, 2019 at 2; Memorandum

And Order (Doc. #380) filed January 18, 2019 at 2; Memorandum And Order (Doc. #346) filed December 10, 2018 at 2. "A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records." Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1135 (10th Cir. 2011). The moving party must articulate a real and substantial interest which justifies depriving the public of access to the records which inform the Court's decision-making process. See id. at 1135-36; see also Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017).

Plaintiffs base their motion to seal on the protective order and defendants' assertion that the exhibits contain confidential information. They do not adequately explain why the information in their motion or exhibits, if disclosed, might be harmful to either party and they do not articulate a real and substantial interest which justifies sustaining their motion to file under seal. In addition, plaintiffs' assertion that under the protective order, they could be subject to sanctions if the information is not sealed lacks merit.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Under Seal (Doc. #448) filed April 5, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **May 2, 2019**, plaintiffs may refile the motion and exhibits for public viewing.

Dated this 29th day of April, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge