# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC. and <br> BRETT MOSIMAN, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | CIVIL ACTION |
| v. | ) <br> ) | No. 15-4890-KHV |
| THE MADISON COMPANIES, LLC and <br> HORSEPOWER ENTERTAINMENT, LLC, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiffs' Motion To Review Magistrate Judge's Order, And Memorandum In Support</u> (Doc. #325) filed November 14, 2018. For reasons stated below, the Court sustains plaintiffs' motion for review.

## Legal Standards

Under Rule 72(a), Fed. R. Civ. P., a party may object to a magistrate judge's order pertaining to a discovery matter. Upon objection, the district court may modify or set aside any portion of the order which it finds "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a <u>de novo</u> review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); <u>see</u> <u>Burton v. R.J. Reynolds Tobacco Co.</u>, 177 F.R.D. 491, 494 (D. Kan. 1997). The Court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458, 1464 (10th Cir. 1988)

(internal quotation omitted). A magistrate judge is afforded broad discretion in resolution of non-dispositive discovery disputes and the Court will overrule the magistrate judge's decision only upon finding an abuse of discretion. Zhou v. Pittsburgh State Univ., No. 01-2493-KHV, 2002 WL 31870565, at *1 (D. Kan. 2002), aff'd sub nom. Wei-Kang Zhou v. Pittsburg State Univ., No. 03-3273, 2004 WL 1529252 (10th Cir. 2004) (citing Comeau v. Rupp, 762 F. Supp. 1434, 1450 (D. Kan. 1991)).

### **Factual And Procedure Background**

This dispute arises from a failed country music festival. Plaintiffs allege that they entered into a joint venture with defendants to own and produce the "Thunder on the Mountain" music festival, that defendants reneged on the agreement and the festival had to be canceled. Plaintiffs assert claims of breach of contract, breach of fiduciary duty, fraud and tortious interference with a prospective business advantage. Defendants assert various counterclaims.

1. Plaintiffs' Motion To Compel

On March 6, 2018, plaintiffs filed a motion to compel responses to interrogatories and requests for production which sought information about entities related to defendants but not parties to this lawsuit. Motion To Compel Discovery Responses And Memorandum In Support (Doc. #108).

On June 20, 2018, Magistrate Judge K. Gary Sebelius partially granted plaintiffs' motion to compel discovery responses. As relevant here, he held as follows:

> The court finds plaintiffs' request for information on defendants' related entities is vague and unduly burdensome. Plaintiffs have not demonstrated that there [are] [sic] "related entities" that defendants control. The burden rests with plaintiffs to determine who the "related entities" are. *They, of course, can seek discovery to determine the relationship between the companies and whether the requisite control exists.* But, without any identification of the "related entities," these

requests are vague and unduly burdensome. The court will consider plaintiffs' requests without any reference to "related entities."

<u>Memorandum And Order</u> (Doc. #195) at 9 (footnotes omitted) (italics added).

2. <u>Plaintiffs' Rule 30(b)(6) Deposition Notices</u>

On April 30, 2018, plaintiffs noticed a Rule 30(b)(6) deposition which contained 30 topics. <u>Plaintiffs' Rule 30(b)(6) Notice Of Deposition</u> (Doc. #127). Defendants responded with a motion for protective order, requesting that the Court strike several topics. <u>Defendants' Motion For Protective Order For 30(b)(6) Notice Of Deposition Of Defendants The Madison Companies, LLC And Horsepower Entertainment, LLC</u> (Doc. #130) filed May 3, 2018. On May 8, 2018, before the Court ruled on defendants' request for a protective order, plaintiffs filed an amended Rule 30(b)(6) notice. <u>Plaintiffs' Amended Rule 30(b)(6) Notice Of Deposition</u> (Doc. #137). Deposition topic 1 in plaintiffs' amended notice asked defendants to produce a corporate witness to testify on the following subjects (hereinafter referred to as "related entities" topics):

> Defendants' business, specifically their corporate structure, ownership, executives, operations, management, related entities, primary functions, primary sources of revenue, and primary expenses. For purposes of this Notice, "related entities" are defined as: "the group of companies operated under the Madison name that invest(ed) in and/or manage(d) numerous businesses, investments and ventures throughout the United States" referenced in Dave Lionette's affidavit (Doc. 111-1), as well as the "businesses in which The Madison Companies have or had a significant interest, investment and/or contractual relationship" that are referenced. If there are too many businesses in which the Madison Companies have or had a significant interest, investment and/or contractual relationship with for Defendants to prepare for deposition, they can limit this portion of the definition to businesses in which they have at least a 25% ownership interest.

<u>Id.</u> at 2. In addition, topics 2, 3, 10, 15, 18 through 22 and 28 seek information regarding defendants' so-called "related entities." <u>Id.</u> at 2-5. On May 11, 2018, defendants filed a second motion for protective order, arguing that plaintiffs' definition of "related entities" was vague,

-3-

overbroad and unlimited in scope. Defendants' Motion For Protective Order For Plaintiffs' Amended Rule 30(b)(6) Notice Of Deposition (Doc. #141) at 13-14.

At a "meet and confer" session, plaintiffs clarified that "related entities" means "any parent, subsidiary, or affiliated company, and any business corporation, partnership, LLC or other entity in which the parent, subsidiary, or affiliated company, including officers, directors, executives, or employees, hold a substantial interest, directly or indirectly." Defendants nevertheless maintained their objection that the term "related entities" was vague and overbroad. See Memorandum And Order (Doc. #195) filed June 20, 2018 at 8.

On July 13, 2018, Judge Sebelius partially granted defendants' motion for protective order with regard to plaintiffs' amended Rule 30(b)(6) deposition notice. He held that for reasons stated in his order dated June 20, 2018 regarding plaintiffs' motion to compel, the term "related entities" should be stricken from topics 2, 3, 10, 15, 19 through 22 and 28. Order (Doc. #203) filed July 13, 2018 at 4.

On August 8, 2018, plaintiffs filed a Second Amended Rule 30(b)(6) Notice Of Deposition (Doc #220). Plaintiffs again asked defendants to designate a corporate witness to testify on topics which included the term "related entities," but limited the term to "companies Defendants have control over as described in the Court's Order dated June 20, 2018." Id. at 2-6. In addition, plaintiffs specifically sought testimony on the following topics:

1. Defendants' business, specifically their corporate structure, ownership, executives, operations, management, primary functions, primary sources of revenue, and primary expenses.

2. The "Madison-family companies" referenced by Bryan Gordon in his deposition on July 11, 2018 that are or were in existence any time from January 2014 to the present.

3. Kaaboo, LLC; Kaaboo-Del Mar Investment, LLC; Kaaboo-Del Mar, LLC; KaabooWorks; KaabooWorks Services, LLC; and/or any other companies owned, operated and/or managed by Madison, Horsepower, and/or any of their owners that are involved in the music festival business.

4. Madison and/or Horsepower's control over the companies identified in response to Topics 2 and 3 above as described in the Court's Order dated June 20, 2018. * * *

7. Defendants'/related entities financial projections and budgets for Kaaboo and/or any other music festival they have owned, operated and/or managed. [Note: "Related entities" are limited to companies Defendants have control over as described in the Court's Order dated June 20, 2018].

Id. at 2.

On August 27, 2018, defendants filed a Motion For Protective Order For Plaintiffs' Second Amended Rule 30(b)(6) Notice Of Deposition (Doc. #246). Defendants asserted that despite Judge Sebelius's order of July 13, 2018 striking "related entities" from nine deposition topics, plaintiffs had reinserted that phrase into several topics. Id. at 11, 13. Defendants further asserted that plaintiffs' efforts to obtain information about the Kaaboo entities should be quashed because plaintiffs had not shown that defendants controlled the Kaaboo entities or that information concerning them was relevant or proportional. Id. Defendants argued that the Court should not permit plaintiffs to ask defendants to provide "binding testimony" about the activities of entities that are not parties in this lawsuit, have nothing to do with the Thunder music festival, and are not in alleged breach of any agreement. Motion For Protective Order (Doc. #246) at 3. Defendants further asserted that plaintiffs' second amended deposition notice would "dramatically expand the scope of discovery." Id. at 4.

In response, plaintiffs asserted that the requested discovery is relevant, proportional and essential to their ability to rebut defendants' arguments, establish their claims of tortious

interference, show that defendants engaged in a pattern and practice of fraud and other misconduct, and calculate damages. See Plaintiffs' Response To Defendants' Motion For Protective Order Regarding Their Second Amended Notice Of Rule 30(b)(6) Deposition (Doc. #261) filed September 6, 2018 at 14. Plaintiffs also asserted that they had adequately shown that defendants controlled the Kaaboo entities. Id. at 7. In addition, plaintiffs specifically named the following entities: KAABOO, LLC, KAABOO-Del Mar Investment, LLC, KAABOO-Del Mar, LLC, KAABOOWorks and KAABOOWorks Services, LLC; and WarDawgz, LLC and LastDawgz, LLC. Id. at 15. They also identified the "Madison-family companies," which Bryan Gordon referenced in his deposition dated July 11, 2018. Id.

On October 31, 2018, Judge Sebelius issued an order as to plaintiffs' second amended Rule 30(b)(6) deposition notice which partially granted defendants' motion for protective order. Memorandum And Order (Doc. #314) at 4. Even though plaintiffs had defined "related entities" to include only "companies defendants have control over," Judge Sebelius held that plaintiffs were not entitled to deposition testimony concerning them, inasmuch as "plaintiffs had failed to identify . . . specific entities" within this definition, so the phrase "related entities" should be eliminated from topics 5 through 8, 15, 22, 25 through 30 and 33.[1] Id. at 4.

As to the Kaaboo entities, Judge Sebelius held that although defendants and the Kaaboo entities do have overlapping management and ownership, plaintiffs had not demonstrated that defendants controlled the Kaaboo entities and plaintiffs were not entitled to obtain the requested discovery in deposition topics 2 through 8, 15, 22, 25 through 30 and 33. Id. at 7-8. Judge

---

[1] A typographical error appears in Memorandum And Order (Doc. #314). Compare id. at 4 with id. at 11. The topics at issue are 5 through 8, 15, 22, *25* through 30, and 33.

Sebelius further held that even if the record showed that defendant had some control over the Kaaboo entities, plaintiffs had not shown that discovery regarding the Kaaboo entities was relevant or proportional to the needs of this action.  Id. at 8.  In addition, he quashed topics 2 and 4.

As to the "Madison-family companies" and defendants' control over them, Judge Sebelius held that because plaintiffs had failed to show that any of them were involved in the Thunder music festival, discovery regarding these entities was not relevant.  Id. at 10.

On November 14, 2018, plaintiffs sought review.  Plaintiffs' Motion To Review Magistrate Judge's Order And Memorandum In Support (Doc. #325).  Plaintiffs assert that the order of October 31, 2018 prevents them from "obtaining necessary discovery regarding their tortious interference claim and Defendants' defenses in this case."  Id. at 1.

## Analysis

Plaintiffs argue that Judge Sebelius's order is clearly erroneous and contrary to law for several reasons, which the Court addresses in turn.

### I. Identity Of Specific Related Entities

Judge Sebelius held that discovery regarding "related entities" should be stricken from plaintiffs' deposition notices because beyond the Kaaboo entities, plaintiffs' deposition notices did not specify any particular "related entity" as to which plaintiffs sought discovery.  Memorandum And Order (Doc. #314) at 4.  Plaintiffs assert that they sufficiently identified related entities of which they are aware, and that the rules of discovery do not require them to identify specific entities before receiving discovery about non-parties.  Motion To Review (Doc. #325) at 4-5. Plaintiffs further note that Judge Sebelius had already held that they *could* seek discovery "to determine the relationship between the companies and whether the requisite control exists."  Id.

at 5 (quoting Memorandum And Order (Doc. #195) at 9) (internal quotation marks omitted).

At a Rule 30(b)(6) deposition, plaintiffs may seek information regarding any relevant and non-privileged matter. See Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 528 (D. Kan. 2006); see also Buie v. District of Columbia, 327 F.R.D. 1, 9 (D.D.C. 2018); Sanofi-Aventis v. Sandoz, Inc., 272 F.R.D. 391, 393 (D.N.J. 2011); Pulliam v. Cont'l Cas. Co., No. 02-370 RWR, 2006 WL 3003977, at *5 (D.D.C. Oct. 20, 2006). Under Rule 30(b)(6), a party may notice a corporation as a deponent so long as the notice "describe[s] with reasonable particularity the matters for examination." In other words, plaintiffs must provide defendants with enough information so that they are on notice of the areas of inquiry plaintiffs will explore in the deposition. If plaintiffs' Rule 30(b)(6) notice both describes with reasonable particularity the matters for examination and complies with Rule 26(b)(1), defendants must designate one or more individuals to testify on their behalf as to all matters reasonably available to them. Sprint Commc'ns, 236 F.R.D. at 528. While the designated representative does not need to have personal knowledge, defendants must make a "conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Schneider v. CitiMortgage, Inc., No. 13-4094-SAC, 2017 WL 2831083, at *4 (D. Kan. June 29, 2017) (quoting Starlight Int'l Inc. v. Herlihy, 186 F.R.D. 626, 639 (D. Kan. 1999)). Because defendants are obligated to adequately prepare their designated representative, an overly-broad Rule 30(b)(6) would subject them to an "impossible task." Tomelleri v. Zazzle, Inc., No. 13-02576-EFM-TJJ, 2014 WL 7071573, at *2 (D. Kan. Dec. 12, 2014) (citation omitted).

Here, plaintiffs seek to question defendants' corporate representative about entities which

defendants control.  See Plaintiffs' Second Amended Rule 30(b)(6) Notice Of Deposition (Doc. #220) at 2.  Plaintiffs' second amended notice does not identify the specific related entities by name, but without discovery on this point, one can hardly fault plaintiffs on that score. Defendants argue that without knowing the entities on which plaintiffs seek discovery, they cannot comply with their obligation to designate and prepare a knowledgeable representative and that by failing to name the particular relevant entities, plaintiffs seek to subject them to an impossible task. See Sprint Commc'ns, 236 F.R.D. at 528; see also Reed v. Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000) (to avoid liability, noticed party must designate person knowledgeable in areas of inquiry); id. (compliance not feasible when one cannot identify outer limits of noticed topics).

With all respect to Judge Sebelius, this argument rings hollow on district court ears. According to defendants, "Defendants are two companies, one owned by the other (TMC owns HPE)."  Defendants' Opposition To Plaintiffs' Motion To Review Magistrate Judge's Order, And Memorandum In Support (Doc. #339) filed December 5, 2018 at 2.  TMC "has acted as a private equity firm and an investment company that creates and/or invests in hundreds of entities," id., and "created hundreds of entities . . . to pursue its investment strategies."  Id. at 4.  TMC established HPE as a "vehicle to invest in . . . live music festivals . . . and entertainment assets." Id. at 5.

As noted, without discovery, plaintiffs cannot be reasonably expected to know the names of these hundreds of entities, or which of them defendants may control.  To the extent that defendants created and/or control such entities, it is absurd to suggest that requiring them to allow

discovery is an "impossible task."[2]  See Tomelleri, 2014 WL 7071573, at *2.

The Court is left "with the definite and firm conviction" that in requiring plaintiffs to name the names of defendants' "related entities," as a precondition to discovery, Judge Sebelius made a mistake.  See Ocelot Oil Corp., 847 F.2d at 1464.  Plaintiffs' second amended notice satisfies the "reasonable particularity" requirement of Rule 30(b)(6).  Accordingly, the Court must reverse Judge Sebelius's order that defendants are not obligated to provide Rule 30(b)(6) deposition testimony regarding unidentified "related entities."  In so holding, the Court reaffirms (without limitation) the prior determination by Judge Sebelius that plaintiffs may seek discovery to determine the relationships between defendants and "related entities" and the extent to which defendants control them.  See Memorandum And Order (Doc. #195) at 9.

## II.  The Kaaboo Entities

Plaintiffs assert that Judge Sebelius erred in finding that plaintiffs have not shown that defendants control the Kaaboo entities, or that information regarding them is relevant or proportional.  Motion To Review (Doc. #325) at 7.  For reasons explained below, the Court finds that Judge Sebelius clearly erred in not allowing plaintiffs to obtain Rule 30(b)(6) testimony regarding the Kaaboo entities.

Under Rule 30(b)(6), a corporation must prepare its designated representative to "testify about information known or reasonably available to the organization."  See Sanofi-Aventis, 272 F.R.D. at 393-94.  Whether information is known or reasonably available to an entity is a fact-specific analysis.  Id.  To determine whether defendants must designate a corporate

---

[2]  While defendants state that "TMC owns HPE," their brief does not expressly claim that either TMC or HPE has "related entities" as plaintiffs define them.  Accordingly, the Court cannot evaluate the burden or alleged disproportionality of such discovery.

-10-

representative to testify about the Kaaboo entities, the Court uses as a guideline the "control" standards of Rule 34(a), Fed. R. Civ. P. The general standards for control under Rule 34 are as follows:

> The Federal Rules of Civil Procedure require production of documents "which are under the possession, custody or control of the party upon whom the request is served." The party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed. R. Civ. P. 34(a). "Control comprehends not only possession but also the right, authority, or ability to obtain the documents." Specifically, "courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand."

Noaimi v. Zaid, 283 F.R.D. 639, 641 (D. Kan. 2012) (quoting Ice Corp. v. Hamilton Sundstrand Corp., 245 F.R.D. 513, 516-17) (citations, footnotes and emphasis in original omitted). In addition, courts consider "(1) the use or purpose of the materials; (2) whether [the] materials were acquired or maintained with the party's assets; (3) whether the party determined the material's use, location, possession, or access; (4) who has actual use or access to the materials; (5) whether the materials serve the party's interest; and (6) any formal or informal evidence of transfer of ownership or title." Boyd v. Hi Country Chevrolet, No. CV 10-0602 RB/KBM, 2012 WL 13081437, at *1 (D.N.M. Feb. 28, 2012) (citing Ice Corp., 245 F.R.D. at 518).

The Court finds that Judge Sebelius erred in conditioning plaintiffs' right to deposition testimony about the Kaaboo entities on a prior showing that defendants control them. Bryan Gordon, a founder of defendant HPE, testified that after plaintiffs filed the present case, Madison's music festival business became Kaaboo rather than Horsepower. See Excerpts Of Deposition Of Bryan Gordon Dated July 11, 2018 at 33, Exhibit 3 to Motion To Review (Doc. #325); see also Excerpts Of Deposition Of Robert Walker Taken May 18, 2018 at 54, Exhibit 10 to Plaintiffs'

Response To Defendants' Motion For Protective Order Regarding Their Second Amended Notice Of Rule 30(b)(6) Deposition (Doc. #261). Defendants share an office with the Kaaboo entities and initially answered interrogatories on behalf of the Kaaboo entities. Motion To Review (Doc. #325) at 9, 10. All of defendants' former employees who still work for a Madison company now work for the Kaaboo entities. At one point, defendants' website listed Kaaboo as one of Madison's assets and stated that HPE presented the Kaaboo Del Mar festival. See Exhibit 14 to Non-Sealed Exhibits To Plaintiffs' Response To Defendants' Motion For Protective Order Regarding Their Second Amended Notice Of Rule 30(b)(6) Deposition (Doc. #262) filed September 6, 2018; Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 2002 WL 1835439, *5 (S.D.N.Y. Aug. 8, 2002) (statement on website that Tribune Broadcasting "owns and operates" WGN Superstation established "control" for Rule 30(b)(6) deposition). At this juncture, plaintiffs have presented enough evidence to require defendants to prepare a corporate representative to discuss information regarding the Kaaboo entities that is within their possession, custody or control.

### III.     Relevance Of Discovery Related To The Kaaboo Entities

Judge Sebelius found that plaintiffs were not entitled to have Rule 30(b)(6) testimony about the Kaaboo entities because even if defendants maintained some control over them, plaintiffs failed to show that their activities were relevant. Memorandum And Order (Doc. #314) at 8. He noted that plaintiffs had not alleged that the Kaaboo entities made any promises or representations concerning the relevant music festival or that the Kaaboo entities had breached any agreement, interfered with any of its relationships, or acted as an agent of defendants. Id. at 8.

Considerations of both relevance and proportionality govern the scope of discovery. Under Rule 26(b)(1), Fed. R. Civ. P., a party may obtain discovery of any non-privileged matter if such discovery is relevant to the party's claim or defense and proportional to the needs of the case. At the discovery stage, relevance is broadly construed. Waters v. Union Pac. R.R. Co., No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citing Smith v. MCI Telecommunications Corp., 137 F.R.D. 25, 27 (D. Kan. 1991)). If the record reveals any possibility that the information the discovery request seeks may be relevant to the subject matter of the action, the court should consider the request relevant. Id.

Here, plaintiffs satisfy this low burden of showing relevancy. They assert that without discovery on the Kaaboo entities, they cannot (1) prove that defendants tortiously interfered with plaintiffs' former partners, employees and agents, many of whom now work for the Kaaboo entities; (2) show that defendants transferred assets to the Kaaboo entities after this litigation began; (3) rebut defendants' affirmative defense of fraudulent inducement; (4) demonstrate that defendants engaged in a pattern and practice of repeatedly reneging on contracts; and (5) prove damages. Motion To Review (Doc. #325) at 12-15. Plaintiffs also note that Judge Sebelius previously held that they were entitled to discovery on defendants' communications with plaintiffs' former partners, employees or agents, and regarding defendants' other festivals. Motion To Review (Doc. #325) at 12. For reasons discussed below, the Court finds that Judge Sebelius erred in finding that the activities of the Kaaboo entities are irrelevant to plaintiffs' claims.

First, plaintiffs assert a claim of tortious interference which alleges that after defendants reneged on the Thunder agreement, they hired away plaintiffs' key employees and partners. Plaintiffs state that discovery regarding the Kaaboo entities' communications with and personnel

files for plaintiffs' former employees is essential to this claim. Evidence that defendants worked with the Kaaboo entities to hire away plaintiffs' best employees would support plaintiff's tortious interference claim, particularly because the Kaaboo entities do currently employ plaintiffs' former employees.

Second, plaintiffs have produced evidence that defendants may have transitioned their music festival business to Kaaboo after this litigation began. They assert that Judge Sebelius's order substantially impairs their ability to prove that defendants hired plaintiffs' key employees and tortiously interfered with their business. See Motion To Review (Doc. #325) at 13. Plaintiffs seek discovery on the Kaaboo entities' communications with and personnel files for plaintiffs' former employees. Such information is relevant to plaintiffs' claim of tortious interference.

Third, plaintiffs assert that information regarding Kaaboo-related lawsuits is relevant to their claim that defendants engaged in a pattern and practice of fraud. Judge Sebelius previously determined that plaintiffs are entitled to discovery regarding defendants' lawsuits. He stated as follows: "In actions involving fraud, evidence of the same or similar fraudulent misrepresentations made to someone other than the injured party is competent and relevant for establishing the elements of knowledge, malice, and intent to defraud. Thus, discovery of such evidence is appropriate." Memorandum And Order (Doc. #195) at 14 (footnotes omitted). To the extent that defendants have information regarding lawsuits or complaints of fraud against the Kaaboo entities, plaintiffs may ask defendants' corporate representative about such information. See Fisher v. Household Life Ins. Co., No. 10-2547-KHV, 2012 WL 966043, at *7 (D. Kan. Mar. 21, 2012) (requests for names and nature of similar complaints and lawsuits are relevant discovery,

particularly in case alleging fraud).

Finally, plaintiffs assert that information regarding the Kaaboo entities is relevant because defendants have repeatedly alleged that plaintiffs overestimated the Thunder festival's value. Plaintiffs seek to use defendants' valuation of Kaaboo as a comparison. The Court agrees with plaintiffs that such information is relevant to their ability to show damages.[3]

The Court finds that Judge Sebelius clearly erred in finding that the activities of the Kaaboo entities are not relevant to plaintiffs' claims.

**IV. Discovery Related To The Kaaboo Entities Is Proportional**

Judge Sebelius found that even if plaintiffs' request for discovery regarding the Kaaboo entities is tangentially relevant, it is not proportional to the needs of the case. Memorandum And Order (Doc. #314) at 9. He determined that discovery regarding the Kaaboo entities would significantly expand the scope of discovery and that the burden of doing so would outweigh the benefit. Id.

Under Rule 26(b)(2)(C), the Court must limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive; the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or the proposed discovery is outside the scope permitted by Rule 26(b)(1). Rowan v. Sunflower Elec. Power

---

[3] In addition, plaintiffs assert that discovery regarding the Kaaboo entities is essential to their ability to rebut defendants' fraudulent inducement defense. They assert that information regarding Kaaboo's ticket sales could show that based on experience with other festivals such as Kaaboo, defendants knew that ticket sales would be low during the first years of the Thunder festival. This argument fails to show relevancy, however, because the first Kaaboo festival was in September of 2015, i.e. after the Thunder deal soured. See Defendants' Opposition To Plaintiffs' Motion To Review (Doc. #339) at 21.

Corp., No. 15-CV-9227-JWL-TJJ, 2016 WL 3745680, at *3 (D. Kan. July 13, 2016). To determine proportionality, the court considers the following factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Panel Specialists, Inc. v. Tenawa Haven Processing, LLC, No. 16-4140-SAC, 2017 WL 3503354, at *2 (D. Kan. Aug. 16, 2017). In addition, a party must clearly support an objection based on undue burden with an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request. Id.

Plaintiffs assert that Judge Sebelius erred in accepting defendants' unsupported statement that producing such discovery would unduly burden them. Motion To Review (Doc. #325) at 16. In response, defendants assert that plaintiffs seek testimony regarding hundreds of non-party entities, including those outside the music festival industry. They concede that proportionality factors two and three weigh in favor of plaintiffs – the amount in controversy is sufficient and defendants have better access to information about the Kaaboo entities. They assert, however, that the other factors weigh against allowing Rule 30(b)(6) testimony. Specifically, defendants assert that such discovery is not important to resolving issues and would drain their resources, and that the burden outweighs any benefit. See Defendants' Opposition To Plaintiffs' Motion To Review (Doc. #339) at 25.

The Court finds that Judge Sebelius clearly erred in finding that plaintiffs' request to ask about the Kaaboo entities in a Rule 30(b)(6) deposition is not proportional to the needs of this case. Considering the relevant factors, the amount in controversy is sufficient; information regarding the

Kaaboo entities is relevant to resolving issues in this case; and defendants have better access to the information than plaintiffs do. In addition, although defendants contend that preparing a corporate representative will be burdensome because hundreds of Kaaboo entities exist, they base this argument in part on the idea that a Rule 30(b)(6) deposition requires them to prepare their representative to "testify about <u>every</u> aspect of <u>every</u> company, from formation through dissolution." (Doc. #339) at 26 (emphasis in original). This argument misses the mark. If defendants created hundreds of Kaaboo entities, having a corporate representative testify about them is not "unduly" burdensome. Under Rule 30(b)(6), defendants need only prepare their representative to testify as to information known or reasonably available to them. <u>Sanofi-Aventis</u>, 272 F.R.D. at 393-94 (D.N.J. 2011); <u>see</u> <u>United States v. Taylor</u>, 166 F.R.D. 356, 362 (M.D.N.C.) ("The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business."). Defendants have not shown that the burden on them outweighs the benefit of such discovery. Accordingly, their corporate representative must testify about the Kaaboo entities.

**V.     Identity Of Madison-Family Companies**

Plaintiffs assert that Judge Sebelius erred in finding that they failed to show the relevance of information regarding the "Madison-family companies.". <u>Motion To Review</u> (Doc. #325) at 16; <u>see</u> <u>Memorandum And Order</u> (Doc. #314) at 10. Because the Court finds that plaintiffs may question defendants' corporate representative regarding defendants' "related entities" and the extent to which defendants control them, whether Judge Sebelius erred in finding that plaintiffs are not entitled to discovery to determine the identities of the Madison-family companies is moot.

**Conclusion**

The Court finds that Judge Sebelius clearly erred in finding that plaintiffs are not entitled to deposition testimony under Rule 30(b)(6) regarding defendants' "related entities" and the Kaaboo entities.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Review Magistrate Judge's Order, And Memorandum In Support (Doc. #325) filed November 14, 2018 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that to communicate her expectations with regard to professional behavior in the conduct of discovery and ensure that current discovery deadlines are met, Magistrate Judge Angel D. Mitchell immediately convene a status conference with all counsel who have entered appearances.

Dated this 1st day of May, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge