# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., <br> BACKWOOD ENTERPRISES, LLC, <br> OK PRODUCTIONS, INC. and <br> BRETT MOSIMAN, <br><br> Plaintiffs, <br><br> v. <br><br> THE MADISON COMPANIES, LLC and <br> HORSEPOWER ENTERTAINMENT, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION <br><br> No. 15-4890-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion To File Exhibits 2-3 Under Seal (Doc. #464) filed April 21, 2019. Defendants have not responded within the 14-day period allowed under D. Kan. Rule 6.1(d). For reasons stated below, the Court overrules plaintiffs' motion to file under seal.

Plaintiffs ask the Court to seal Exhibits 2 and 3 to their Reply In Support Of Their Motion To Review Magistrate Judge's Order Denying Leave To Amend Complaint And Memorandum In Support (Doc. #460) filed April 17, 2019. See Motion To Seal (Doc. #464). Exhibit 2 is the first page of a consulting agreement between Horsepower Entertainment LLC and Nathan Prenger. Exhibit 3 is an email exchange between Seth Wolkov and Suzanne Land regarding Prenger's consulting agreement. Plaintiffs base their request to seal these exhibits on the protective order and defendants' assertion that the documents should not be seen by the public. Motion To Seal (Doc. #464) at 2.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Crystal Grower's, 616 F.2d at 461. The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents. See Mann, 477 F.3d at 1149; Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The party must articulate a real and substantial interest which justifies depriving the public of access to the records which inform the Court's decision-making process. Colony Ins., 698 F.3d at 1241; see also Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017).

Plaintiffs do not explain why the information in the exhibits, if disclosed, might be harmful to either party. Further, they do not demonstrate that redaction would be insufficient to protect any real and substantial privacy interests. Instead, plaintiffs note that they are unable to ascertain the specific content which defendants deem confidential. Plaintiffs do not explain why they did not consult with defense counsel to ascertain the nature of the allegedly confidential information. Presumably, defendants could have explained this to the Court if they had responded to plaintiffs' motion. Plaintiffs' statement that defendants have asserted that the exhibits should be kept

confidential, by itself, does not establish good cause for sealing the documents. The Court therefore overrules plaintiffs' motion to seal Exhibits 2 and 3.

The Court notes that it has spent substantial time and resources explaining to the parties the principles which govern the sealing of documents. Since December of 2018, this is the seventh such order on this point. See Memorandum And Order (Doc. #475) filed April 29, 2019; see also Order (Doc. #465) filed April 22, 2019; Order (Doc. #449) filed April 5, 2019; Order (Doc. #410) filed February 12, 2019; Memorandum And Order (Doc. #390) filed January 24, 2019; Memorandum And Order (Doc. #380) filed January 18, 2019; Memorandum And Order (Doc. #346) filed December 10, 2018.

The Court orders that prior to filing future motions to seal, the parties engage in good faith efforts to resolve the issues without court intervention. The Court also advises counsel that in the event it overrules a future motion to seal based on the protective order, it may levy a personal sanction of up to $1000.00 on every attorney of record in this case. Fed. R. Civ. P. 11; D. Kan. Rule 11.1(c)(1); see White v. Gen. Motors Corp., 908 F.2d 675, 683 (10th Cir. 1990) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)) (primary purpose of Rule 11 sanctions is deterrence of baseless filings in district court); see also Scherer v. Washburn Univ., No. 05-2288-CM, 2006 WL 2920725, at *4 (D. Kan. Oct. 11, 2006) (warning imposition of sanctions for any future frivolous arguments); McNeal v. Zobrist, No. 04-2149-JAR, 2007 WL 121156, at *3 (D. Kan. Jan. 11, 2007) (sanctioning counsel to deter future frivolous filings).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Exhibits 2-3 Under Seal (Doc. #464) filed April 21, 2019 is **OVERRULED**.

Dated this 6th day of May, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge