# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., *et al.*, ) <br> ) <br>     Plaintiffs and ) <br>     Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> THE MADISON COMPANIES, LLC, *et al.*, ) <br> ) <br>     Defendants and ) <br>     Counterclaimants. ) | Case No. 15-4890-KHV |

## MEMORANDUM AND ORDER

This matter comes before the court on Defendants' Motion to Compel Production of Documents Identified on Plaintiffs' Privilege Log (ECF No. 470). By way of this motion, Defendants The Madison Companies, LLC and Horsepower Entertainment, LLC (collectively "Madison") seek production of communications between Plaintiffs Pipeline Productions, Inc., Backwood Enterprises, LLC, OK Productions, Inc., and Brett Mosiman's (collectively "Pipeline") litigation counsel and two witnesses whom Pipeline disclosed as both fact and non-retained expert witnesses. Madison seeks production of these documents on the grounds that (1) Pipeline did not comply with a prior court order, (2) these communications are not privileged, and (3) to the extent Pipeline's litigation counsel revealed work product to these witnesses, the disclosure waived any work-product protection.

As explained below, Madison has not raised any meritorious legal ground that would entitle Madison to the relief it seeks. Conversely, and presumably because Madison relies on inapposite legal standards, Pipeline fails to provide the court with the factual detail needed to resolve the dispute. Madison's motion is therefore denied without prejudice to refiling.

**I.     BACKGROUND**

Madison sought discovery related to (among many other things) two Pipeline witnesses—Todd Coder and AJ Niland. Pipeline's Rule 26 initial disclosures identified Messrs. Coder and Niland as potential fact witnesses. (ECF No. 470-4, at 2-3.) In addition, Pipeline served summary disclosures of their expected testimony pursuant to Rule 26(a)(2)(C) "out of an abundance of caution" to the extent their testimony is deemed expert testimony. (ECF No. 470-5, at 2-3.) Pipeline's disclosures stated that neither of them are retained experts or Pipeline employees who regularly provide expert testimony. (*Id.*) Madison served Pipeline with Request for Production ("RFP") Nos. 63 and 64, which sought "[a]ll documents Plaintiffs provided" to Messrs. Coder and Niland. (ECF No. 470-2, at 10.) Pipeline responded, objecting to RFP Nos. 63 and 64 as "seeking documents protected from disclosure by the work product doctrine." (*Id.*)

Madison previously moved to compel Pipeline to provide a privilege log for documents withheld in response to RFP Nos. 63 and 64. (ECF No. 364, at 14.) On March 21, 2019, U.S. Magistrate Judge K. Gary Sebelius granted the motion and ordered Pipeline to provide a privilege log. *See generally Pipeline Prods. v. The Madison Cos.*, No. 15-4890-KHV, 2019 WL 1304428, at *8 (D. Kan. Mar. 21, 2019). In doing so, the court identified the nine basic categories of information that judges in this District often state should be included on a privilege log, including an "evidentiary showing" as to certain categories of information. *Id.* at *8.

Pipeline has now provided this log for communications withheld as work product. The log reflects communications between and amongst Pipeline's litigation counsel, Messrs. Niland and Coder, and, in a few instances, Mr. Coder's attorney. (ECF No. 470-3.) The dates of these documents are well after this lawsuit was filed—between February 5 and December 18, 2018. (*Id.*) The descriptions refer to things like depositions, emails to opposing counsel, non-retained expert

witness disclosures, draft affidavits, subpoenas, phone calls, background materials, conference calls, other potential experts, and counsel for defendants. (*Id.*)

## II. MADISON RELIES ON INAPPOSITE "PRIVILEGE" LEGAL STANDARDS

One threshold issue is important to understanding the disconnect in the parties arguments—that is, Madison mischaracterizes Pipeline as withholding the subject documents on the grounds of "privilege" when, in fact, Pipeline withheld the documents as work product, not as attorney-client privileged. Pipeline tries to capitalize on this by arguing that Madison ignored this distinction; that Madison did not adequately meet and confer on the issue of work product; and that the court should therefore reject Madison's arguments for failure to meet and confer. The court disagrees that Madison's motion should be denied on that basis. The parties have had ample time and opportunity to meet and confer. However, the fact that they did not meaningfully confer explains the obvious disconnect that resonates throughout their briefing. Madison's attempt to blur the distinction between privilege and work product is fatal to the relief it seeks because Madison seeks relief on an incorrect legal basis.

Madison's motion rests almost wholesale on its argument that Pipeline's privilege log does not comply with the court's prior order. Madison focuses on that portion of the court's March 21 order that outlined the criteria that judges in this District have generally stated should be contained in a privilege log. *See Pipeline Prods. v. The Madison Cos.*, No. 15-4890-KHV, 2019 WL 1304428, at *8 (D. Kan. Mar. 21, 2019). In connection with that statement, Judge Sebelius recited that the party asserting privilege must make an evidentiary showing that: (1) the documents were "prepared in the course of adversarial litigation or in anticipation of litigation;" (2) "the subject of the communications within the document[s] relates to the seeking or giving of legal advice;" and (3) "that the documents do not contain or incorporate non-privileged underlying facts." *Id*. The

3

court noted that, based on the record at that time, Pipeline had included only a "terse statement" that the "requested documents contained communications between plaintiffs' attorneys and plaintiffs' fact and expert witnesses." *Id.* Because this was insufficient for the court to evaluate plaintiffs' privilege claims, the court compelled Pipeline to provide a privilege log. *Id.*

As the undersigned reads Magistrate Judge Sebelius's order, it appears he merely ordered Pipeline to provide a privilege log. And because Madison appears to have characterized the issue as requiring a "privilege log," it does not appear that Magistrate Judge Sebelius was aware of (or, at least, not focused on) the fact that the only claim at issue here is solely work product, not privilege. Work-product implicates different legal standards. For example, attorney-client privilege requires that the subject of the communications pertains to giving or seeking legal advice, but the work-product doctrine does not. *See In re Quest*, 450 F.3d at 1185-86. Furthermore, it does not appear that Magistrate Judge Sebelius was aware of (or, again, at least not focused on) the specific types of documents being withheld as work product—documents created by Pipeline's litigation counsel in the midst of ongoing litigation that appear to relate to the mechanics of the litigation (*e.g.*, depositions, expert witness disclosures, affidavits, subpoenas, etc.). At a high level, these documents appear to meet at least the basic elements of work product. *See* FED. R. CIV. P. 26(b)(3); *see also Hickman v. Taylor*, 329 U.S. 495, 509-11 (1947); *In re Quest Commc'n Int'l, Inc.*, 450 F.3d 1179, 1186 (10th Cir. 2006) (stating that courts interpret the work-product doctrine under both *Hickman* and Rule 26(b)(3)).

Madison also focuses on the court's March 21 order that recited the "evidentiary showing" required. Madison argues Pipeline's privilege log does not contain the "*evidentiary showing* based on *competent evidence* supporting any *privilege assertion*." (ECF No. 470, at 1 (emphasis in original), 2 (arguing Pipeline's privilege log "did not contain the ordered and required evidentiary

4

showing"), 4 ("this cannot be established without any evidence, yet not a single affidavit was provided by Plaintiffs" (emphasis in original)).)  But the proper inquiry is whether Pipeline made the showing necessary to support its work-product claim, not necessarily the format by which Pipeline makes the showing.  Here, the documents at issue were all created by the same attorney who signed Pipeline's response brief.  In this context, it makes little difference whether his representations are presented in an affidavit or in the brief itself.  *See* FED. R. CIV. P. 11(b) (outlining counsel's responsibility in making representations to the court in pleadings and briefs).  The court will not grant Madison's motion simply because Pipeline did not submit affidavits that would typically be more pertinent to an attorney-client privilege analysis than to the particular work-product claim at issue here.

### III. MADISON DOES NOT RELY ON ANY COGENT WORK-PRODUCT LEGAL STANDARD THAT WOULD ENTITLE IT TO THE RELIEF SOUGHT

Turning to the issue of work product, Madison argues Pipeline waived any work-product protection by disclosing the subject documents to two nonparties.  Again, Madison misplaces its focus on the legal standards for waiver of privilege, not work product.  "While voluntary disclosure waives the attorney-client privilege, it does not necessarily waive work-product protection." *United States v. Deloitte LLP*, 610 F.3d 129, 139 (D.C. Cir. 2010).  Rather, the court generally considers whether the voluntarily disclosure was "to an adversary or a conduit to an adversary[.]" *Id.* at 40; *see also In re Qwest*, 450 F.3d at 1186 (finding waiver where materials were sent to adversarial governmental agencies investigating the corporation).  As one commentator explained:

> While the attorney-client privilege is often treated as waived by any voluntary disclosure, only disclosures that are "inconsistent with the adversary system" are deemed to waive work-product protection.
> . . . .
> Most of the cases hold that disclosure to a potential adversary creates a waiver while a disclosure to someone who is not an adversary does not.  In this regard, waiver is not as categorical as it

>is in the context of the attorney-client privilege where, at least theoretically, any disclosure to someone not in the circle of confidentiality results in a waiver.

2 Edna Selan Epstein, *The Attorney-Client Privilege and the Work-Product Doctrine* 1286-91 (6th ed. 2017).

Madison's reliance on *Grace United Methodist Church v. City of Cheyenne* is likewise misplaced. 451 F.3d 643 (10th Cir. 2006). In that case, the court found waiver of work product because the plaintiff voluntarily produced a document to its adversary in litigation without any privilege assertion. *Id.* at 664, 668. Here, the issue is not whether Pipeline disclosed these documents to Madison, but rather the role of to whom Pipeline disclosed the communications at issue. Pipeline's disclosure of these communications to Messrs. Coder and Niland may have resulted in waiver, but neither party provides the court with enough detailed information about these individuals, their roles, or the extent to which they are aligned with Pipeline.[1]

Madison also argues the work-product doctrine was never meant to protect communications between counsel and fact witnesses. But Madison's opening brief cites no legal authority for this proposition. Instead, Madison's first citation to case law on this issue is buried in a footnote in its reply brief. (ECF No. 483, at 3 n.3.) Madison's failure to raise any applicable legal framework in its opening brief deprived Pipeline of notice and a fair opportunity to respond to this issue. This issue deserves more detailed briefing from both sides.

Lastly, Madison argues that emails or texts from Messrs. Coder or Niland to opposing counsel could not be work product because Messrs. Coder and Niland are not attorneys. But work-product protects materials prepared in anticipation of litigation or for trial "by **or for** another party

---

[1] The court limited Madison's opening brief and Pipeline's response brief to ten pages. Notably, both sides submitted briefs shorter than what was allowed.

6

**or its representative (including the other party's attorney** . . .)." FED. R. CIV. P. 26(b)(3) (emphasis added). The central theme of work-product is to protect the role of the attorney in the adversarial process from intrusion by the adversary. 2 Epstein, *supra*, at 1189. "In modern litigation, many attorney tasks can be performed by nonlawyers acting on the attorney's behalf and at the attorney's direction." *Id.* So work product is not as limited as Madison suggests. Regardless, to the extent that Pipeline logged communications from Messrs. Coder and Niland, those documents do not appear to be responsive because the RFPs at issue are limited to documents "provided by [Pipeline]" to Messrs. Coder and Niland. Pipeline has therefore complicated this matter by logging communications that are not responsive to the RFPs at issue, and the court directs Pipeline to remove these documents from the privilege log.

## IV. CONCLUSION

For these reasons, the court denies Madison's motion to compel without prejudice to refiling. By **May 23, 2019**, Pipeline shall serve an amended privilege log containing entries for only those documents responsive to RFP Nos. 63 and 64. The court encourages the parties to meet and confer thereafter. To the extent Madison wishes to renew its motion, it is granted leave to file a renewed motion to compel on or before **May 31, 2019**. Its memorandum in support is limited to five pages. Pipeline's response is due on or before **June 7, 2019**, and its response brief is also limited to five pages. Madison's reply brief is due on or before **June 11, 2019**, and is limited to two pages. Any subsequent briefing shall be limited solely to the issues of whether: (1) the work-product doctrine applies to these types of communications, and (2) whether Pipeline's disclosure to Messrs. Coder and Niland waived work-product protection.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Production of Documents Identified on Plaintiffs' Privilege Log (ECF No. 470) is denied without prejudice as set forth above.

**IT IS SO ORDERED.**

Dated May 14, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge