EXHIBIT 590

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., | ) | |
| BACKWOOD ENTERPRISES, LLC, | ) | |
| OK PRODUCTIONS, INC., and | ) | |
| BRETT MOSIMAN, | ) | |
| | ) | Case No. 5:15-cv-04890-KHV-KGS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE MADISON COMPANIES, LLC, and | ) | |
| HORSEPOWER ENTERTAINMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES

Plaintiffs hereby disclose the following persons that they may use to present evidence at trial under Federal Rules of Evidence 702, 703 and/or 705. These disclosures are made pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Court's Scheduling Order and amendments in this case.

## NAMES OF EXPERT WITNESSES

1.     Steven York will provide expert testimony in this matter with respect to valuation of Plaintiffs' music festival business and the substantial losses they suffered. His written report, which conforms to all the requirements of Rule 26(a)(2)(B), is attached as <u>Exhibit 1</u>.

2.     AJ Wasson will provide expert testimony in this matter with respect to the live music industry, the effect of the cancellation of the Thunder on the Mountain music festival ("Thunder") on Plaintiffs' music festival business, and valuation of Thunder. His written report, which conforms to all the requirements of Rule 26(a)(2)(B), is attached as <u>Exhibit 2</u>.

**NAMES OF FACT WITNESSES TO BE CALLED FOR EXPERT TESTIMONY**

3.      Todd Coder is not a retained expert, nor is he an employee of Plaintiffs who regularly provides expert testimony. He is a veteran of the live music industry who has booked bands for approximately 20 years. Mr. Coder is a fact witness in this matter because he booked artists such as Carrie Underwood and the Zac Brown Band for Thunder 2015. Plaintiffs are providing this summary disclosure for Mr. Coder out of an abundance of caution to the extent any of his testimony is deemed expert testimony. They anticipate he will testify about the deposits that promoters are required to pay to book bands, as well as how deposit amounts are dramatically increased for promoters after cancelled events, when testifying about deposits paid in this case, Mr. Mosiman's ability to book bands for festivals after the cancellation of Thunder, and the effect the cancellation of Thunder had on Plaintiffs' music festival business. Plaintiffs anticipate that Mr. Coder will base this testimony on his experience booking bands and his history of dealing with promoters who have cancelled events. They also anticipate that Mr. Coder may testify about industry standards for reimbursing fans who purchased tickets for events that are cancelled when testifying about unpaid artists, ticketholders and vendors in this case. Plaintiffs anticipate he will base this testimony on his experience dealing with the aftermath of cancelled events.

4.      AJ Niland is not a retained expert, nor is he an employee of Plaintiffs who regularly provides expert testimony. He is a veteran of the live music industry who has created, produced and marketed several highly regarded music festivals. Mr. Niland is a fact witness in this matter because he discussed music festival joint ventures with Defendants and witnessed the fallout from the cancellation of Thunder when Defendants backed out. Plaintiffs anticipate that Mr. Niland will testify about his experience in the music festival business, which includes cancellation of his own

Pemberton music festival after investors backed out, when testifying about the effect that Thunder's cancellation had on Plaintiffs' music festival business.

Plaintiffs are submitting these disclosures despite that fact that Defendants have obstructed discovery in this case and continue to do so. They reserve the right to supplement if and when Defendants provide additional information pursuant to their discovery obligations and/or this Court's orders.

Dated:          September 19, 2018                    Respectfully submitted,

|  | |
|---|---|
| | **MCINNES LAW LLC**<br>By: */s/ Jack McInnes*<br>Jack McInnes (KS #21898)<br>Joel Cochran (KS #28015)<br>3500 West 75th Street, Suite 200<br>Prairie Village, Kansas  66208<br>Telephone: (913) 220-2488<br>Facsimile: (913) 273-1671<br>jack@mcinnes-law.com<br>joel@mcinnes-law.com<br><br>**ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September 2018, a true and correct copy of the foregoing document was served on counsel for Defendants via email.

By: */s/ Jack McInnes*