# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., et al., | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | No. 15-4890-KHV |
| THE MADISON COMPANIES, LLC, et al., | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

Among other affirmative defenses, defendants claim that the economic loss doctrine bars some of plaintiffs' tort claims. See Amended Pretrial Order (Doc. #660) filed November 15, 2019; see also Basis For Defendants' Counter-Claims & Affirmative Defenses (Doc. #790) filed January 30, 2020.

Kansas courts have adopted the economic loss doctrine, which "sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Freedom Transportation, Inc. v. Navistar Int'l Corp., No. 18-02602-JAR, 2019 WL 4689604, at *23 (D. Kan. Sept. 26, 2019), motion to certify appeal denied, No. 18-02602-JAR, 2020 WL 108670 (D. Kan. Jan. 9, 2020). The doctrine prevents parties "from asserting a tort remedy in circumstances governed by the law of contracts." BHC Dev., L.C. v. Bally Gaming, Inc., 985 F. Supp. 2d 1276, 1287 (D. Kan. 2013) (citations omitted). In effect, this means that plaintiffs cannot recover under tort theories when their claims are actually based in contract. In other words, if plaintiffs' claim arises under the contract – "as opposed to an independent duty arising by operation of law" – plaintiffs cannot assert tort claims to recover economic damages. Rand Const. Co. v. Dearborn Mid-W. Conveyor Co., 944 F. Supp. 2d 1042, 1062 (D. Kan. 2013);

see Andrewjeski v. Bimbo Foods Bakeries Distribution, LLC, No. 18-2425-KHV, 2019 WL 2250068, at *13 (D. Kan. May 24, 2019). To determine whether a claim arises in tort or in contract, Kansas courts look to "the nature and substance of the facts alleged in the pleadings." Id. (citations omitted). A contract claim is "the failure to perform a duty arising from a contract," while a tort claim is "the violation of duty imposed by law, independent of the contract." Id. (citations omitted). The fact that the parties have a contractual relationship, however, "does not necessarily control the inquiry because legal duties may arise even though the parties also have a contract." Id. (citations omitted). Accordingly, where a contractual relationship exists between the parties and "at the same time a duty is imposed by or arises out of circumstances surrounding or attending the transaction, the breach of the duty is a tort." Id. (economic loss doctrine does not bar tortious interference claims that arise under independent legal duties – not under contract).

Here, Backwood and Pipeline both seek to recover economic damages under breach of contract, breach of fiduciary duty and tortious interference theories. The breach of fiduciary duty claims allegedly arise under the contract into which the parties entered to partner in the production of the Thunder festival.[1] That is, the fiduciary duty only exists by virtue of the contract itself, which allegedly established a joint venture. Thus, the breach of fiduciary claims apparently are not "independent of the contract," and the economic loss doctrine would appear to bar these claims.

---

[1] Pipeline asserts breach of fiduciary duty claims against both Horsepower and Madison. Likewise, Backwood asserts breach of fiduciary duty claims against both Horsepower and Madison. For all of the breach of fiduciary claims, plaintiffs allege that defendants breached their duties by trying to force plaintiffs to accept a different deal, suing them and threatening further litigation if they did not sign certain agreements, sending defamatory letters to artist agencies and stealing plaintiffs' employees.

The Court therefore orders Backwood and Pipeline to show cause in writing by 10:00 P.M. on Friday, January 31, 2020 why the Court should not hold that as a matter of law, the economic loss doctrine bars all of their claims for breach of fiduciary.

**IT IS SO ORDERED.**

Dated this 31st day of January, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge