## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-4890-KHV |
| | ) | |
| THE MADISON COMPANIES | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendanst. | ) | |

## ORDER and REPORT AND RECOMMENDATION

### NOTICE

Within fourteen (14) days after being served with a copy of this Report and

Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2),

may file written objections to this Report and Recommendation.  A party must file any

objections within the fourteen-day period if that party wants to have appellate review of the

proposed findings of fact, conclusions of law, or recommended disposition.  If no objections

are timely filed, no appellate review will be allowed by any court.

### Order

On January 31, 2020, U.S. Magistrate Judge Teresa J. James reconvened the Final

Pretrial Conference in this case. Plaintiffs Pipeline Productions, Inc. ("Pipeline") and

Backwood Enterprises, LLC ("Backwood") appeared through counsel Jack D. McInnes and

Anthony W. Bonuchi. Defendants The Madison Companies, LLC ("Madison") and

Horsepower Entertainment, LLC ("Horsepower") appeared through counsel Benjamin D.

Scheibe and Timothy A. Shultz. Throughout the course of the proceedings, the Court

questioned counsel, examined and accepted as exhibits documents proffered by the parties, and made oral rulings. At day's end, the Court entered the Second Amended Pretrial Order (ECF No. 795).

The Court enters this Order and Report and Recommendations to memorialize the January 31, 2020 oral rulings and findings of Magistrate Judge James, as announced in court and on the record.

At the direction of District Judge Kathryn H. Vratil, the undersigned Magistrate Judge conducted the proceedings to address issues raised by Judge Vratil in two orders to show cause she issued on January 28, 2020, and to enter a Second Amended Pretrial Order. See Order to Show Cause (ECF No. 779) and Supplemental Order to Show Cause (ECF No. 785). The subject of the orders to show cause focused primarily on Sections 4 and 5 of the Amended Pretrial Order (ECF No. 660), i.e., the Legal Claims and Defenses, and Damages and Non-Monetary Relief Requested, respectively, of both Plaintiffs and Defendants.

The Court focused first on Defendants' counterclaims, affirmative defenses, and damage claims. Consistent with their response to the Supplemental Order to Show Cause (ECF No.790), Defendants agreed to withdraw Madison's counterclaims. Defendants also agreed to limit Horsepower's counterclaims to Counter-Defendants Pipeline and Backwood, and not assert them against other Counter-Defendants who are parties to severed claims. Additionally, Horsepower modified its damage claims to make clear that it is not seeking to recover attorneys fees. And Defendants suggested the more thorough descriptions included in their response to the Supplemental Order to Show Cause should replace Horsepower's counterclaims and affirmative defenses that had appeared in the Amended Pretrial Order. Plaintiffs agreed the new language did not appear to include any new counterclaims or

affirmative defenses. The Court informed the parties that Defendants' suggested changes and additions would appear in the Second Amended Pretrial Order.

The Court next focused on Plaintiffs' actual damages claim in the lump sum amount of $12,001,267 as shown in the Amended Pretrial Order (ECF No. 660 at Section 5.a.), and sought clarification of the claimed damages for each specific claim by each Plaintiff. The Court questioned Plaintiffs regarding whether they had timely disclosed to Defendants all of their categories of claims and damages. Plaintiffs argued they had timely disclosed all claims and damages listed in the tables they filed in response to the Order to Show Cause. (ECF Nos. 791-1, 791-2, 791-3 and 791-4). Defendants argued Plaintiffs had not made such disclosures. Following lengthy questioning by the Court and arguments from Plaintiffs and Defendants, the Court recessed and ordered the parties to gather and submit record evidence to support their arguments. Based on its review of the record, the arguments of counsel and the record evidence provided by the parties (Plaintiffs' Ex. 1 and Defendants' Ex.1), for the reasons stated on the record, the Court found that Plaintiffs had failed to timely disclose their computations of certain categories of damages in accordance with Fed. R. Civ. P. 26(a) and (e). Pursuant to the Court's authority under Fed. R. Civ. P. 37(c), the Court deleted from the Amended Pretrial Order the following categories of Plaintiffs' damage claims:

Backwood:

- Loss of a 49% interest in the joint Thunder festival, in the amount of $3.116 million

- Lost profits of $3.356 million over seven years

- Consequential damages consisting of (a) $1.45 million in losses and debts Backwood incurred when Thunder festival failed, (b) $660,000 in monies Backwood owed in debts incurred to Mosiman, and (c) minimum of $400,000 Backwood owes under settlement in Arkansas class action

Pipeline:

- $230,000 in unreimbursed overhead and expenses incurred by Pipeline on Thunder festival

Finally, the Court addressed the viability of Plaintiffs' breach of contract claim against Madison. Unlike the damages issues where Magistrate Judge James had considered and ruled certain categories of Plaintiffs' damages stricken for failure to comply with Plaintiffs' duty to disclose, consideration of the breach of contract claim focused on whether Plaintiffs could proceed to trial on the claim as a matter of law. As directed by Judge Vratil, Magistrate Judge James considered this issue, including all documents Plaintiffs offered in support (Plaintiffs' Ex. 1), and found Plaintiffs had failed to show that Madison was a party to the alleged oral agreement which is the basis of Plaintiffs' breach of contract claim against Madison and Horsepower.

## Recommendation

For the reasons stated on the record, the Court concluded that Plaintiffs' breach of oral contract claim against Madison should be dismissed. Plaintiffs objected to dismissal of the claim, arguing it was not an appropriate matter to rule in a supplemental Final Pretrial Conference on the eve of trial. Instead, Plaintiffs argued, dismissal of a claim is an issue that should have been fully considered and ruled in the parties' summary judgment briefing. Having addressed the issue at the direction of District Judge Vratil, Magistrate Judge James recited her conclusion and the reasons therefor in open court and on the record. For the reasons stated on the record, Magistrate Judge James issues this report and recommends dismissal of Plaintiffs' breach of oral contract claim against Madison.

Dated this 7th  day of February, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge