IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIPELINE PRODUCTIONS, INC., et al., )
)
                                 Plaintiffs, )    CIVIL ACTION
)
v. )    No. 15-4890-KHV
)
THE MADISON COMPANIES, LLC, et al., )
)
                                 Defendants. )
)

## ORDER

On January 9, 2020, while partially granting defendants' motion for summary judgment, the Court found that Brett Mosiman was no longer a plaintiff in the case, so he had no claims for damages to recover amounts which he had allegedly incurred as personal debt. Memorandum And Order (Doc. #735) at 25. The Court also held that Pipeline Productions, Inc. and Backwood Enterprises LLC could not recover for his personal debts. Id. On January 23, 2020, plaintiffs filed their Motion To Reconsider Portions Of Court's Order (Doc. 735) Granting In Part Defendants' Motion For Summary Judgment (Doc. #761). In that motion, plaintiffs ask the Court to clarify the scope of its order on Mosiman's personal debts. Specifically, Pipeline and Backwood assert that they should be able to recover items of debt or loss that they incurred, "notwithstanding how those items were characterized in York's now excluded report." Plaintiffs refer to the Steven York Report (Doc. #761-1) filed January 23, 2020, which characterized specific amounts as personal debt which Mosiman was required to assume.[1]

---

[1] The amounts as to which plaintiffs sought reconsideration were listed in York's report as follows: $112,251 for "TSYS," $42,850 for "Thunder vendors," $832,027 for "Thunder ticketing refunds" and $172,500 for "Pipeline overhead." See Steven York Report (Doc. #761-1) at 2.

Plaintiffs' motion is now moot. On January 31, 2020, U.S. Magistrate Judge Teresa J. James entered a Second Amended Pretrial Order (Doc. #795), which specifies plaintiffs' damage claims for each substantive cause of action. As best the Court can ascertain, these damage claims do not include the specific amounts at issue in plaintiffs' motion to reconsider.[2]

Furthermore, during trial, the Court has devoted vast amounts of time and energy to the question of what types and amounts of damages are available to plaintiffs. The Court has not categorically rejected any type or amount of damages on the ground that York previously characterized it as a debt or loss that Mosiman was required to personally assume.

Plaintiffs' damage claims have been the paradigmatically moving target, and plaintiffs have had multiple chances to iterate, re-iterate and re-re-iterate their damage claims. E.g., Id.; Steven York Report (Doc. #761-1); Amended Pretrial Order (Doc. #660) filed November 15, 2019; Plaintiffs' Response To Show Cause Order (Doc. #791) filed January 30, 2020. After days of uninterrupted opportunity to make their best case on their theories and amounts of damages, they have almost entirely failed to satisfy the two relevant threshold inquiries: (1) whether they breached their duties to initially disclose a computation for each category of damages claimed under Rule 26(a)(1)(A)(iii) and to supplement those computations

---

[2] The damage claims in the second amended pretrial order are $750,000 pursuant to the contract, $80,000 for seven years pursuant to the contract, $4,500 to retrain and rehire replacement employees, $700,000 in lost sponsorships, $1.4 million "for the cost of the sponsorship obtained by Sprocket for Thunder over seven years" and $1.5 million "for lost investment in Thunder." Second Amended Pretrial Order (Doc. #795) filed January 31, 2020 at 30-31. The computations which underlie some of these numbers is unclear because plaintiffs never disclosed their damage calculations in compliance with Rule 26(a)(1)(A)(iii), Fed. R. Civ. P. The numbers in the second amended pretrial order apparently do not include the specific expenses at issue in plaintiffs' motion to reconsider. Because the second amended pretrial order controls the course of plaintiffs' damage claims, it moots their request to pursue the damages itemized in Footnote 1.

under Rule 26(e), Fed. R. Civ. P.; and (2) whether notwithstanding said breach, they should be allowed to testify about their damage computations at trial.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To Reconsider Portions Of Court's Order (Doc. 735) Granting In Part Defendants' Motion For Summary Judgment (Doc. #761) filed January 23, 2020 is **OVERRULED as moot**.

Dated this 7th day of February, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3] On January 30, 2020, four days before trial, plaintiffs responded to the Court's Order To Show Cause (Doc. #779) filed January 28, 2020, and outlined their damage claims for each substantive cause of action. See Plaintiffs' Response To Show Cause Order (Doc. #791). Under the breach of contract claim, Backwood sought $750,000 pursuant to the contract, $6,360,000 for lost value of the Thunder festival, $3,356,000 in lost profits and $2,510,000 in consequential damages. On the breach of contract claim, Pipeline sought $80,000 annually for seven years, for a total of $560,000, and $230,000 in consequential damages. On the breach of fiduciary duty claim, Backwood sought $750,000 pursuant to the contract, $6,360,000 for lost value of the Thunder festival, $3,356,000 in lost profits and $2,510,000 in consequential damages. On the breach of fiduciary duty claim, Pipeline sought $80,000 annually for seven years, for a total of $560,000, $230,000 in consequential damages and punitive damages. On the tortious interference claim, each plaintiff claims $4,500 to replace or retrain employees, $1,400,000 in lost sponsorships for Thunder, $700,000 for lost sponsorships for Pipeline, $1,500,000 in lost investment in Thunder and punitive damages.

Plaintiffs had not previously disclosed any computations regarding the source of these amounts, and they made no serious attempt to establish that their violation of Rule 26(a)(1)(A)(iii) was substantially justified or harmless, and that they therefore should be allowed to put those claims into evidence. Fed. R. Civ. P. 37(c)(1).